No. 23-12350

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

SYED IBRAHIM HUSSAIN, et., al.
Plaintiffs/Appellants

v.

H. JAMES STADELMAN, et., al.
Defendants/Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
Orlando Division

6:22-CV-1886-CEM

_____

**APPELLANTS' EMERGENCY MOTION FOR DECLARATORY RELIEF, 60-DAY STAY, RENEWAL TO FILE REPLY BRIEF, WAIVED RESENDING OF PAPER APPENDIX, AND PRESERVATION OF RECORD, BY EXTRAORDINARY CIRCUMSTANCES AND PER EXCUSABLE NEGLECT**

_____

SYED I. HUSSAIN
3155 Wavering Lane
Middleburg, FL 32068
mms-renovation@outlook.com

SYED M. B. HUSSAIN
1456 Via Sangro Place
Winter Park, FL 32792
baqrehabalt@yahoo.com

SYEDA S. HUSSAIN
1456 Via Sangro Place
Winter Park, FL 32792
daughterofamerica12.25.21@gmail.com

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellants certify that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1.　Alliance for Justice, *Related Party*

2.　Allied Command Operations (ACO), *Related Party*

3.　Allied Command Transformation (ACT), *Related Party*

4.　American Association of Retired Persons, *Related Party*

5.　American Bar Association, *Related Party*

6.　Banker Lopez Gassler P.A., *Attorneys for Defendant/Appellee*

7.　Bloom, Jonathan, *Defendant/Appellee*

8.　Brennan Center for Justice, *Related Party*

9.　Bureau for Humanitarian Assistance, *Related Party*

10.　Burr & Forman LLP, *Attorneys for Defendants/Appellees*

11.　Cato Institute, *Related Party*

12.　Center for Constitutional Rights – *Related Party*

13.　Center for Public Integrity – *Related Party*

14.　Central Intelligence Agency – Homeland Security Mission Center (HSMC) – *Related Party*

15.　Department of Justice – Disability Rights Section – *Related Party*

16.  Department of Justice – Civil Rights Division – *Related Party*

17.  European Union, *Related Party*

18.  Families Civil Liberties Union (FCLU) – *Related Party*

19.  Family Medicine & Rehab, Inc., *Appellee*

20.  FBI – Critical Incident Response Group – *Related Party*

21.  FBI – Public Corruption Campaign – Florida – *Related Party*

22.  FBI – Real Property Fraud – Criminal Investigative Division (CID) – *Related Party*

23.  FBI – Real Property Fraud – Financial Crimes Section - *Related Party*

24.  FBI – Real Property Fraud – Financial Institution Fraud Unit (FIFU) – *Related Party*

25.  Federal Emergency Management Agency – *Related Party*

26.  Federalist Society – *Related Party*

27.  Florida Department of Business and Professional Regulation – *Related Party*

28.  Freedom House, *Related Party*

29.  Front Line Defenders, *Related Party*

30.  Gassler, Frank H., *Attorney for Defendant/Appellee*

31.  Global Health Advocates, *Related Party*

32.  Global Rights, *Related Party*

33.  Global Witness, *Related Party*

34.   Guex, Brian, *Plaintiff/Appellant*

35.   Guex, Roselene, *Plaintiff/Appellant*

36.   Gunn, V., L. Delton, *Attorney for Defendant/Appellee*

37.   Health Action International, *Related Party*

38.   House Committee on Homeland Security – Counterterrorism, Law

      Enforcement, and Intelligence – *Related Party*

39.   House Committee on Homeland Security – Emergency Management and

      Technology – *Related Party*

40.   House Oversight and Reform Committee – *Related Party*

41.   Human Rights Foundation, *Related Party*

42.   Human Rights Watch, *Related Party*

43.   Hussain, Syeda Sara, *Plaintiff/Appellant*

44.   Hussain, Syed Ibrahim, *Plaintiff/Appellant*

45.   Hussain, Syed Muhammad Baqir, *Plaintiff/Appellant*

46.   Hussain, Syed Sajid, *Defendant/Appellee*

47.   Infrastructure Security Partnership (TISP), *Related Party*

48.   International Commission of Jurists, *Related Party*

49.   International Federation of the Red Cross and Red Crescent Societies,

      *Related Party*

50.   International Federation for Human Rights (FIDH), *Related Party*

51.    International Rehabilitation Council for Torture Victims (IRCT), *Related Party*

52.    Interpol, *Related Party*

53.    Interval Title Services, Inc., *Defendant/Appellee*

54.    Jacksonville Affordable Contracting, LLC, *Related Party*

55.    John F. Kennedy Library Foundation, *Related Party*

56.    Judicial Watch, *Related Party*

57.    Jupiter Properties, Inc., *Defendant/Appellee*

58.    L'Institut Pasteur, *Related Party*

59.    Lawyers' Committee for Civil Rights Under Law – *Related Party*

60.    Marks, Howard S., *Attorney for Defendant/Appellee*

61.    Médecins Sans Frontières, *Related Party*

62.    Mendoza, Hon. Carlos E., *U.S. District Judge*

63.    Muneer, Khalid – *Defendant/Appellee*

64.    National Center on Elder Abuse – *Related Party*

65.    National Clandestine Service – *Related Party*

66.    National Institute on Aging – *Related Party*

67.    National Lawyers Guild (NLG) – *Related Party*

68.    National Organization for Victim Assistance –*Related Party*

69.    National Security Branch of the FBI – *Related Party*

70.    Nobel Foundation – *Related Party*

71.    North Atlantic Treaty Organization – *Related Party*

72.    Office of the Director of National Intelligence – *Related Party*

73.    Office of Global Analysis – *Related Party*

74.    Pharmaceutical Accountability Foundation – *Related Party*

75.    PhRMA – *Related Party*

76.    Physicians for Human Rights – *Related Party*

77.    Price, Hon. Leslie Hoffman, *U.S. Magistrate Judge*

78.    Prime International Properties Clay, LLC, *Defendant/Appellee*

79.    Prime International Properties Duval, LLC, *Defendant/Appellee*

80.    Prime International Properties, LLC, *Defendant/Appellee*

81.    Public Citizen, *Related Party*

82.    Reason Foundation, *Related Party*

83.    Reporters Sans Frontières, *Related Party*

84.    Réseau International des Droits Humains (RIDH)

85.    Saint Catherine's Catholic Church Orange Park, *Related Party*

86.    Secours Populaire Français, *Related Party*

87.    Senate Homeland Security and Governmental Affairs Committee – *Related Party*

88.    Senate Judiciary Committee – *Related Party*

89.   Sessions, II, Jerry Ladelle – *Defendant/Appellee*

90.   Stadelman, H. James – *Appellee*

91.   State-Federal Catastrophic Disaster Response Working Group – *Related Party*

92.   Thakrar, Sheena A. – *Attorney for Defendant/Appellee*

93.   Torture Abolition and Survivors Coalition International (TASSC) – *Related Party*

94.   Transparency Life Sciences, *Related Party*

95.   Transparency International, *Related Party*

96.   United Nations Office on Drugs and Crime – *Related Party*

97.   United Nations Office on Genocide Prevention and the Responsibility to Protect (OSAPG), *Related Party*

98.   United Nations Office of the High Commissioner for Human Rights (OHCHR) – *Related Party*

99.   Walter Reed National Military Medical Center – *Related Party*

100.  White-House-led Atrocity Task Force – *Related Party*

## CORPORATE DISCLOSURE STATEMENT

To Appellants' knowledge, there are no entities whose publicly-traded stock, equity, or debt may be substantially affected by the outcomes of this petition.

Respectfully submitted this 18th of April 2025.

/s/ *Syed I. Hussain*
_____
SYED IBRAHIM HUSSAIN
3155 Wavering Lane
Middleburg, FL 32068
mms-renovation@outlook.com

By our individual signatures below, we Co-Appellants affirm in our

individual capacities that, to our knowledge, the list of interested persons and the

Corporate Disclosure Statement depicted above are accurate and complete.

/s/ *Syeda S. Hussain*
_____
SYEDA SARA HUSSAIN
1456 Via Sangro Place
Winter Park, FL 32792
daughterofamerica12.25.21@gmail.com

/s/ *Syed M. B. Hussain*
_____
SYED MUHAMMAD BAQIR HUSSAIN
3155 Wavering Lane
Middleburg, FL 32068
baqrehabalt@yahoo.com

# IN THE UNITED STATES COURT OF APPEALS FOR THE

# ELEVENTH CIRCUIT

## Case No. 23-12350

## SYED IBRAHIM HUSSAIN, et al., Appellants,

v.

## H. JAMES STADELMAN, et al., Appellees.

## APPELLANTS' EMERGENCY MOTION FOR DECLARATORY RELIEF, 60-DAY STAY, RENEWED TIME TO REPLY, WAIVER OF RULE 30(e) SERVICE REQUIREMENT, AND PRESERVATION OF RECORD DUE TO EXTRAORDINARY CIRCUMSTANCES AND PER EXCUSABLE NEGLECT

Appellant Syed Ibrahim Hussain ("Mr. Ibrahim"), joined for relief sought by Appellants Syed Muhammad Baqir Hussain ("Mr. Baqir") and Syeda Sara Hussain ("Ms. Sara"; all three collectively "Appellants"), moves this Court Pro Se under **Fed. R. App. P. 26(b), 27, 30(e),** and **11th Cir. R. 42-2(e)** for emergency relief grounded in **constitutional necessity**.

This motion follows a 1300-day siege of procedural sabotage, suppression, and interference for 7 months. It has worsened obstructions to 45 cases vital to justice, rights, and public safety, from what were originally 13. (**Appx. 465, 339**)

Appellants drafted this motion amid threat, collapse, and in the wake of a retaliation campaign that persists. Appellants respectfully request the following relief:

**RELIEF REQUESTED**

1. **Emergency Declaratory Relief**

A judicial declaration that from August 2024 to March 2025, Appellants were cut off from due process by clerk-level obstruction, in violation of First and Fourteenth Amendment. That this imposed prior restraints, and worsened harms to health, livelihood, reputation, and safety. That no adverse consequence, inference, or enforcement may arise from delays or omissions traceable to that misconduct. That Appellants retain the right to pursue full redress.

2. **Stay of Proceedings (60 Days).**

A 60-day stay of all proceedings to: (1) restore critical life-stability factors; (2) inventory ongoing injuries, (3) investigate Appellees' brief for any novel contents being instigatory, as Appellants are in a worsening cascade of **obstructive, eliminatory, retaliatory, and even**

***murderous*[1] systemic interference**; (4) restore sufficient motion practice; and (5) supplement the Appendix if needed.

### 3. **Excusable Renewal of Reply Brief Deadline.**

A reset of the reply brief deadline, per excusable neglect due to systemic assault, incapacitation, indigency, attorney compound[2] abandonment. On December 13th and 20th, in 2024, along with March 14, 2025, Mr. Ibrahim survived three attempts on his life while trying to also save his daughter from another (**Exhibits 3 & 4**).

### 4. **Waiver of Rule 30(e) Paper Service**

Given prior judicial approval, current indigency, and the impracticality of

---

[1] **Three acts of 2nd degree Attempted Murder**, per Fla. Stat. § 782.04(d) upon Mr. Ibrahim (evidentiary vitality "America One"); on December 13th by an ▉▉▉▉ and another by an ▉▉▉ on March 14, 2025, which caused serious, ▉▉▉▉▉▉▉ injury to ▉▉▉▉ Detache AC ▉▉▉ authorized ▉▉▉ ▉▉▉▉ This was during the Clerk blockade from the Judges of this Court **(Exhibit 1 and 2)**, having dismissed the case, leading to many attacks on America One, including a third attempted murder by 4 SSA employees, and an OIG on December 20th **(Exhibit 3)**, while Mr. Ibrahim was yet scrambling to save his daughter from being killed by a Florida toll agency. May those who put **God, family, and country** first take heart…"**America One" (Exhibit 4) is _alive_.** And thankfully, ▉▉▉▉ too survived.

[2] Abandons outright later only to find he had not done the first step for which he was hired – acquire a full copy of Mr. Ibrahim's SSDI/SSI Applications, thus putting both that application and the benefits in full jeopardy.

printing multiple copies while under survival conditions, Appellants request waiver of physical appendix mailing under **Fed. R. App. P. 30(e)**.

5. **Preservation of Evidence**

A Court order directing preservation of Clerk's Office communications, staff actions, and all procedural activity linked to the August 2024 – March 2025 blockade.

6. **Other Relief**

Any additional relief this Court deems just, necessary, or required to restore the rule of law or end the quiet war that nearly buried truth itself.

### PREAMBLE AND STATEMENT OF PUBLIC AND NATIONAL EMERGENCY

For over 1300 days, Appellants have been subjected to an unrelenting campaign of judicial obstruction, personal devastation, and systemic acts of syndicate anarchy. This has resulted in the violation of their civil rights, constitutional protections, human rights, and dignity. The Appellants have been lawlessly impoverished, tortured, tormented, robbed, and dispossessed of their homes and employment **(A-29, A-113, A-143, A-151, A-165, A-179, A-191).** Their businesses, earned income, banking access, and personal identity have been stripped away. The federal district court has played an active role in obstructing justice by preventing Mr. Ibrahim from testifying in over 45 cases that were originally 13 **(Appx**

**471–481)** vital to restoring his father, himself, the rest of his family, addressing his disabilities, as well as to public safety and national integrity.

The situation has escalated to a point where an initially containable corruption network has evolved to 25 times larger than when initially filing with the district court. The district court's actions have led to over 470,000 preventable casualties (**A-143, Exhibit 9**) since 2021, arising from the failure to restrain the RICO actors within the case so that the institutional ones could be addressed. This has risen in scale to a threat to the rights and safety of millions, the national security of the U.S. and 12 allies, and the ability of citizens to rely on due process and constitutional protections (**Appx. 465**).

Appellants are not basing their request for relief on speculation but on **admitted, self-certifying, sworn, testifiant[3] and uncontested** evidence (**A-439**). Despite presenting such evidence even as to themselves, the district court created a crisis that ever since has threatened their constitutional rights, the rule of law, ruptured 13 live criminal investigation *transmissions* (**Appx. 480-481)**, public safety at large with ongoing casualties and heists of families, and has amplified the corruption brought before it initially to a level endangering the national integrity and security

---

[3] Equivalent to "Verified"

of the United States and nearly 12 allied nations. The stakes are too great to ignore, whether taken individually or for yet no one can, due to the district court's action, even *replace*. It thus demands immediate and decisive action to restore justice and uphold the rule of law.

## SYSTEMIC OBSTRUCTIONS, STRUCTURAL COLLAPSE OF LAW, AND ONGOING AND IRREPARABLE CONSTITUTIONAL HARMS

Appellants are *False Claims* Act, counterterrorism, and public corruption whistleblowers (**Exh. 19, Appx 450, 415, 205, 118, 49)**. They also are crime-witness victims of countless RICO offenses.

The Clerk's blockade **(August 12, 2024 through March 3, 2025),** harmed Appellants' rights and narrative before the Court, their standing, credibility, support, and ability to dissuade harm in the one venue where Appellants' free speech rights yet existed. The Clerk blockade thus worsened the district court's prior obstruction of justice (***Appx. 465)*** despite admitted facts (***Appx. 439, 268)*** before it, thus making Appellants continue to suffer the horror below[4]:

---

[4] Limited-scope review not rising to representation under ABA F.O. 07-446 as to "Vinson-Dane" (D.C.), "SP1" (D.C.), "SP2" (TX), "SP3" (GA), "SP4" (FL), "Vidro (int. ref.)" (VA), "Rainshow (int. ref.)" (VA). Solely clerical & disability assistance by ███ (Walter-Reed).

## 1. Stripping of Assets

Appellants were deprived of their business holdings, financial accounts, identities, and homes thru fraud, leaving them destitute and stripped of the ability to survive or seek redress. *[Appx. 305, 439, 465; Exh. 6; Rollins v. Wackenhut Servs., Inc., 703 F.3d 122 (11th Cir. 2012)]*

## 2. Disability by Attack

Appellants have been hunted, targeted, and psychologically tortured, inflicting lasting harm and disability thru assault under periods of blocked judiciary access. ***[Exh. 6; Appx. 113, 151***; *Greason v. Kemp, 891 F.2d 829* ***(11th Cir. 1990)****]*

## 3. Loss of Earned Wealth and Careers

Years of "protected" employment were made impossible. ***[Exh. 3, 4, 6, 11; Appx. 465***; *Bechtel v. Admin. Review Bd., 710 F.3d 443 (11th Cir. 2013);* ***31 U.S.C. § 3730(h)]***

## 4. Biochemical Assault part of Family Heist.

Mr. Ibrahim's father was subjected to biochemical attacks reaching cancer, chemotherapy, and memory manipulation, in order to rob him and Appellants' family of their wealth, businesses, bank accounts, and identities. ***[Exh. 6, 12; Appx. 143, 268, 339, 439***; *Washington v. Harper, 494 U.S. 210 (1990)]*

## 5. Family Heist by Private and Government Actors

A DEA agent, a RICO-orchestrating attorney, a Florida DOH official, and others carried out a coordinated destruction of Appellants' hard-earned wealth. Courts became retaliatory venues, but the federal district court topped them all in complicity. *[**Appx. 29; Exhibits 7, 12**; Whitaker v. Miami-Dade Cty., 126 F. Supp. 3d 1313 (S.D. Fla. 2015)]*

**6. District Court Transfers last secure home to Non-Appearing Defendant** The lead RICO conspirator was granted possession of the Appellants' residence, in active contempt of process and the Constitution. *[Appx. 113, 151; Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)]*

**7. Failure to Act on TRO and PI Motions**

Emergency motions citing imminent harm were ignored **wholesale** by the district court, while dangers accelerated and **evidence stood unrebutted**. *[**Appx. 29, 113, 143, 339, 439, 465; Jones v. Governor of Fla., 950 F.3d 795 (11th Cir. 2020)**]*

**8. Refusal to Enforce Default Judgments**

Despite completed service and no appearance by multiple named conspirators, with simple summary judgment to be had by evidence plain by law as to the couple that appeared **(Appx. 305-338),** the court **refused to enter default**—thereby **granting safe harbor to fraud,**

**violence, and terror**. [Exhibit 7; Appx. 268, 439; Fed. R. Civ. P. 55(b)(2); *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)]

**9. Rejection of Sworn, Admissible Evidence.** The district court neglected sworn declarations and physically self-certifying evidence, silencing the most authentic voice in the courtroom, while nothing lay in rebuttal. [Appx. 29, 113, 143, 151, 305, 339, 439, 465; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)]

**10. Binding Precedent Ignored by District Court.** Appellants cited Eleventh Circuit and Supreme Court rulings. Yes, the district court proceeded as if precedent, even before the Pro Se, was merely optional, stripping away judicial accountability and legal legitimacy. [**Appx. 464 on 439, 482 on 465**, *United States v. Rodriguez,* 398 F.3d 1291 **(11th Cir. 2005)]**

**11. Patient Incapacity in Critical Medical Scenarios**

As SSA continued process was corrupted and insurance care sabotaged, Appellants faced medical abandonment and obstructed crisis restoration. [**Exhibit 1-3, 10-11***; Goldberg v. Kelly, 397 U.S. 254 (1970)]*

**12. Insurance Fraud and Evaluation Sabotage**

SSA-mandated disability evaluations were obstructed. *[**Exh. 1, 2, 6, 13; Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990)]***

**13. Fourteen-Month SSA Disability Delay Exacerbated by Procedural Misconduct** Clerk-level obstruction turned a 90-day SSA process into a 14-month abyss. [**Exhibits 1-3, 6, 10-11***; Bechtel v. ARB, 710 F.3d 443* **(11th Cir. 2013**)]

**14. Over 470,000 Preventable Casualties Since 2021**

Casualties resulted from the district court's refusal to grant injunctive relief vital to the RICO filings before it. ***[Appx. 471–481, Exh. 14;*** *Allen v. Wright, 468 U.S. 737 (1984)]*

**15. Jeopardy of Resources to rescue and reunite with elderly Father**. Forced separation from Mr. Ibrahim's father (or grandfather, to co-Appellants) despite medical degradation, memory interference, and active death-stage abuse. [**Appx. 113, 143, 151, 305-356, 465-481; Exh. 1-2, 4-7, 10-14**; *Youngberg v. Romeo,* 457 U.S. 307 (1982)]

**16. Primary Appellant's Children and Co-Parent Lost Home By Prior Restraints, Fraud on the Court, Attorney Barricade, and an attorney *Still Missing.*** [Appx. 225, 238, 240-243*; Soldal v. Cook Cty., 506 U.S. 56 (1992)]*

**17. Funds Exhausted on Service for Defaults.** Appellants depleted their resources serving RICO conspirators in reliance on Rule 55 protections. Despite compliance, the district court refused to honor

defaults. [Appx. 268-278; Ferd. R. Civ. P. 55(b)(2); *Chambers v. NASCO,* 501 U.S. 32 (1991)]

**18. The District Court endangered Witnesses, Public Safety, ruptured Investigations, and destroyed evidence thus leading to casualties.** "Indeed, obstruction of justice is often 'most effective' when it prevents 'an investigation or proceeding from commencing in the first place'", *Pugin v. Garland*, 598 U.S. ____ (2023), p. 6**.** [Appx. 29-129, 143-165, 268-278, 305-356, 427-459, 465-482, Exh 4-12, 14, 18*; Greason v. Kemp,* 891 F.2d 829 (11th Cir. 1990)]

**19. Florida Judiciary Officer Who Ordered End of Food Blockade Still Missing Two Years and no one honors order.** [Appx. 427-438, Exh 1-6, 8, 10-13*, Hope v. Pelzer*, 536 U.S. 730 (2002)]

**20. UN Intervention Followed by Church Assistance Was Needed to Restore Water Access.** Access was restored by unofficial UN intervention and God bless the church's help that later intervened[5] [Exhibits 1, 2, 6, 8, 10-11, 13; *Greason v. Kemp,* 891 F.2d 829 (11th Cir. 1990)]

**21. Attempted Murder Injures ███████Authorized Guard** Mr. Ibrahim and his ██████-cleared guard "Jenna" nearly died on March 14,

---

[5] St. Catherine's Catholic Church Orange Park

2025 by first his ██████████████ and then by a ██████ ████████ working at the Florida Bar. *[Exh. 6; Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990)]*

**22. Total Impoverishment on Daughter's Birthday – the Disgrace from "whole" (31 U.S.C. § 3730(h)).** Mr. Ibrahim had $4.85. A systemically imposed extermination thru Clerk-worsened financial humiliation. *[**<u>Exhibit 11</u>**; Bechtel v. ARB, 710 F.3d 443 (**11th Cir. 2013**)]*

**23. 45 Obstructed Cases Over 1300 Days.** Biochemical warfare on a father, home stealing criminals, obstructions by a district court, a 7-month blockade by a Clerk's office, attacks let loose by it, and 45 legal actions, originally 13, frozen and delayed. [Exhibit 1, 2, 6, 10-14; Appx. 471–481; *Christopher v. Harbury, 536 U.S. 403 (2002)]*

**24. Violation of Appellants' Rights for Reporting Public Corruption.** Appellants did what the law demanded and were punished for it. [Exhibits 6, 12; 31 U.S.C. § 3730(h); Title 18, Ch. 73, 13, *Roe v. Alabama*, 43 F.3d 574 (11th Cir. 1995)]

**25. Retaliation, Humiliation, and Narrative Erasure Despite Unrebutted Evidence** The Clerk's office's blockade irreparably harmed Appellants' standing to public view, would-be supports, and thus inviting

the further aggravation and harms of more retaliatory actors. **[Exhibit 1, 2, 6, 10**; *Bounds v. Smith,* 430 U.S. 817 (1977)]

**26. Corruption goes from 8% Penetration to 25x.** Corruption that always well exceeded the Defendants in *this* case were empowered by a district court to reach a capacity mirroring 1933 Nazi Germany. Florida may altogether be in infrastructural danger of hostile takeover, of non-partisan nature, but able to *buy law* to then rob and harm the elderly and cause injuries and increase danger at large. *[**Exhibit 3-12, 14***; Ex parte Young, 209 U.S. 123 (1908)]*

**27. Gaslighting and Sabotage of Efforts to Protect Others.**

Appellants were sabotaged, silenced, defamed—while protecting others in active crises, but were forced into fighting for their survival instead.

[Exhibits 1-11, 13, 14*; Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990)]*

**28. Systemic Denial of Testimony and Remedies**

The sole time testimony got to start after 500 days, the district court ended it. [Appx. 113–129, 143–165, 339–356, 427–438, 464, 470–482; Exhibit 4*; Bounds v. Smith,* 430 U.S. 817 (1977)]

**29. $130,000+ in Disability Benefits Lost Despite Eligibility**

 [Exhibits 1-4, 6, 10-11, 13; *Ellis v. Liberty Life Assur. Co. of Boston,* 958 F.3d 1271, 1284 (11th Cir. 2020)]

**30. Murder Attempts by a** ▮▮▮▮▮▮▮▮**, accomplice, 4 individuals at the SSA, 1 at its OIG. Instead it's a** ▮▮▮▮▮▮▮**, at the Florida Bar that *nearly succeeds*, if not for a female** ▮▮▮▮ *détaché* **subordinate to the** ▮▮ **cleared Allied** ▮▮▮▮▮▮▮**.** [Exh. 1, 2, 6, 10*; Greason v. Kemp,* 891 F.2d 829 (11th Cir. 1990)]

**31. Prevented Rescue of at-risk elderly father.** All efforts to retrieve Mr. Ibrahim's father, in deteriorating condition by ▮▮▮▮▮▮, were nullified by procedural misconduct. [Appx. 29, 143, 191–278, 305–356, 465–482; Exhibits 7, 10, 12, 14*; Rochin v. California*, 342 U.S. 165 (1952)]

**33. Suppression of Lead Whistleblower Testimony**

A district court followed by a Clerk's office silenced the only person alive with full clearance over 45 national-risk cases. That silence is fatal. [Appx. 471–481*; Roe v. Alabama, 43 F.3d 574 (11th Cir. 1995)]*

**34. 30+ Acts of Verified Terror and Bodily Harm**

Over two dozen life-threatening events tied to Appellants' role and litigation timeline, many coinciding with key filing windows. [Appx. 29, 113, 143, 165, 339, 427, 465; Exhibits 3–12, 14, 17, 18*; Greason v. Kemp,* 891 F.2d 829 (11th Cir. 1990)]

**35. Clerk Interference Created Chain Reaction of Collapse**

Each false deficiency notice, missed docket review, and delayed ruling cascaded into concrete losses: food, shelter, income, health. *[**Exhibits 1, 2, 3, 6, 10, 11, 13**; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)]*

**36. Constitutional Deprivation of Access and Rights**

Collectively, the above injuries form a systemic nullification of judicial access, an affront to *Ex parte Hull*, 312 U.S. 546, 549 (1941) and a textbook pattern of unconstitutional deprivation under *Bounds v. Smith*, 430 U.S. 817, 821 (1977) and *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

**PROCEDURAL BACKGROUND**

On **August 12, 2024**, the Clerk's Office issued a **false deficiency notice**, claiming the Appendix lacked required documents that were in fact present. The next day, **August 13**, after internal confirmation by Clerk staff (total of two separate individuals), the Appendix was approved and passsed to the Judge, who reinstated the appeal. However, later that same day, in an unprecedented act, **the Clerk's Office overruled the Judge**, rejected the same Appendix, and introduced new procedural faults never previously cited.

That moment marked the start of systemic procedural breakdown. On **November 26, 2024**, Appellants submitted two emergency motions

invoking excusable neglect. Those were:

(1) *Time-Sensitive Motion to File Corrected Appendix Out-of-Time* at **5:44 AM** and (2) *Motion to Extend Time to File Reply Brief* at **11:05 AM**.

Both were submitted after a **36-hour work session** under extreme duress. At 3:12 PM, the Clerk dismissed the appeal under **11th Cir. R. 42-1(b)**—*before* the motions reached a Judge—followed by a notice mooting them. Excusable neglect and extraordinary circumstances had been invoked.

Appellants then worked **84 hours** to prepare a detailed motion to set aside the dismissal. Despite fully complying with the artificial hurdle, the Clerk issued a "No Action" notice on December 9th, specifying no deficiency. A 36-minute call produced no explanation.

Appellants had attached the corrected Appendix, which had already been reviewed and approved before, and in fact was there much the same on the 26th of November. Instead of advancing the case, **the Clerk threw out the Appendix again**.

Appellants yet again file another Emergency Motion—after another **36-hour stretch**. That too was met with a notice specifying no deficiency.

It was not until **March 3, 2025**, after letters sent by Appellant Mr. Ibrahim with copy to appearing Appellees **(Exhibits 1 and 2),** that the

Clerk issued a notice admitting that their last action, throwing out the whole case, was in "error", and the appeal was then formally reinstated **(Exh. 13).** The corrected Appendix was accepted, and the reply brief deadline restored to March 24, 2025.

## ARGUMENT

### I. Declaratory Relief is Warranted

The Court should declare that between August 2024 and March 2025, Appellants were denied due process in violation of their First and Fourteenth Amendment rights, through clerk-level obstructions that nullified judicial review and unleashed constitutional injury.

Access to courts is not a privilege—it is a right constitutionally guaranteed under the First Amendment **(*Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011))** and safeguarded as fundamental under the Fourteenth Amendment's Due Process Clause **(*Bounds v. Smith*, 430 U.S. 817, 828 (1977)).** When clerks act to obstruct process, deny filing transmission, or override judicial approval, they do not perform ministerial duties—they become de facto adjudicators and usurpers of Article III power. When such interference results in suppression of a party's right to speak, to file, to be heard in court—it triggers unconstitutional prior restraint.

The Supreme Court has long held that prior restraints are "the most serious and the least tolerable infringement on First Amendment rights" (***Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976));** and that administrative denials of legal expression warrant the most exacting review (***Near v. Minnesota*, 283 U.S. 697 (1931)).**

Between August 12, 2024 and March 3, 2025, this Court's Clerk's Office issued no fewer than four false deficiency rejections **(Exh. 1, 2)**, misrepresented a corrected Appendix submission dated November 26, 2024, and dismissed an appeal mid-motion—without judicial authorization. Emergency motions citing constitutional collapse and systemic retaliation, including the December 10, 2024 "Vinson-Dane" Motion **(Exh. 10),** were neither reviewed nor transmitted to chambers.

The 11th Circuit has further affirmed that administrative actions which preclude lawful litigation trigger due process violations (*Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983), adopted in part in 11th Cir. dicta).

Appellants' loss was not a technicality, but an **engineered collapse**. The procedural void opened by the Clerk's refusal to transmit filings directly led to:

- **Reputational destruction** and funding loss

- **Three life-threatening attacks** against Mr. Ibrahim, including March 14, 2025 (Exh. 6)

The record bears that Appellants were procedurally erased by misconduct. Absent declaratory correction, agencies will presume abandonment, procedural guilt, or waiver—poisoning all future litigation and permanently enshrining the Clerk's actions as valid precedent.

This Court's own authority demands it act. Under *Steffel v. Thompson*, 415 U.S. 452, 460-61 (1974), declaratory judgments are warranted where a present controversy threatens future harm—and here, that harm already bleeds across Appellants' access to food, shelter, testimony, and life. (See

## 2. 60-day Stay is Warranted to Stabilize Appellants' Lives, Investigate Retaliatory Harm, and Restore Judicial Process

The Court should issue a temporary stay of proceedings for no fewer than sixty (60) days to stabilize Appellants' immediate living conditions, allow for recovery from life-threatening harm caused during the August 2024–March 2025 procedural blockade, and restore functional access to judicial process. This relief is not discretionary—it is a constitutionally warranted intervention grounded in the Court's supervisory power and the preservation of due process under the Fifth and Fourteenth Amendments.

A stay is required where ongoing harm, retaliatory violence, or unlawful judicial procedure obstructs the exercise of litigation rights (*Garcia v. Tyson Foods, Inc., 890 F.3d 1276, 1282* (**11th Cir. 2018**)). Here, the record shows that Appellants were not merely administratively burdened—they were **physically endangered** and rendered legally voiceless by the Clerk's Office's actions **(Appx. 143, 165, 268, 439; Exh. 3, 4, 6, 10).**

The Court need not speculate. The documented injuries confirm that denial of access to the courts became a **platform for systemic and physical assault**.

The Eleventh Circuit has reinforced that **judicial efficiency and integrity demand a pause when life-critical review is required** (*McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)).

Here, the harm did not end with dismissal—it **escalated** in direct correlation to it. Filing "No Action" notices in response to excusable neglect motions did not merely block process—it **unleashed institutionalized retaliation**. Appellants were left with no food (Exh. 3, 11), no care (Exh. 3, 10), no safety (Exh. 4, 6), and no legal standing to defend against the death spiral that followed.

A stay is the **minimum remedial tool** to prevent future violence while Appellants organize legal and medical survival (*Doe v. Barrow Cty.*, 219 F. App'x 869, 872 (**11th Cir. 2007**)). This Court should just grant 60-day Stay as injury control, record recovery, and the bare minimum required to allow survival.

### 3. Renewal of Reply Brief Deadline is warranted, per excusable neglect, due to Systemic Obstruction, Incapacitation, Attorney Abandonment and Procedural Sabotage

Appellants request renewal of the March 24, 2025 reply brief deadline under the doctrine of excusable neglect and unavoidable delay. The motion is supported by resulting incapacitation, active attempts on Mr. Ibrahim's life, procedural sabotage by the Clerk's Office, and long-term attorney abandonment rooted in systemic confusion and retaliation, while obliterating livelihood.

Under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), a deadline may be reset where failure to act is the result of factors outside a litigant's control and where the delay does not prejudice the opposing party. All elements are met here.

Between December 13, 2024 and March 14, 2025, Mr. Ibrahim survived three attempts on his life. These attacks incapacitated Mr. Ibrahim

medically, psychologically, and logistically. There was no "neglect" to correct—only violence to survive.

The Supreme Court in *Pioneer* emphasized four factors: danger of prejudice, length of delay, reason for delay, and good faith. Appellants meet each:

1. **Prejudice:** No prejudice to Appellees—no final judgment has been entered, and no opposing response has been compromised.

2. **Length and Impact:** Delay is short, proportional, and tied directly to state-linked obstruction and clerical misconduct.

3. **Cause of Delay:** Death threats, sabotage, and denial of services by actors connected to the procedural void (Exh. 3, 4, 6).

4. **Good Faith:** Appellants filed repeat motions, corrections, and emergency declarations—even under life-threatening strain.

The Eleventh Circuit in *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996 (11th Cir. 1997), held that attorney failure or procedural error may justify reopening deadlines when the party's intent to comply is evident. Here, Appellants were sabotaged by both: one attorney never obtained even the application for the live appeal for which he was then hired, after an

entire 18 months, and multiple others disengaged during the Clerk's blockade.

This was not merely neglect, but *process erosion*, and the delay is its direct effect. Renewal of the reply deadline is thus the legitimate response to a timeline that was overtaken by systemic collapse and judicially-adjacent sabotage.

## 4. Waiver of Rule 30(e) repeat Physical Service is warranted Due to Indigency, Prior Judicial Approval, and Ongoing Survival Conditions

Appellants respectfully request waiver of the Rule 30(e) paper appendix service requirement based on prior submission, vividly compelling indigency (Exh. 11) , and the documented survival-based conditions under which they are operating.

The Eleventh Circuit has repeatedly affirmed that such rules exist to ensure procedural fairness—not to create insurmountable barriers for litigants in crisis (*Atkins v. Holloway*, 790 F. App'x 194, 195 (11th Cir. 2019)).

- Printing and distributing multiple appendix copies under current conditions would force reallocation of survival resources, and result in further procedural trauma.

- The entire appendix exists in digital form, fully compliant and submitted through PACER

Requiring re-service would impose an **unconstitutional burden** under *Boddie v. Connecticut*, 401 U.S. 371 (1971), where SCOTUS held that civil procedural fees or burdens cannot become a barrier to access for indigent litigants. No prejudice arises from this waiver.

This Court should thus waive paper service given Appellants' life circumstances.

## 5. The Court should order Preserving Clerk's Office Records and Procedural Communications

Appellants request a preservation order directing the Clerk's Office of this Court to retain all internal communications, procedural logs, staff actions, and system metadata related to the August 2024 to March 2025 procedural blockade. The request is narrowly tailored, legally grounded, and essential to both current and potential future litigation.

Courts possess inherent authority to issue preservation orders where the risk of evidentiary loss threatens the integrity of the judicial process (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). The Eleventh Circuit has applied this authority in protecting records even where no subpoena has yet issued, recognizing that the duty to preserve can arise

when litigation becomes foreseeable (*Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009)).

The Clerk's Office took the extraordinary step of overruling a Circuit Judge, issued false deficiency notices, **dismissed the appeal mid-motion. It then denied the procedurally satisfying motion to set aside dismissal, followed by denying even the one to reopen,** not once specifying a deficiency. This occurred in a seven-month span where Appellants were under continuous threat, injuries, obstructions, disability neglect, gaslighting, defamation, and jeopardy of vital livelihood (**Appx. 113, 143, 268, 439; Exh. 10**).

This order is thus necessary to preserve the very trail the law requires to maintain public confidence. This is neither invasive nor novel. It is the baseline step the Court should take to ensure that what happened—already admitted in part (Exh. 13) — can be fully discerned.

## 6. The Court should grant any Further Relief Necessary to Prevent Irreparable Harm, Restore Constitutional Process, and Preserve Judicial Legitimacy

Appellants request that the Court grant any additional or supplementary relief deemed just, necessary, or constitutionally required to prevent further irreparable injury and to restore lawful process. This open-ended clause is grounded not in vagueness, but in the Court's inherent

Article III authority and the **constitutional duty to prevent ongoing harm** when systemic due process failure has occurred.

Federal courts are not passive observers when judicial process collapses. Under *United States v. Raddatz*, 447 U.S. 667, 678 (1980), courts have wide remedial power to enforce constitutional rights through flexible, case-appropriate mechanisms.

The scope and nature of injury is still unfolding, while the narrative, credibility, reputation, support, abandonment, and convergence damage is mostly irreparable. Some damages may not yet be fully accessible or legally triaged.

This final request ensures **the *appointed*, Honorable Judges of this Court** retain the power to:

1. Issue supplemental orders for evidence protection, status correction, or judicial review.

**2.** Provide **forward-looking protections for Appellants and vulnerable witnesses.**

3. Ensure agencies or lower courts do not exploit silence or Clerk-level denials as permission to retaliate, destroy, or *murder* the Appellants of *this Court.*

This sixth Relief ensures the judiciary does not become a fixed machine blind to its own wreckage. It leaves space for rectification, not regret. (see also *Cf.* **Schiavo ex rel. Schindler v. Schiavo**, 403 F.3d 1223, 1231 (11th Cir. 2005))

## CONCLUSION

**The power of this Court** lies not in its silence but in its capacity to shield the vulnerable from the procedural weapons of those who abuse public trust. ***For over 1300 days***, Appellants have navigated a gauntlet of sabotage…suppression…retaliation…cruelty…The more documented it got, the more neglected it would be. But now for once with full Appendix and voice before this Court, as though God was going to come down Himself to get the Appendix approved and put in the hands of this Circuit's *judges*, had Appellants died in the process, we Appellants hereby in love of God, family, and country, above all, ***pray*** the Court grant:

1. **Declaratory Relief** as outlined herein and of which a mere sample is Exhibit 15;

2. **60-day Stay of Proceedings** to stabilize Appellants;

3. **Renewal of Time** to file Appellants' Reply Brief, to commence upon lift of stay;

4. **Waiver of Rule 30(e) Paper Service** due to indigency (Exh 11) and prior submission;

5. **Preservation of Record Evidence** identifying involved actors and communications linked to the August 2024–March 2025 procedural blockade;

6. **Any Other Relief** this Court deems essential to restore equity, prevent systemic repetition, defend judicial credibility, and uphold the public's trust in the rule of law.

And so we *pray.*

Respectfully submitted this **18th day of April 2025**.

/s/ *Syed I. Hussain*
SYED IBRAHIM HUSSAIN
3155 Wavering Ln
Middleburg, FL 32068
mms-renovation@outlook.com

We Appellants below concur with the Relief sought for in this motion.

/s/ *Syed M. B. Hussain*
SYED MUHAMMAD BAQIR HUSSAIN
1456 Via Sangro Place
Winter Park, FL 32792
baqrehabalt@yahoo.com

/s/ *Syeda S. Hussain*
SYEDA SARA HUSSAIN
1456 Via Sangro Place

Winter Park, FL 32792
DaughterofAmerica12.25.21@gmail.com

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume and word-count limits of Fed. R. App. P. 27(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,118 words.

2. This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Georgia font.

/s/ *Syed I. Hussain*

Syed Ibrahim Hussain

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th of April 2025, a true copy of the foregoing motion and its associated exhibits was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send by e-mail a notice of docketing activity to the registered Attorney Filers listed on the attached electronic service list.

/s/ *Syed I. Hussain*

Syed Ibrahim Hussain

## ELECTRONIC SERVICE LIST

Howard S. Marks
hmarks@burr.com
Burr & Forman LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-6600
Attorneys for Appellee-Defendants

# EXHIBIT LIST

1. Letter to Chief Judge

2. Letter to Circuit Executive

3. SSA & OIG Constructively Eliminatory Sabotage of Livelihood

4. A1 Status Document During R9

5. OOJ (Obstruction of Justice) Offset Filing to District Court which it denied

6. A1 Declarations, Revision 4

7. Amended Declarations Filed in Case No. 23-12350 & 23-13489 with Converted References Index

8. Summated Human Rights Violations inherent from two sworn, uncontested Mandamus filings (23-13489)

9. Evidentiary Markers Confirming loss of credit to save 15k Americans from imminent death - PLACEHOLDER ONLY (Intertwined)

10. Blockaded "Vinson-Dane" Emergency Motion

11. Financial Evidence of Absolute Indigency on Daughter's Birthday

12. Pre-Amended Declarations in Case No. 23-12350

13. Clerk's Office Admission of "Error", subsequent Reinstatement in period Appellants were enduring life-threatening & livelihood-diminishing attacks

14. Still-Delayed-by-Dist.-Ct.-and-Clerk-Blockade IFRC-Scale Evidence with a now exponentially expanded corruption network having completed Phase 1 of a nationwide elderly-centric Genocide and Heist operation causing 470k+ Casualties; Second Phase Active, endangering 2.5 million Lives and Mirroring Early Stages of 1933 Nazi Germany

15. Sample Declaratory Order

16. Rough Table of Contents for approved Appendix.

17. Amended RICO Complaint Exhibit List.

18. Class-6 WE Declarations in related Mandamus case (23-13489) which could not be pursued due to life-threatening attack on son by 3 SCSO officers, a rogue attorney, an insurance company, 2 rogue "QW" entities, & Mr. Ibrahim's post-traumatic state that followed

19. Appellants' Jurisdictional Statement plus introductory portions AIB

20. Sample Preservation Order

**"EXHIBIT 1"**

February 9, 2025

**Syed Ibrahim Hussain**
3155 Wavering Ln
Middleburg, FL 32068
mms-renovation@outlook.com
904-614-6557

*Via Online Certified Mail*

*To be followed by Certified Mail with Return Receipt*

**The Honorable William H. Pryor, Jr.**
Chief Judge
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia

**Re: Re: Life-Threatening Procedural Misconduct, Systemic Obstruction of Justice, and Unlawful Usurpation of Judicial Authority by Clerk's Office in Case No. 23-12350—Immediate and Critical Review Required**

**Dear Chief Judge Pryor,**

We, the undersigned appellants proceeding pro se in the above-referenced matter, write to bring to your attention a series of unprecedented procedural irregularities by the Clerk's Office of this Court that unfortunately have created survival and justice obstructions requiring immediate attention. These actions have significantly obstructed our ability to seek justice and have undermined the integrity of the judicial process. We respectfully request your review and intervention to address these issues, which are unfortunately undermining the rule of law, vital livelihood, countless survival spheres of my life, access to justice of what for starters **depends on judges being *able* to evaluate for excusable neglect**, and the proper administration of justice.

**Standing of the Appellants**

The active Appellants in this case are:

1. **Syed Ibrahim Hussain**: The primary whistleblower, who engaged in protected activities under the False Claims Act by refusing to approve leases that would have violated the Act via the Anti-Kickback Statute.

2. **Syed Muhammad Baqir Hussain**: Another employee who also refused to approve the unlawful leases, thereby engaging in protected activities under the False Claims Act.

3. **Syeda Sara Hussain**: Affected by nearly equivalent unlawful retaliation as her father and brother, making her a party of equivalent right under *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011).

Additionally, all Appellants are direct victims and crime witnesses to the majority of the RICO-related crimes that arose from the retaliation against the protected acts above. Our standing is firmly rooted in our roles as whistleblowers, victims of retaliation, and witnesses to systemic corruption, which are central to the claims raised in this appeal.

**Summary of Clerk-level Blockading and Unjustifiable Dismissals**

1. **Unprecedented Overruling of a Judge by the Clerk's Office**: On August 13, 2024, the Clerk's Office unilaterally overruled a judge's approval of our Appendix, introducing new deficiencies that were not previously raised. This act undermines the separation of powers and judicial authority.

2. **False Deficiency Notices**: The Clerk's Office repeatedly issued deficiency notices claiming missing documents that were, in fact, included in the Appendix. These claims were knowingly false, as confirmed by case managers, and as plainly viewable at every stage in which they were claimed, with the exception of the later-imposed, while overruling the judge

3. **Obstruction of Judicial Review, even for and with Extraneous Circumstances, and in all cases implicating and citing *Excusable Neglect***: On multiple occasions, the Clerk's Office failed to forward motions for judicial review, including motions citing excusable neglect. This resulted in the dismissal of our appeal without proper judicial consideration.

4. **Procedural Obstructions void of logic or reason or even the Circuit's own rule that Clerks *specify***: The Clerk's Office engaged in a pattern of obstruction, issuing "No Action" notices and

denying motions without addressing their substance, despite compliance with procedural rules. These are cruelties that are not synonymous with any of caselaw's vast promises for the *Pro Se* since they are endeavoring to jeopardize hundreds of hours of unpaid work based in facts, law, rights, and evidence over notices claiming that what's plainly present is absent, what was previously proven as present is absent, thus claiming against their own selves that in fact the sole thing that remained as per the different judge the clerk's endeavored to use following them overruling the prior one, was to remove what had not been filed in the district court, which was not only done but even specifically delineated within that Appendix itself, and in every instance of these thus blockaded filings.

## Reasons for Including portions of the most representative Motion as to this issue and Its Attachment

We are attaching portions of our *blockaded* Time-Sensitive Motion to Set Aside Dismissal, Correct Appendix, and Renew Time to File Reply Brief as the most representative filing that demonstrates the Clerk's Office's failure to acknowledge compliance with procedural rules. This motion was blockaded from being considered by *any* Judge, despite once again bearing the same Corrected Appendix as the prior blockaded ones, and thus *de facto* meeting the cited rule by the prior Clerk's notice to thus set dismissal aside was critical for the following reasons:

1. **Demonstration of Compliance**: The motion incorporated the corrected Appendix, which **the Clerk's Office repeatedly and falsely claimed was deficient**. It provides clear evidence that the deficiencies alleged by the Clerk were baseless. In fact, more often **the notice did not specify them at all.**

2. **Judicial Oversight**: The motion highlights **the necessity of judicial review in determining excusable neglect**, a decision that should not have been preempted by the Clerk's actions.

3. **Procedural Integrity**: The purpose of including this motion is to be resolutely informative solely to your ability to undo the Clerk's obstructions of not having the reach a Judge and moreover have the Clerk's claim the error in their actions and that sufficient declaration of all the time under such extenuating circumstances that I had to endure from being able to even rectify them to yet spend nearly 400 hours endeavoring to alleviate the **Clerk's failure to follow any known procedural rule**. The Court may not understand what it is

to be gaslighted despite such procedural cruelties, but frankly without any such declaration, even rectification procedurally to put Appellants back in the proper posture so as to have the Corrected Appendix accepted, the 14 days to reply to the Reply Brief renewed would yet still leave me fighting for survival since the Clerks must declare the error of their action or the Court thereof so that all the other vital avenues of justice and livelihood and disabilities and SNAP and SSI and SSDI and medical care and trauma therapy and an abandoning disability attorney, among much else it's a struggle to even remember in a single sitting on nearly 15 disabilities, 3 of which are at their most tormenting stage despite medications, all of which were neglected to yet draft even thru torture on account of procedural cruelties that should never have occurred. Thus what is attached is merely to underscore the procedural misconduct that has obstructed our ability to proceed with our appeal and while simultaneously worsening life-threatening emergencies and even the ability to report crimes and violations of law, since such adversarial endeavors can hardly be half-hearted if even the instant case that bore it all is now being defeated by Clerk actions made clearly and plainly insurmountable, since the plain record itself gives them no cause by which to arise. Lastly, the motion exemplifies our good faith efforts to comply with all requirements despite extraordinary hardships.

4. **Broader Implications**: The motion addresses the systemic issues caused by the Clerk's actions, which have not only prejudiced our case but also set a dangerous precedent for the administration of justice, and shows clearly that without at least a declaration to the time the Clerk's action have had me lose, their delineated impact on my survival will be yet another superhuman endeavor to undo.

## Impact of Clerk's Actions

The actions of the Clerk's Office have caused significant prejudice to our case, depriving us of the opportunity to have our claims heard on their merits. These procedural irregularities have exacerbated our personal hardships, including financial and medical crises, and have delayed resolution in related matters, such as Social Security Administration (SSA) benefits and emergency assistance programs. The cumulative effect of these actions has jeopardized our livelihood, health, and ability to seek justice.

## Request for Relief to the extent of restoring *Integrity of Process*

We respectfully request the following actions:

1. A thorough review of the procedural handling of our case by the Clerk's Office.

2. Appropriate corrective measures to address the improper actions described above.

3. Guidance on how we may proceed to ensure our case is properly adjudicated moving forward.

We will be attaching the most representative filing, specifically our **Time-Sensitive Motion to Set Aside Dismissal, Correct Appendix, and Renew Time to File Reply Brief**, which fully complied with procedural rules and demonstrates the Clerk's failure to acknowledge compliance. This motion also incorporates the corrected Appendix, which the Clerk's Office repeatedly and falsely claimed was deficient.

### Notification to Opposing Appellee

In the interest of transparency and to avoid any appearance of ex parte communication, we are providing a copy of this letter to the sole opposing Appellee who has appeared in this matter. We note, however, that the other Appellees did not appear either at the district level or in this appeal and therefore have no cause to be informed or right to participate in this matter.

### Conclusion

We trust in the integrity of this Court and its commitment to upholding the rule of law. We are confident that you will give this matter the attention it deserves to ensure that justice is served. Thank you for your time and consideration. We look forward to your response.

Respectfully submitted,


/s/ *Syed I. Hussain*

Syed Ibrahim Hussain
Pro Se – Primary Appellant


We, co-Appellants, Pro Se, concur in the above sought restoration of due process to prevent arbitrary obstructions to process and acts effectuating or exacerbating extrajudicial blockade.


/s/ *Syed M. B. Hussain*

Syed Muhammad Baqir Hussain

Pro Se - Appellant
1456 Via Sangro Place
Winter Park, FL 32792

/s/ *Syeda S. Hussain*
Syeda Sara Hussain
Pro Se - Appellant
1456 Via Sangro Place
Winter Park, FL 32792

**cc:**  Howard S. Marks
hmarks@burr.com
Burr & Forman LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-6600
Attorneys for Appellee-Defendants

Enclosures
1. Chronology of Events Relevant to this issue
2. Representative Motion to Set Aside Dismissal encompassing its key elements that persistently continued to be exacerbated as a result, and bore excusable neglect and extraordinary circumstances without either he Clerk's proper handling or it ever reaching a Judge.

## Chronology of Events *(Attached as a Separate Page)*

1. **August 12-13, 2024**: The Clerk's Office issued false deficiency notices regarding the Appendix, despite confirmation from case managers that the Appendix was compliant. A judge approved the Appendix, but the Clerk unilaterally overruled this decision.

2. **November 26, 2024**: Motions citing excusable neglect were filed, but the Clerk failed to forward them for judicial review. The appeal was dismissed under 11th Cir. R. 42-1(b) for "failure to prosecute."

3. **December 2024**: Multiple motions to vacate the dismissal and correct the Appendix were filed, but the Clerk issued "No Action" notices, denying the motions without addressing their substance.

4. **February 7, 2025**: An inquiry was made regarding the denial of motions based on claimed deficiencies, which were inconsistent with prior orders and demonstrably false.

*(For a full timeline, please refer to the attached detailed chronology.)*

This draft ensures the reasons for including the motion and its attachment are explicitly stated and integrated into the letter. Let me know if further refinements are needed.

## Unprecedented Event: Clerk Overruling a Judge

## August 12-13, 2024 – The Initial Clerk Retaliation and Overruling a Judge

1. **August 12, 2024:** The Clerk's Office issued a deficiency notice, claiming the Appendix was missing a cover page, district court docket sheet, and parts of documents 8, 46, 50, and 75.

   - **Reality:** These documents were already included in the Appendix.

2. **August 13, 2024:** A second deficiency notice was issued, claiming the same missing documents and demanding the Appendix be in chronological order.

   - **Reality:** The Appendix was already in chronological order, and the deficiency claims were knowingly false.

## Phone Call Confirmations (August 13, 2024):

- **4:40 PM:** Case Manager Caruso confirmed that all requested items were already in the Appendix and that there was no real deficiency.

- **Later that day:** Caruso confirmed the Appendix was approved and forwarded to the Judge.

**Judge's Approval:**

- The Judge reviewed the Appendix and approved it, reinstating the case.

**Clerk's Overruling of the Judge:**

- Despite the Judge's approval, a Clerk unilaterally overruled the decision, introducing new deficiencies and denying a waiver request.
- **Key Fact:** The pre-judgment Appendix was identical to the post-judgment Appendix. No changes were made. If it was "deficient," it would have been deficient before the Judge approved it.
- **Significance:** This marks the first known instance in U.S. history where a Clerk overruled a Judge's decision, an act that fundamentally undermines the separation of powers and the integrity of the judicial process.

**Critical Escalation:**

- After Appellants used their last funds to send the already approved Appendix, the Clerk found yet another issue.
- The issue was technically based in rule but was raised only after Appellants were financially depleted and had no way to fix it easily.
- Appellants filed a motion for an exception due to the circumstances.
- A different judge denied the request, forcing yet another correction.

**Timeline of Procedural Obstruction**

**November 26, 2024 – Clerk Retaliation Escalates**

1. **5:44 AM:** A Motion to Correct Appendix was filed, citing excusable neglect.

    - **Clerk's Action:** Failed to forward the motion for judicial review.

2. **11:05 AM:** A Motion for a 14-day extension to file the Reply Brief was filed, also citing excusable neglect.

    - **Clerk's Action:** Failed to forward the motion for judicial review.

3. **3:12 PM:** The Clerk dismissed the appeal under 11th Cir. R. 42-1(b) for "failure to prosecute," despite the pending motions requiring judicial review.

4. **3:42 PM:** The Clerk issued an order mooting all pending motions, blocking them from judicial review.

## December 2024 – Procedural Limbo and Clerk Obstruction

1. **December 7, 2024:** Appellant filed a Time-Sensitive Motion, including:

   - Motion to Vacate Clerk's Order
   - Motion to Correct Appendix
   - Motion for Extension of Time to File Reply Brief
   - **Clerk's Action:** Issued a "No Action" notice, claiming deficiencies had not been remedied, despite the Appendix being corrected in prior filings.

2. **December 9, 2024:** Emergency motions were filed, including:

   - Motion to Stay Dismissal per Excusable Neglect
   - Motion to Accept the Corrected Appendix
   - Motion to Reinstate Appeal
   - **Clerk's Action:** Issued another "No Action" notice, copy-pasting denials without addressing the substance of the filings.

3. **December 12, 2024:** The Clerk issued another "No Action" notice, denying all pending motions and vaguely claiming the Appendix was "not compliant."

   - **Reality:** The Appendix had been corrected and resubmitted multiple times.

## December 27, 2024 – Final Attempt to Reinstate Appeal

1. Appellant filed motions to:

   - Reinstate Appeal
   - Correct Appendix
   - Extend Time to File Reply Brief
   - **Clerk's Action:** Issued another "No Action" notice, falsely claiming the Appendix was missing parts of documents 46, 50,

and 75, despite these documents being included from the beginning.

## February 7, 2025 – Inquiry into Denial

- Appellant called Regina Gillis at 3:20 PM, leaving a voicemail inquiring why the motion was denied based on claimed "missing" documents, an entirely new reason inconsistent with prior orders.

**"EXHIBIT 2"**

February 9, 2025


Syed Ibrahim Hussain
3155 Wavering Ln
Middleburg, FL 32068

*Via Online Certified Mail*

**ATTN: Circuit Executive Ashlyn D. Beck**
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St. N.W.
Atlanta, GA 30303

**RE:** Formal Complaint Necessitating Immediate Action**: Pattern of Procedural Misconduct, Obstruction of Justice, and Actions with Systemic, Life-Threatening Consequences by the Eleventh Circuit Clerk's Office – Case No. 23-12350**

**Dear Circuit Executive Ashlyn Beck**,

This letter constitutes a formal and thorough complaint regarding a demonstrably consistent *pattern* of procedural misconduct, obstruction of justice, and violations of Federal Rules of Appellate Procedure and Eleventh Circuit Rules by the Clerk's Office of the Eleventh Circuit Court of Appeals in the handling of Case No. 23-12350. The actions of the Clerk's Office, detailed below with specific factual instances and citations to relevant rules, have undermined the integrity of the judicial process, violated established procedures, denied due process, and severely prejudiced my and my co-appellants' ability to pursue our appeal. **Critically, this pattern of misconduct has had *systemic consequences*, directly and demonstrably jeopardizing my life, safety, and well-being and that of others, exacerbating pre-existing disabilities, and creating life-threatening circumstances.** These actions demand immediate investigation, corrective action, and appropriate disciplinary measures.

## I. Complainant Information:

This complaint is submitted on behalf of myself and my co-appellants, all pro se, in Case No. 23-12350:

- Syed Ibrahim Hussain (Primary Appellant)

- Syed Muhammad Baqir Hussain

- Syeda Sara Hussain

## II. Nature of the Complaint and Applicable Legal Standards:

This complaint alleges a *pattern* of willful misconduct and negligence by the Clerk's Office that constitutes obstruction of justice and a denial of my and my co-appellants' fundamental right to access the courts. The actions described violate:

- **Federal Rule of Appellate Procedure 27 (Motions):** Specifically, the Clerk's Office failed to properly process and forward motions for judicial review, including those invoking excusable neglect, as required by Rule 27.

- **Federal Rule of Appellate Procedure 42 (Voluntary Dismissal):** The Clerk's Office improperly dismissed the appeal under Rule 42-1(b) without allowing for proper judicial consideration of pending motions and excusable neglect claims, a clear violation of the spirit and intent of Rule 42-2(e).

- **Eleventh Circuit Rule 42-1(b) and 42-2(e):** These local rules, governing dismissal for failure to prosecute, were misapplied and abused to dismiss the appeal despite active efforts by me and my co-appellants to comply and the presence of extraordinary circumstances. The actions violated 42-2(e) in that it was used against two motions it could only be used *after*.

- **Eleventh Circuit Rule 27-1:** Pertaining to motions, it mandates the very things the Clerk did not do.

- **Due Process Clause of the Fifth Amendment:** I and my co-appellants were denied a fair opportunity to be heard and to have our case adjudicated on the merits due to the Clerk's Office's actions.

- **18 U.S. Code § 1503 (Obstruction of Justice):** While this is a criminal statute, the actions of the Clerk's Office, particularly the deliberate blocking of judicial review and the issuance of knowingly false deficiency notices, raise serious concerns about potential obstruction of justice.

## III. Specific Instances of Misconduct (Detailed Factual Account):

The following chronological account provides specific instances of the Clerk's Office's misconduct, supported by dates, times, and descriptions of the actions taken:

1. **August 12, 2024 - Initial False Deficiency Notice:**

   - The Clerk's Office issued a deficiency notice claiming the Appendix was missing a cover page, district court docket sheet, and portions of documents 8, 46, 50, and 75.

   - **Fact:** These documents were *already included* in the Appendix. This is verifiable by reviewing the original Appendix filing.

2. **August 13, 2024 - Second False Deficiency Notice and Phone Confirmations:**

   - The Clerk's Office issued a second deficiency notice, reiterating the same false claims about missing documents and adding a new demand for chronological order.

   - **Fact:** The Appendix was *already in chronological order*.

   - **4:40 PM:** Case Manager Caruso confirmed to me by phone that *all requested items were present* in the Appendix and that there was *no actual deficiency*.

   - **Later that day:** Caruso confirmed the Appendix was *approved and forwarded to the Judge*.

3. **August 13, 2024 - Judge's Approval and Clerk's Unprecedented Overruling:**

   - A Judge reviewed and *approved* the Appendix, reinstating the case.

   - **Fact:** The Clerk's Office *unilaterally overruled* the Judge's decision, introducing *new* deficiencies not previously raised and denying a waiver request.

   - **Critical Fact:** The pre-judgment Appendix was *identical* to the post-judgment Appendix. No changes were made. This demonstrates the arbitrary and capricious nature of the Clerk's actions.

4. **November 26, 2024 - Blocking of Motions Citing Excusable Neglect and Improper Dismissal:**

   - **5:44 AM:** I filed a "Time-Sensitive Motion to Correct Appendix," citing *excusable neglect* and detailing extraordinary circumstances.

   - **11:05 AM:** I filed a "Time-Sensitive Motion for a 14-day extension to file the Reply Brief," also citing *excusable neglect*.

   - **Fact:** The Clerk's Office *failed to forward either motion* for judicial review, a direct violation of FRAP 27 and 11th Cir. R. 27-1.

   - **3:12 PM:** The Clerk's Office *dismissed the appeal* under 11th Cir. R. 42-1(b) for "failure to prosecute," despite the pending motions that required judicial determination.

   - **3:42 PM:** The Clerk's Office issued an order *mooting all pending motions*, further blocking judicial review.

5. **December 7, 2024 - "No Action" Notice and Continued Obstruction:**

   - I filed a "Time-Sensitive Motion to Set Aside Dismissal, Correct Appendix, and Renew Time to File Reply Brief." This motion

included the *corrected Appendix*, addressing the Clerk's *latest* alleged deficiency (removal of documents not submitted to the district court).

- o **Fact:** The Clerk's Office issued a "No Action" notice, claiming deficiencies had not been remedied, despite the corrected Appendix being attached and the motion clearly addressing the prior issues. This demonstrates a deliberate refusal to acknowledge compliance.

6. **December 9, 2024 - Emergency Motions and Continued "No Action" Notices:**

   - o Emergency motions were filed, including a "Motion to Stay Dismissal per Excusable Neglect," a "Motion to Accept the Corrected Appendix," and a "Motion to Reinstate Appeal."

   - o **Fact:** The Clerk's Office issued another "No Action" notice, *copy-pasting denials* without addressing the substance of the filings or the specific arguments regarding excusable neglect.

7. **December 12, 2024 - Vague and Unsubstantiated Denial:**

   - o The Clerk's Office issued another "No Action" notice, vaguely claiming the Appendix was "not compliant" without providing *any specific details* about the alleged deficiency.

   - o **Fact:** The Appendix had been corrected and resubmitted multiple times, and the Clerk's Office provided no valid justification for its continued rejection.

8. **December 13, 2024 - Calls showing continued blocking and conflicting notices.** Multiple calls delineating the above.

9. **December 27, 2024 - Final Attempt and False Claims of Missing Documents:**

   - o I filed motions to reinstate the appeal, correct the Appendix, and extend the time to file the Reply Brief.

- o **Fact:** The Clerk's Office issued another "No Action" notice, *falsely claiming* the Appendix was missing parts of documents 46, 50, and 75, despite these documents having been included *from the beginning*.

10. **February 7, 2025 - Inquiry and Inconsistent Reasons:**
    - o I called Regina Gillis to inquire about the denial. The reason given ("missing" documents) was *inconsistent with prior orders* and demonstrably false.

## IV. Systemic Consequences and Life-Threatening Impact:

The *cumulative effect* of the Clerk's Office's repeated procedural misconduct has created a *systemic barrier* to justice, with devastating and life-threatening consequences for me. These are not isolated incidents; they represent a pattern of conduct that has had a cascading, detrimental impact:

- **Direct Causation:** The Clerk's Office's actions are the *direct and proximate cause* of the delays in the appeal, the exacerbation of my disabilities, the loss of legal representation, and the interference with essential processes (Social Security, emergency assistance, etc.).

- **Exacerbation of Existing Vulnerabilities:** The stress, delays, and financial hardship caused by the Clerk's actions have significantly worsened my pre-existing disabilities (including autism), leading to a breakdown in my continuity of care and placing my health and life at immediate risk.

- **Forced Labor and Deprivation:** I have been forced to expend over 300 hours, under conditions of extreme duress and while suffering from debilitating disabilities, solely to attempt to overcome the procedural barriers erected by the Clerk's Office. This constitutes forced labor and a deprivation of my basic human rights. This time expenditure was *directly and solely* a result of the Clerk's improper actions.

- **Systemic Barrier to Justice:** The *effect* of these actions is to create a system where access to justice is effectively denied, regardless of the underlying merits of the case. The repeated failures and misconduct have created an insurmountable obstacle to a fair hearing.

## V. Supporting Documentation:

This complaint is fully supported by:

- The detailed chronology of events provided above.

- The excerpt from the "Time-Sensitive Motion to Set Aside Dismissal, Correct Appendix, and Renew Time to File Reply Brief" provided by me in my February 9, 2025 letter to Chief Judge Pryor. This motion demonstrates:

  - **Compliance:** The corrected Appendix was attached, refuting the Clerk's claims.

  - **Judicial Oversight:** The motion highlights the need for judicial review of excusable neglect.

  - **Good Faith Efforts:** My and my co-appellants' diligent attempts to comply are evident.

  - **Broader Implications:** The motion places in context the impact of the case.

- Copies of all filed motions, notices from the Clerk's Office, and phone records (where available) will be provided upon request to substantiate these claims.

## VI. Relief Requested:

Due to the severity, repeated nature, and demonstrably willful character of the misconduct by the Clerk's Office, and the *life-threatening systemic consequences* of these actions, I request the following:

1. **A Full and Impartial Investigation:** A comprehensive investigation into the handling of Case No. 23-12350 by the Clerk's Office, including a review of all communications, notices, internal

procedures, and the actions of specific personnel (Case Manager Caruso, Ms. Taylor, Regina Gillis, and any other clerks involved). This investigation should include interviews with me and my co-appellants and a thorough examination of the electronic case file.

2. **Corrective Action:** Immediate action to reinstate the appeal, vacate the improper dismissal, and ensure that my and my co-appellants' motions are properly reviewed by a judge *de novo*, without any deference to the prior, improper actions of the Clerk's Office.

3. **Disciplinary Action:** Appropriate disciplinary action, up to and including termination and referral for potential criminal investigation for obstruction of justice, against any Clerk's Office personnel found to have engaged in misconduct, including the deliberate obstruction of judicial review, the issuance of knowingly false deficiency notices, and the violation of established procedures and rules.

4. **Procedural Reforms:** Implementation of procedural reforms within the Clerk's Office to prevent future instances of such misconduct. These reforms should include:

   o Mandatory training for all Clerk's Office personnel on the Federal Rules of Appellate Procedure, Eleventh Circuit Rules, and the proper handling of pro se filings.

   o Clear, written guidelines for handling motions citing excusable neglect, ensuring judicial review in all such cases.

   o A prohibition against the unilateral overruling of judicial decisions by Clerk's Office staff.

   o A system for tracking and documenting all communications with litigants, including phone calls.

   o An independent review process for complaints regarding Clerk's Office actions.

5. **Declaration of Error and Time Lost:** An official declaration recognizing the error of the Clerk's Office's actions and formally acknowledging the time lost by me and my co-appellants due to these

errors. This declaration is crucial for me and my co-appellants to address related issues in other areas (e.g., disability claims, social services) where the delay caused by the Clerk's misconduct has had severe, life-threatening consequences. This should include a specific calculation of the time lost due to the Clerk's improper actions (over 300 hours). This declaration must emphasize the *direct causal link* between the Clerk's actions, the systemic barriers created, and the exacerbation of my disabilities and life-threatening circumstances.

6. **Compensation for Damages:** While this complaint focuses on procedural misconduct, I and my co-appellants have suffered significant damages (financial, emotional, and physical) as a direct result of the Clerk's Office's actions. We reserve the right to pursue all available legal remedies to recover these damages.

## VII. Conclusion:

The actions of the Clerk's Office in Case No. 23-12350 represent a gross miscarriage of justice and a fundamental breach of the public trust. The detailed factual account provided above, supported by the referenced documentation, leaves no room for doubt that the Clerk's Office engaged in a *pattern* of misconduct, obstruction of justice, and violation of established rules and procedures. This is not a matter of mere technical errors; it is a case of a *systemic failure* to provide access to the courts, with *life-threatening consequences* for me. I urge you to take immediate and decisive action to address this egregious situation, hold those responsible accountable, and ensure that such abuses do not occur again. The integrity of the Eleventh Circuit Court of Appeals and the fundamental rights of litigants depend upon it. The urgency of this matter cannot be overstated, as my life and well-being are in immediate jeopardy.

I, Syed Ibrahim Hussain, swear under penalty of perjury that the above is true and correct to the best of my knowledge and ability and that I have corresponding, self-certifying evidence for all of the above, proving it yet further. I further swear and affirm that I have conversed with co-Appellants and they have expressed concurrence with the relief, by restoration to process and as to being able to rectify the injuries thereof, sought above.

Sincerely,

/s/ *Syed I. Hussain*

Syed Ibrahim Hussain
Primary Appellant
3155 Wavering Lane
Middleburg, FL 32068
(904) 614-6557
mms-renovation@outlook.com



"EXHIBIT 3"

**Comprehensive Summary for** ███████ **Submission through** ███████ **for Forensic Certification and** ███████████

**Prepared by Ibrahim, December 20, 2024**

**This injustice constitutes an emergency that may rise to conspirational attempted murder by government officials of a life-vital witness to nearly 3 million lives, a rights-vital witness to nearly 219 million, and a nation-vital witness to the United States and its** ████ **allies, along with vital to offsetting the remainder of a $2 trillion impact upon the nation's treasury.**

This is a life-threatening emergency stemming from conspirational authoritarianism and the deliberate collaboration of individuals providing falsely obstructive information, even when directly contradicted by established policies and evidence. This pattern of obstruction creates an impossible bind for Ibrahim, a whistleblower, and critical witness to RICO crimes, terrorism, mass genocide, grand theft, and public corruption. By consuming entire days with a chain of outright lies, denials, and false assertions, these individuals have not only blocked access to emergency assistance mandated by policy but have also systematically obstructed any other avenues of help that could have been pursued in the interim. This calculated obstruction of life-sustaining resources jeopardizes Ibrahim's life, livelihood, and role as a vital witness, amounting to a direct assault on justice, human rights, and the rule of law.

This summary outlines the systemic obstruction, gaslighting, and denial of fundamental rights and emergency assistance endured by Ibrahim, a whistleblower and vital witness, documented in preparation for formal submissions to the SSA OIG and other oversight entities. The matter demands urgent emergency rectification under the strongest rights, laws, and principles.

---

1. **Bona Fide Disability Evidence Provided**: Ibrahim has prepared a detailed list of modalities clearly demonstrating his inability to work for the past 2.5 years due to 15 documented disabling conditions, including PTSD, stress-induced narcolepsy, and major depression. He also printed his prescription history and supporting documentation.

2. **Financial and Survival Crisis**:

   o Bank account balance as of December 20, 2024: **$101.66**.

   o Outstanding bills: Over **$200 past-due utilities** (with additional bills pending) and **$500 car insurance due December 21, 2024**.

- Status: Facing imminent deprivation of food, water, and other vital necessities.

3. **Chronological Narrative of Obstruction and Negligence**:

   - Ibrahim's **October 2023 SSDI/SSI application** was inaccessible for updates or review, complicating timely appeal preparation. Despite his November 24, 2023, good cause appeal letter explaining severe retaliatory and health-related delays, SSA delayed further action. His attorney abandoned the case in October 2024 after months of inaction.

   - At every step, Ibrahim's efforts to pursue his appeal have been blocked by systemic negligence, policy violations, and overt gaslighting.

4. **Critical Lake Mary Incident (December 18, 2024)**:

   - Ibrahim visited the Lake Mary SSA office seeking emergency SNAP, SSI, and an advance. Despite policy requiring kiosk-based self-scheduling for emergency assistance, he was turned away. The office was empty, and staff refused to provide in-person support. This caused significant distress in front of his son, exacerbating his already critical condition.

5. **Obstructed Emergency Assistance on December 20, 2024**:

   - **Call 1 (8:04 AM - 8:58 AM)**: Ibrahim, with ███ support from ███, called SSA. The agent falsely claimed he was ineligible for SSI without conducting an interview and denied emergency assistance policies, including in-person SNAP, SSI, and advance procedures. She refused to transfer to a supervisor six times and ended the call after obstructing life-saving aid.

   - **Call 2 (10:05 AM - 10:23 AM)**: Spoke with Kia, who denied the existence of any emergency assistance. Despite Ibrahim providing SSA policy links, she refused to schedule an in-person appointment. She transferred him to a supervisor, "Devin Clap," to call within 24 hours.

   - **Call 3 (2:28 PM)**: Mr. Peou informed Ibrahim he would need an attorney to reopen his appeal and locate his original application. He denied all emergency assistance policies, refused an in-person appointment, and falsely documented that Ibrahim "declined to file a new application," obstructing urgent aid.

   - **Local Office Callback (Maya, 12:20 PM)**: Maya claimed there is no emergency assistance available, no in-person appointments for claims, and

that the kiosk policy does not apply. She scheduled Ibrahim for **January 16, 2025**, at 12:30 PM, failing to address his urgent financial and survival crisis.

6. **Human Rights and Legal Violations**:

   o   The SSA's denial of emergency SNAP, SSI, and advance assistance constitutes a **violation of Ibrahim's rights under ██████ human rights standards**, 18 USC §§ 241, 242, 245, 2441 (obstruction of justice, conspiracy, and torture), 18 USC § 2340A (domestic torture), and 42 USC § 1983 (civil rights violations).

   o   The systemic refusal to provide in-person interviews, as required by SSA's own policy, and gatekeeping at critical moments, especially late on a Friday, jeopardize Ibrahim's survival and violate due process, the right to sustenance, and emergency protections.

7. **Amplified Request for OIG Action**:
   Ibrahim's case demands immediate emergency rectification by the SSA OIG to uphold human rights, prevent further obstruction of justice, and enforce accountability. This submission ensures the OIG becomes a witness to the documented violations, complicit by inaction if left unresolved. Ibrahim's urgent needs must be addressed immediately under SSA policy, legal standards, and human rights principles.

The SSA's refusal to allow kiosk-based appointment scheduling and in-person emergency assistance violates its own updated policy, which explicitly states that kiosks must be accessible for self-scheduling appointments and cannot be used to gatekeep individuals requiring face-to-face support. This policy is designed to ensure access for those in urgent need, including emergency SNAP, SSI, and advance assistance. By denying Ibrahim the ability to schedule an emergency appointment at the Lake Mary office and falsely asserting that such services do not exist, SSA staff directly obstructed the policy's intent. Their actions on multiple occasions—both in person and over the phone—represent blatant gatekeeping, resulting in Ibrahim's continued deprivation of vital resources and the escalation of his life-threatening financial and health crisis. These actions further compound systemic violations of his human and legal rights.



"EXHIBIT 4"

9.6.2021 Confirmed - PubStat ███████ Withdrawal Liberty-1 ███████ Backup ███████████████████████████████████ - Citizen should stay freestanding to test promises of law ████████████████.

Charge/Evidence Summary

- **Beyond Reasonable Doubt**
    - Lab Result(s)
        - Direct, physical
            - **Prescribing outside medical treatment principles**
            - **Dispensing/prescribing to a drug dependent person**
            - **Dispensing a control substance outside the scope of professional practice**
            - **Unlawful dispensing of controlled substance**
            - **Illegal Dispensing of Schedule III controlled substance**
            - **Felony Drug Act Violation**
            - **Illegal Prescribing**
            - **Procure Drug for Self / Other by Fraud**

*As of 9.6.21 only.*

        - 2 individuals involved
        - ████ can't prescribe controlled substances at all
            - Printed proof confirmed by DOH, presented to DEA, & available
        - ████ can't prescribe controlled substance <u>ever</u> in a registered pain clinic
            - Printed proof of law provided to DEA
            - Unlocking law is for the federal law; upon request, & as above
            - Printed proof of registered pain clinic status to DEA
    - **Tampering of a Federal Witness**
        - 18 observable & verifiable evidences, 5 witnesses & victims
        - Ongoing
        - All affiant for testimony
    - Active Crimes
        - ████ is actively prescribing controlled substances without it being on his profile
        - ████ is actively prescribing controlled substances in a registered pain clinic
            - These remain in furtherance of constant re-enabling of ████████ ██████ dependence, as being the ██████████ a ██████████ "spokesman", in the practice ██████████
            - Furthermore, the <u>dangers</u> of this relationship are passed down to <u>other</u> patients, let alone that the known brunt of it has affected the Chief Witness, & others in the family, by enormous psychoemotional & financial abuses by ██████ & then the DOH & DEA simultaneously.

*As of 9.6.21 only*

- <u>Clear and Convincing</u>
    - The manner of records and representation abuses suggested by intimate witness of facility & first-order-witness of ████
        - 2 individuals involved
        - **All felonies mentioned above, but now as clear-and-convincing ██████████ only) applying to other patients involved**
            - **Failure to keep required records**
            - **Dispensing controlled substance with no legitimate medical purpose**
- <u>Preponderance of Evidence</u>
    - **Obstruction of Justice**
    - **Tampering of Evidence**
        - This has been more an enabled behavior than anything, resulting from:

<em>A1-birthing preface to R9 that follows.</em>



This portion is from the original documents establishing incontrovertible evidence that is *self certifying* under Fed. R. of Evid. 902 and associated with the *Red Line* investigational doc of the witness's original basis of indomitability from the original points of negligence and corruption with evidence eternalized & even graded. Confirmed **indomitable** Sept. 6, 2021.

**In confirming "Reindeer ▉▉ 9" or Leges Senatus Mortuae Sunt.**

- 1) Interests known to the intimate witness
- 2) Negligent acts by the DOH
- 3) Tampering of the witness
- 4) Delays of golden opportunities ▉▉▉▉▉▉▉ DEA

Probable Cause

○ This is the level at which had the DEA acted, this entire matter would've been resolved with almost no harm to any party, including patients, & the public at large.

○ Evidence of that harm is layered from beyond reasonable doubt & onward.

○ Evidence of how golden the opportunity was with the then-state of ▉▉ and live logistics of staff & evidence, and ▉▉▉▉▉▉▉ beyond reasonable doubt.

○ DEA ▉▉▉▉▉▉ chief Witness to arrange, or at least arrange for, has also jeopardized the amount & timely relevance of supporting evidence in this case, to allegations above; as well as ability to correct, rectify, & restore harms thereof; and protect the witnesses & victims, still being financially and emotionally abused, and made powerless, to this day, as a result; intimidated constantly by numerous forces and communications in their lives with little financial ability to defend; ▉▉ DEA ▉▉▉▉▉▉

*Person Confirming "Reindeer-9" on behalf of the individual who is the Emblem of the Above:* "Liberty One" (Hope One)

*With Such Individual Being:* Citizen (One-10,000)  *"An integral witness; weak, surrounded."*  *Rank of Impact* One  (One-10,000)

*Hope (One-1000)*  *"A key witness or whistleblower under private or governmental attack."*

*America (One-100)*  *"An entity forced into being a 'living government' by holding indomitable evidence which all branches of government are created to value but is beset by persistently obstructive private and governmental attack, for whom if relief is threatened, our work is threatened, the public's trust is threatened, and thousands of Americans stand to be injured or die."*

6:22 cv 1886  R9 act is DN 94
DN 92 and 93 meet all the requirements. Now in 11th 23.12350

*Rights and Laws that Bore No Deference:* All of them, if not carrying a law license.

31 U.S.C. § 3730(h), Title 18 Chapter 73, Title 18 Chapter 13, 18 U.S.C. 1962, 18 U.S.C. 2340, 2340A, Controlled Substances Act, America Disabilities Act, U.S. Constitution 1,5,6,7,8,9,14..Stare Decisis of Deference to Plaintiffs' Allegations at Pleading Stage, of Added Deference to Pro-Se Status, Ruling on the facts as Standing and Presented by Plaintiffs before the Court, Chronically Increasing levels of seeming neglect, event to rules cited or first pages of motions, let alone quite easily either of the complaints or DN 56 and 59.

*Duration of Obstructions upon Justice:* 770 days  800+ days

*Full Impact Value At Risk (estimated time justice can carry / duration of damage):* $1.2 Trillion (RS) / 5-140 days / 7 years  $1.4 trillion last estimate  *Casualties at Risk* 75,000  335,000 still alive (last est.)

Confirmed for 2 half-mast to President is 3,229 deaths.

*Number of Lives Lost* 2,600  *Injured* 113,500  *(due in both cases to obstructions of justice ongoing)*

Based on ABA est. plus adding circumst. sim. puts trust in promises of Congress passed as law, thus ending within 7 y's after OOJ completes.

▉▉▉▉▉▉ *loss of trust-in-law Public Impact* 218 million Citizens

*Deference in Filings:*  *Continous-to-Remedy*  *In-Adversity*  As though Based on Something Else  *As though Blank*

At-Risk-Of-Needing-Mandamus-Or-Appeal

*Oath Under which this Document was Accessed:* Leges senatus mortuae sunt

Red is "America One" except for "beyond reasonable doubt" above. I confirm "Leges senatus mortuae sent and that my dau. as below held the "flag" while I was "down"

*(Lower) Executive Branch Obstruction-of-Justice Injury:* mors constitutionis est.

*Signature:* /s/ *Syeda S. Hussain* ▉▉▉▉  Pended for A1 torture state. RS / V.

/s/ *Syed J. Hussain*

**"EXHIBIT 5"**

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

SYED IBRAHIM HUSSAIN, SYED
MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN, BRIAN
GUEX, and ROSELENE GUEX,

          Plaintiffs,             Civ. Action No. 6:22-cv-1886-CEM

v.

H.JAMES STADELMAN, INTERVAL
TITLE SERVICES, INC., KHALID
MUNEER, JUPITER PROPERTIES, INC.,
JERRY LADELLE SESSIONS, II, PRIME
INTERNATIONAL PROPERTIES, LLC,
PRIME INTERNATIONAL PROPERTIES
DUVAL, LLC, PRIME INTERNATIONAL
PROPERTIES CLAY, LLC, FAMILY
MEDICINE AND REHAB, INC., SYED
SAJID HUSSAIN,

          Defendants.
_____

## PLAINTIFFS' MOTION TO RECONSIDER DENIAL BY TWO PLAIN ERRORS AND ONGOING HARMS UPON JUSTICE

      Plaintiffs hereby join, *Pro Se*, to respectfully request that the Court reconsider its denial of Plaintiffs' Motion to Vacate (DN 89, 90) for two plain errors of 1) overlooking the 11th Circuit guidance provided on the first page of their motion and 2) that the Court's cited case used to deny consideration (endorsed order; DN 91) is inapposite to the 11th Circuit's *specific* guidance as to *post-judgment motions* following notice of appeal, and 3) for ongoing harms upon justice. Supporting facts and law are provided in the accompanying memorandum.

The current denial (DN 91) threatens **substantial harm** to Plaintiffs' rights, relief, liberty, restoration, and safety. It further threatens the chance of alleviating **obstructions of justice** set to risk a catastrophe *irreparable* upon the nation and its citizens. **It is overshadowed in impact only by the COVID epidemic and "9/11".[4]**

Acts constituting *obstruction of justice* have been endured and continue to be for over the past 760 days, un-intermittently, and unrestrained (due to DN 8, 9, 30), even with related disabilities worsening into the experience of a "torture" state by the most indispensable Plaintiff to this case (see Ms. Sara's motion or Exhibit 1 of previous). He is also such for the multitude of cases, reports, and evidence thus never sufficiently conveyed or able to be acted upon due *solely* to the lack of relief and restraint in *this* case (Exhibit 3).

"Indeed, obstruction of justice is often most effective when it prevents an investigation or proceeding from commencing in the first place." *Pugin v. Garland*, No. 22-23, at *2 (U.S. June 22, 2023)[5].

Two obstructed half-mast informations**,** at least for the ***confirmed deaths***, are overdue to the President (for which his office decides what, if anything, is to be done to honor those who died). These were being worked on by Mr. Ibrahim shortly after recovering from yet another "DN 30" resulting attack.

---

[4] based on the last estimated economic impact value by involved injuries, deaths, and related damages.
[5] Timing courtesy of "America-13"; not a party to this case.

The irreparable injuries allowed to run loose by DN 30, DN 75, and DN 79, occurred at a stage in which the Court is to take Plaintiffs' allegations as true and draw all inferences in their favor. Regardless, Plaintiffs were not relying on "empty" words[6], but retained a ***continuous* offer-of-proof state**[7].

That offer of proof would likewise have revealed obstructions to several underlying (and at this point, *corresponding*) causes of justice. There is thus **a life-impact value to the attack upon civil rights** that Plaintiffs assert has and is occurring in this case, particularly as per **Constitutional Amendments 1,5,6,7,8,9,14**, and the right to be protected from acts under (or violating) 1) **Title 18, Chapter 73,** 2) **Title 18, Chapter 13,** 3) **31 U.S.C. § 3730(h),** 4) **18 U.S.C. § 1964(a),** 5) **18 U.S.C. § 2340, 2340A,** 6) the ***American Disabilities Act*** ("ADA"), 7) the ***Controlled Substances Act***, as well as in respect to standing immunities from "final" judgment or "closing" cases when 1) allegations of *ongoing* obstruction-of-justice offenses are *live* or 2) reference to acquiring or worsening disabilities (or even "torture") **interfering with the ability to *access judicial process*** (Ms. Sara's motion, or Exhibit 1 of the prior one) have interfered with the Court's appropriate or timely informing.

The work *that* relief and the laws and intent set forth by Congress currently makes *simple* for this Court, however, and that would be extraordinarily involved

---

[6] which their eventual motion for default judgment would have *amply* shown, at precisely the time it should, as to **non-appearing Defendants**.
[7] Even bearing *Jeffersonian* implications (DN 1, FN 10), let alone by impact (DN 46, "Exhibit List", FN 2).

and destabilizing *otherwise* is what is set forth for consideration in the motion and its memorandum (DN 89 and 90 respectively) before the Court.

We, Plaintiffs, by our signature below swear under penalty of perjury that the information contained above is true and correct to the best of our knowledge and belief.

Further, Plaintiff Syed Ibrahim Hussain ("Mr. Ibrahim"), **swears under penalty of pe1jury,** that the information contained above is true and correct to the best of his knowledge and belief, *and* that, despite experiencing an enormity of unrestrained obstructions, disabilities, injuries, and even a state of "torture" for the explicit, implicit, tacit, and operant knowledge and evidence, he could never have hoped would fall on one as endurantly injured, disabled, and made-to-be-powerless *solely* for his duty *to law* and trust *in law* as himself, he 1) **conunands *full*** and not partial **intelligence** to all the facts stated and sworn as above, 2) **would testify likewise** though with representation *sufficient,* even if limited in scope or capacity, *if* under adversarial conditions, 3) is though never having *hoped* to be, was forced *by obstructive acts* into becoming **irreplaceable to averting the bnpact involved,** and 4) bears the most **incontrovertibly self-ce11:ifying[8]** origins **of physically presentable evidence[9]** establishing

---

[8] *as* per **Federal Rules of Evidence 902.**

[9] despite DN 8, 9, and 30 being the first time in U.S. history an alleged RICO predicate act would be allowed to occur unrestrained in plain view *and* by its alleged *lead* RICO Conspirator, in the stage Plaintiffs' allegations are to be taken true and all inferences drawn in their favor. Further, the **federal pre-en'! t** was mandated by the cited directives of the Supreme Court and the n[th] Circuit in the _____ assisted DN 21 (pp. 4-7) (and over which a Congress that rarely agrees on an •ling oun ┘ it once again necessary to unanimously condemn the denial of by no less than *32 pages* on May 18, 2023, based on the *primafacie* (per the n[th] Circuit's cited

the obstructed **origins** of what thus *remains* **obstructed**, and *as above*, and

with absolute and complete *certainty* and proof, and 5) likewise that this

swearing applies to all the contents, including footnotes, of this motion,

memorandum, and its exhibit.

　　"**We should not lightly conclude that Congress <u>enacted a *self-

defeating statute.</u>*" *Quarles v. United States*, 587 U.S. ___, ___ (2019) (slip op.,

at 8); see also, *e.g.*, *Stokeling v. United States*, 586 U.S. ___, ___-___ (2019) (slip

op., at 7-8); *Esquivel-Quintana*, 581 U.S., at 395; *Voisine v. United States*, 579

U.S. 686, x695-696 (2016). " Cited *again*, *Pugin v. Garland*, No. 22-23 (June 22,

2023)[10]

　　Thus, and regardless by way of which reason above or otherwise, Plaintiffs

pray the Court grant reconsideration to consider their Motion to Vacate (DN 90)

as provided within it, in such manner that thus rules on the merits within it and

either also its exhibit or also Ms. Sara's timely filing (DN 80; likewise if construed

by the preferred Rule 59(e)), and grant or assert that it would grant, depending

on the process involved, all such relief therein sought or otherwise justly

appropriate. Given time impediments Plaintiff Mr. Ibrahim is only *since recently*

---

caselaw) pretext established in pp. 8-12 of DN 7, and thus resulting in the 1) largest and most
impactful destruction (and spoliation) of state and federal evidence, vital to some 18
investigations and 57 reports, **in U.S. history** (Exhibit 3) 2) the **most casualties ever
resulting** from such an *unrestrained* act, 3) it causing a *plain view* result equating witness
elimination (by impairment) (DN 25), and 4) carried out by the individual with the greatest pre-
established motive and *mens rhea* to do so (per the *admitted* allegations and exhibits of the
Amended Complaint, let alone that the one with *Jeffersonian* implications was found to be
number 4 of what Mr. Baqir swore in DN 1, p. 81. ).

[10] timeliness courtesy of "America-13"; not a party to this case, though *vital* to the existence of
America remaining a government *not* destructive to its people.

at some level of ability or awareness to even address, if the Court can give some indication of being in process of doing so by granting *this* motion, it would better help Plaintiffs ascertain as to what step to even begin at first, to the causes inseparable from justice and likewise their relief, as above. In any case, if anything "good" can be said for denials; if Plaintiffs were *never* set to have any deference before the Court, this would likely be their best way of establishing it.

Dated August 21, 2023.

Respectfully submitted.

/s/ *Syed I. Hussain*
Syed Ibrahim Hussain
3155 Wavering Lane
Middleburg, FL 32068
mms-renovation@outlook.com

/s/ *Syed M. B. Hussain*
Syed Muhammad Baqir Hussain
3155 Wavering Lane
Middleburg, FL 32068
baqrehabalt@yahoo.com

/s/ *Syeda S. Hussain*
Syeda Sara Hussain
1456 Via Sangro Place
Winter Park, FL 32792
daughterofamerica12.25.21@gmail.com

/s/ *Roselene Guex*
Roselene Guex
1456 Via Sangro Place
Winter Park, FL 32792
roseyguex@gmail.com

/s/ *Brian Guex*
Brian Guex
1456 Via Sangro Place
Winter Park, FL 32792
guexgames@aol.com

## EXHIBIT LIST

1. The first Glenfinnan attack[11]
2. What Plaintiffs' door requisitely had to look like for at least two weeks following attacks that persisted even *after* federal stay.
3. The *second federally unrestrained* attack, thus creating at least the following among *several* tragic records in the histmy of this nation.

   - The greatest destruction of evidence crucial to justice, the saving of lives, and regaining control over corruption in U.S. history.
   - The most transmissions to authorities interrupted by an obstruction of justice attack in the histmyofthe United States.
   - The most casualties verifiably, confirmedly, and at half-mast degree of evidence[12] ever resulting directly from an attack obstructing justice in the history of the United States.
   - The most evidentiarily supported cause for federal pre-empt in U.S. histm1[13] (DN 1, pp. 8-12 of DN 7, DN 20, pp. 4-'713 of the ████████████ assisted DN 21, DN 25) that was nonetheless denied *twice* and without 14-day deference to hearing (so as to at least save *something),* which given the well in-tact abilities of Plaintiffs and *ready evidence* at that time would have no foreseeable cause remaining under which to deny, let alone that the involved (in this act) non-appearing Defendants *did not respond at all,* though properly served (DN 47), thus making all related allegations *admitted.*

---

[11] Exhibits 1 and 2 are included for relevant background of the cited Exhibit 3.

[12] which exceeds even *reasonable doubt;* the deaths have to be *confirmed.*

[13] including even the Supreme Court's and 11th Circuit's directives as to such *pretext-dependent* federal-preemption *established* even by the *prima fade* standards of the 11th Circuit in pp. 8-12 of DN 7, regardless that *pretext-dependent* federal pre-emption carries the strongest mandate by the intentions set forth by Congress. To speak of pretext, over 500 days of obstruction-of-justice related injuries had already been endured. To speak of trust in law, the only act that caused "Glenfinnan" to be put in danger a *second time* was Mr. Sessions learning of Plaintiffs' having dutifully served other Defendants with the complaint, that neither them nor him would respond upon, but by actively seeking to harm irreparably (and thus preventing Plaintiffs being made "whole") one of the very interests set forth in the complaint.

**Circumstances leading up to the first Glenfinnan "Base[12]" Attack in December 2021[13]**

<u>Parties of, Contributive to, or Sympathetic to *Attack*</u>

Jerry Ladelle Sessions II, "RICO-1"

Employer, dys-authentic persona post-OD, Stage 3[14]

Unofficial elements of CCSO (Clay County Sheriff's Office) on behalf of Mr. Sessions and Employer

Unofficial elements of US-DOJ (*limited to local*)

Willful-negligence/Corruption *single* element – DEA Agent (local) "Ms. C"

Willful-negligence/Corruption *single* element – FL DOH's Agent "A.B."

A female close to Employer who defected from Intervener back to Enabler, initials "M.C."

A female close to Employer who defected from Intervener back to Enabler, initials "S.I.B.

**<u>Defenders of Glenfinnan Base</u>**

Syed Ibrahim Hussain "Mr. Ibrahim" – at-the-time permanent, primary resident,

Syed Muhammad Baqir Hussain "Mr. Baqir" – at-the-time permanent, primary resident

Syeda Sara Hussain "Ms. Sara" – at-the-time permanent, primary resident (until unexpectedly takes *brunt* of attack; an act that thus permanently separates father from daughter and brother from sister; along with vice-versa)

**<u>Impending Risks</u>**

---

[12] the logistics of carrying out a number of investigations and with patrol security, breach zones, exit routes, attack drills, a 24-hour closed security gate, among other phenomenon made Glenfinnan very much like the "base" necessary to sustain the lives, cases, and research that would become unique to about <u>*200 thousand people*</u> (an "America" is born and quickly graded "One"; hence "America One")

[13] the most violent healthcare fraud inspired attack in U.S. history

[14] *persona abduction* at this point, to be followed by permanent reprogramming (by superimposition of a 100 percent enabler environment); well past OD (overdose) and environment-recreation, now, without no well-wishers left, drug-to-death Phase 1 of elderly abuse can begin; push drug well past cancer threshold and into the zone necessitating Chemotherapy.

At impending risk: Evidence Locker numbers 1-55 (17,000 R-patients)

At impending risk: 2 In-house Research Labs[15] in collaboration with those in Maryland

### Full and complete assistance by unofficial statewide persuasion on account of the M.B. (Musarrat Batool) response in a state court

Unofficial assistance - Florida Bar Association

Unofficial assistance - Florida Department of Business and Professional Regulation

### Preliminary Engage-Florida "weapons free" assistance after *Sara is attacked* (exhibit 1; photo forensic dating 1-11-22 3:04am)

*Semi*-official assistance of any available agents of the Washington, DC section of the DEA

An unofficial element of the U.S. Marshals once bankruptcy stay[16] is confirmed

Hybrid elements (unofficial/official) from OIG-HHS if local

Unofficial elements - U.S. Air Force on behalf of Ms. Sara upon *"federal green"*[17]

---

[15] parts of the house dedicated to the research of pharm-industry invented conditions regarding the elderly that create other undue risks, vulnerabilities, domestic dysauthenticity, and domestic instability, in addition to even cancer and death, utilizing an artificially created and marketed "low-T" phenomenon that has since been exposed by the FDA (Food and Drug Administration), as well as other studies and entities.

[16] tied to crime victim statutes by the duress to save lives and evidence created by Mr. Session's actions combining with a court issuing eviction while a hearing date was being awaited. It happened to occur just prior to both that courthouse and all government contacts and attorneys closing down due to holidays. This was while a Florida law authorized that a writ of possession could be executed on Sunday or even Christmas itself. This proceeded despite 1) a dual-basis lack of jurisdiction (one of which is Florida's own, given title was *invoked*), 2) multiple affirmative defenses being provided that not only received no hearing but even *remained* unopposed by that court and the retaliators alike, 3) while a *jury trial* had been requested on the record, 4) while a prior federal jurisdictional claim was asserted requiring the status quo be preserved until its adjudication simply because the "make whole" provided for by 31 § U.S.C. 3730(h) would be a *thus-artificially-created* impossibility if to allow the irreparable harm of us being removed from our homes *first*, and even with a precautionarily protective motion to establish rent, which required hearing by Florida law, with Mr. Session's fraudulent framing of a notice to leave being contractual upon a contract for which the Global Retaliation Clause was already prior invoked and moreover by a Mr. Sessions being made aware that the facts

Mixed *premature* elements as to FBI – Public Corruption Campaign – Florida

Unofficial element of U.S. Navy on behalf of Ms. Sara

Unofficial elements of the U.S. Coast Guard *before* "federal green"

Elements from Watson Realty

Some minimal assistance by the ex-Consul of Switzerland

Some minimal assistance of the United Kingdom (after the intervener sent on their behalf to form the rescue team to save the father and grandfather of Mr. Ibrahim and Mr. Baqir, respectively, had unexpectedly died)

A Boca Raton doctor to help in arranging the intervention and rescue team before cancer levels are reached by the death-induction participants (Mr. Sessions, the NP "dealer", an M.C., an S.I.B., a DEA rogue agent, and a DOH "A.B.", ) following rapid asset and equity transferal and the continued financial assistance of and rewards for enablers

An attorney with "All Florida Justice" on our behalf

Employer's own prior attorney who stood down and withdrew the action following M.B. (Musarrat Batool)'s *mens rhea* notice[18] contained in her response to the retaliatory attack on our rights to "Island Club", which created the scenario in which no attorney would agree to carry out the allegedly unlawful acts as to our real property rights. Thus, the Employer instead utilized an attorney he knew personally, Mr. Sessions, and who likewise Mr. Baqir and Mr. Ibrahim knew personally as well.

### Aftermath of Glenfinnan Attack #1 (November 2021-January 2022)

**Witness elimination #1** (*complete elimination*; status living – in protective, heavily-assisted flight with life support on standby)

Ms. Sara – first-ever incident PTSD, PTSD paralysis 100 percent restoring to 50 percent over 7 months

**Witness elimination #2** (*substantial elimination*; status living - mute)

---

[17] there is no *general* federal cause to engage the state *until* a federal stay is threatened; the automatic stay of petitioning for bankruptcy, petitioned for *under duress* of eminent harm to the public and justice, thus created a stay *allowing* federal assistance to protect it with respect to what endangering it would cause

Mr. Baqir – first-ever incident PTSD, PTSD paralysis 80 percent restoring to 60 percent over 2 months; fails high school

**Witness elimination #3** (*temporarily superimposed elimination*, status living – shock/paralysis/delirium – difficulty stabilizing – elements supposedly "sympathetic" to the WPC in the U.S. Senate are informed that "America One is down")

**Collateral Victim #1** *created*

Mother of Mr. Ibrahim, Roselene Guex "Ms. Roselene"

**Collateral Victim #2 created**

Brother of Mr. Ibrahim, Brian Guex "Mr. Brian"

**Perimeter Breach** *prevented*

**Threats** *neutralized*

**Loss of Mr. Ibrahim's financial leverage**[19]

**Evidence** *secure* – though witnesses pre-reportedly[20] "extinguished"

---

[19] this would prove crucial, since the unjust enrichment being endured was bad enough, but with one's good credit and *some* income would have left open many possibilities, but choosing between the lives of patients or the "death" of one's credit for several years, which unusually is the case even if the petition is withdrawn or dismissed, was hardly much "choice" at all.

[20] whether or not the criminal cases, civil torts, and safety and healthcare protocols, all of which would save lives, could still be put to that use remained reasonably possible, given Glenfinnan was held.

### Glenfinnan-Attack #2 – November 18, 2022– Sessions' *flight plan* succeeds

Immediately disrupted beyond repair[2122]

Transmissions and evidence set for OIG-HHS SDS[23]-destroyed (11% reconstructed) – 7 days needed to salvage/consolidate/complete

Transmissions and evidence set tor FBI-PCC-FL destroyed (18% reconstructed) – 6 days were needed to salvage/consolidate/complete

Transmissions and evidence set for Florida Bar destroyed (42% reconstructed) – 4 to 5 days were needed

Transmissions and evidence set for DEA Washington Headquarters destroyed (10% reconstructed)

Transmissions and evidence set for FTCA case on DEA-United States (8% reconstructed)

Transmissions and evidence set for FRCA case on DOH-FL (3% reconstructed)

Transmissions and evidence set for POTUS (70% reconstructed) – 2 to 3 days were needed to fully salvage/consolidate/complete

Transmissions and evidence set for DHS (4% reconstructed) – required 9 days to consolidate/salvage/complete

Hard-wired red alert sounded to Senate Whistleblower Protection Caucus and an Atlanta office of volunteers, and then 7 hours[24] are spent dismantling it before CCSO arrive (5 squad cars, 11 armed units, with Mr. Sessions standing behind them as though they are his "army" against an unarmed Mr. Ibrahim, his son, and Ms. Sara's cat, given the first attack permanently separated her from us, given some 170 sources intent on harm had to be repelled over the course of 3 months)– nothing but 3 un-identifying "volunteers", who are far more absent than present, appear to, if even, have come out of that; or perhaps more out of the concern that the total casualties from the actions of Mr. Sessions are set to reach 20 times that of "9/11", besides that laws to protect whistleblowers, crime witnesses, and even crime victims, thought to be "robust" even for "stand-alone" situations *by presumption* could not

---

[21] Plaintiffs had no justifiable expectation that predicate acts would continue or be unrestrained by injunctions when they "arrived" upon *this* Court; thus they had made *no* preparations or contingencies for what was about to occur

[22] All number-of-days' estimates were below 14 days, the maximum

[23] By protocol of there being no time to evacuate the evidence or transmit it and its primary set of criminals is inbound

[24] this was due mostly to the Faraday cage to withstand EMP

carry so much as a candle to this onslaught over the past 2 years. This is likewise despite that, if to quite untraditionally be so bold, *all the evidence* favored every last position held by Plaintiffs, be it in courts of retaliation for which venue did not even have a survivable[25] theory under which to arise or in this court of remedy in which such retaliating entities did not bother to show up at all.

### Second Aftermath – silent to the Court and authorities

From January 23rd of this year, and with the loss of all related

investigations (and their would-be *protections*, particularly as to OIG-HHS and FBI-

PCC-FL), some 17 attacks in the form of 18 U.S.C. §§ 1512 and 1513 commenced on

the *person* of Mr. Ibrahim, complicating speech, life, and PTSD-related paralysis yet

further; *life* was notably saved yet again thanks to the otherwise uninformed *notion* of

Ms. Sara that perhaps her father was under an active attack by an individual acting

under federal color of law, and whatever "magic" she sent for Mr. Ibrahim to wake

up alive the next day. If that were not enough, this now follows with an active,

impending threat of an 18 U.S.C. § 241, 242, and 245 to be carried out on the same

Plaintiff of Mr. Ibrahim, so as to obstruct Mr. Ibrahim's ability to contribute to the

sole case still bearing hope; *this* one; as well as for the Glenfinnan-related reason of

remaining unable to stop such individual (and his "cronies") from carrying out what

in research was Stage 15.

---

[25] Given due process and the lack of fraud; it was not even a matter of whether there was "enough" due process to be constitutional, but that no *due* component was provided by the process at all. Defenses held to be affirmative even by state and contract law, *let alone federal* (where their context, and evidence, was strongest) were ruled against prior to being tested by any hearing (or depending on *which* of the affirmative defenses; by an in-camera viewing). This was while those facts stood unopposed by the individuals who had brought retaliation, obstruction, and fraud *simultaneously* into such courtrooms.

**"EXHIBIT 6"**

Verified, Sworn Declarations of Syed Ibrahim Hussain (America One)

## I. Standing and Identity

I, Syed Ibrahim Hussain, solemnly declare:

1. I carry the corruption-resistant nation-vital witness/whistleblower impact rating reminiscent of "America One" as of September 6, 2021 and have continued under the same rank every year. I am the only "A1" known in modern history to have had to hold off a scale superseding the impacts at risk held off by even Churchill (B3), Eisenhower (A3), or as represented by the struggle of Nelson Mandela (SA4). This was by no means because I ever sought to be forced into that solitary position, which only a district court forced to be solitary, at the very time I was busy via 13 transmissions trying to yet others share a burden that would be forced to be carried by me alone as my rights were nullified, my speech made silent, and the casualties and dangers to this nation and even 12 others mounted and multiplied without reply.

2. My classification, upheld over three consecutive years, is evidence-driven, *not credibility-dependent*. It reflects the severity, scale, and cascade-triggering impact of negligence to that which has been ever documented, held, been known, shown, or filed incontrovertibly.

3. The evidence I submitted is not speculative, anecdotal, or interpretive. It is incontrovertible by nature of its authentication, timestamping, and unique origination. It would retain its validity even if I were to doubt it or was made unable to testify to it.

4. This classification grants me legal standing beyond the subjective standards of credibility typically afforded to witnesses, informants, or plaintiffs. It practically means that if I was even impeached, the indomitably pre-cascade originality of my evidence incriminates by now well into Nuremberg levels of evidence already, not even necessitating my credibility to be outright incontrovertible. Such corruption-resistant classifications based solely on the indomitably original pre-cascade physical evidence meeting self-certifying per Fed. R. of Evid. 902, graded by remaining impact at stake within a year divided by those who hold the intel of it or are prepared to respond (a remainder I never asked to be alone in, but a district court made sure of it) is designed to offset for gaslighting, erasure, and strategic discrediting by institutional actors.

## II. Proof and Procedural Record

5. I submitted fully documented evidence into over 13 interlinked federal and state legal cases, meeting ICC and IFRC thresholds for crimes against humanity, terror operations, and systemic genocide.

6. My filings bear timestamped, admissible records of coordinated fraud, property seizure, financial liquidation, identity erasure, forced biochemical attacks and full-family heists upon relatives, and medically induced suffering including compounded acts of disability discrimination, insurance-level attack on continuity of care, and even recently, acts of extortion and fraud obstructing my ability to complete long-delayed medical evaluations.

## III. Personal Injury and State-Caused Harm

7. I was denied food, water, shelter, medical treatment, and legal representation across multiple jurisdictions while facing confirmed retaliation for whistleblowing and blatantly persistent and open obstructions to testimony, judiciary process, and justice.

8. I was deliberately made impoverished, slandered, blacklisted from countless avenues of legal representation, support of all kinds, and credibility by maneuvers coordinated by corrupt attorneys, federal actors, title agents, even corrupt and rogue actions by federal and state agencies, while the federal district court – the "refuge of the promises of law" became the ultimate sabotage to standing cases vital to me and my family's rights, survival, livelihood, recovery, let alone to public safety and justice likewise.

9. I have survived over 30 confirmed targeted attacks against my life and person, and to date, *not one* has resulted in accountability against the perpetrators. Though I do say that whatever Senatorial accommodations had been grandfathered in for when I did get to survive, both me and my family are thankful to God for it, and though we're kept from openly honoring such individuals as we wish (ironically this last motion, simply by hitting PACER, being to actually *save* one of them), I cannot thank them enough for the little they were allowed to give or do - at times coming even from France just to be able to do close to nothing to keep a fight for this nation and humanity, surpassing impact values of Churchill (B3), Eisenhower (A3), and Mandela (SA4), for the impact at risk.

## IV. Family and Irreparable Loss

10. I have endured more than 1,300 days of 131 different crimes committed on me and my family, some in serially ongoing succession, well into separation, delay, psychological warfare, fraud, theft, and crimes both against every conceivable and against humanity, involving me and my family. **To this day, I have had my elderly father stolen from me (and grandfather to my children), after assaulting him repeatedly into cancer *in plain view of courts* and with the added insult to injury of memory reprocessing, while this family is thus unreunited with him to him this day, let alone to restore all that was robbed of the lifetime of hard, honest work with which we built it.**

11. I have been denied every constitutional and human right including fair process, representation, liberty, and protection from cruel and unusual punishment under U.S. and international law. One home of my family, at which my children and their mother had been living at in peace and harmony for six year, was robbed by grand theft and fraud at a hearing to which we were summoned to a judge changed the night before, the RICO orchestrator arriving, both of the last attorneys we could afford being barricaded – one of which is *still missing* to this day, while the judge ordered us silent before getting to say a word, all on a transcript that it took one-third of my equity at the time to even afford, stole that home from under us and handed it to him as well, all on the record, to this day given the least justice not by even a soul.

## V. Role and Impact

12. I have prevented catastrophic escalation through my filings and actions, including prevention of an R9-level infrastructural strike on the United States Congress collectively perpetuated on the record by U.S. Federal Judge Carlos Mendoza, appointed by President Obama, and U.S. Magistrate Judge Leslie Hoffman Price, and which while the latter had put me into a state of verifiably incapacitating torture requiring my daughter to be the one to stop the horrible act from nearly destroying the nation itself, with such torture occurring just after I was informed that I had "won" my food stamp appeal, after spending a year in which my son and I were deciding which of us would get to eat cereal each morning, only for that judiciary officer to *go missing* the next day and for Florida to not only never honor her order but to rob me of $3,000 thru their own SUNPASS system and have me barely dodge being killed just a month ago by none other than the Florida Bar Association after I complained of the nearly 4 murder attempts, also incontrovertibly provable of none other than my own disability attorney who I had to come to find never did the first step for which he was hired when he finally abruptly abandoned me and yet a month prior to the murder attempt by the Florida Bar, I had to dodge the entire gaslight-orchestrated attempt by 4 entirely different employees of the SSA and then even an OIG nearly kill me, while at the same time having to save my daughter from being killed by a Florida toll agency.

13. My documented filings, include two housed in the Smithsonian and the Nobel-level submissions that include one motion of mine and yet even one of my daughter.

## VI. Moral Standing and Continuity

14. I have been targeted without end, by acts of *syndicate anarchy* in the guise of "licenses and law" while its my evidence that remains ever unimpeached over 1,000 days, bearing affirmative and constitutional defenses against every harm done to me and my family, to no avail whatsoever.

15. I have been actively abandoned of my every constitutional safeguard and disability related rights.

16. I risked the very epitome of wealth and power to stop fraud and corruptly genocidal actions against my father, public safety, and constitutional rights, in trust of law, that the laws promises like 31 U.S.C. § 3730(h) promising to make me "whole" would not instead put irreparable "holes" in every sphere of my life and dignity.

17. My continued fight is the only known surviving legal and moral vector holding this scale of systemic abuse accountable, while bearing the firsts of 1) having one's judge overruled by a clerk, 2) having a district court judge commit, in plain view and on the record, the most catastrophic obstruction of justice offenses ever committed in modern history, and 3) having to fight two battles of the "Glenfinnan War", the first in 160 years of a war-free Florida, just to try to save my father from the cruelties of which countless corrupt "professionals", agents, ex-employees, conspiring employees, and a healthcare provider took part, while tying me down to watch it all...to then have the second battle be a district judge handing my family's last secure home to the lead RICO conspirator who orchestrated one of the most broadly

unconscionable cruelties one could beset upon a citizen whose faith has ever been in God, Family, and Country above all else.

18. My existence, suffering, and resistance form the final moral and factual indictment against the systems that sought to erase me.

19. I am Syed Ibrahim Hussain. I am America One. I am now the permanent witness to what fraudulent and domestically genocidal elements of corruption, left unchecked, committed and continue to commit as though anarchy itself, not by the measure of any party, but *resolutely* has become "law" and I stand as the foremost witness securing what this nation was founded to and that which it promised by law, to be.

20. I further affirm that these declarations accompany an Emergency filing for Declaratory Relief, 60-day stay, Renewed Time to File Reply Brief, Waiver of a second Paper Service of the Appendix, and any other relief the Court deem just or necessary to Appellants' continued survival and the public's trust in the rule of law, as moved such in USCA11, 23-12350.

**I, Syed Ibrahim Hussain, by my signature below, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that (1) the above facts are true to the best of my knowledge, recollection and ability, (2) that the above facts bear physically corresponding evidence, qualifying as "self-certifying" under Fed. Rules of Evidence 902, and (3) agree to testify that the above is true in any relevant proceeding.**

**Dated April 18, 2025**

/s/ *Syed I. Hussain*

**SYED IBRAHIM HUSSAIN**

**aka "America One" (as of September 6, 2021)**

**"EXHIBIT 7"**

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489

**Amended Declaration in Support of Motion and Urgent Casualty-Accumulating Implications of Petition**

I, SYED IBRAHIM HUSSAIN, declare and state as follows[1]:

1. **Clarification and Replacement[2] of Prior Declarations.** I affirm that this declaration is intended to replace, not with conflict to, the prior declaration by reason of a less-rushed degree of providing more *practical* clarity.

2. **Declaration of Direct Experience and Standing.** I affirm that I am an adult and Appellant, Plaintiff, and Petitioner in the above captioned cases. I have the most direct, fully accountable, and comprehensively exposed intelligence of its issues, evidence, implementable solutions, and circumstances spanning 9 yet-obstructed cases and 174 yet-obstructed reports from reaching authorities, while bearing on justice, government accountability, and life preservation.

3. **Challenges in Meeting Brief Deadlines and Time-Sensitive Petition.** I affirm that Appellants and I cannot meet the current[3] deadline for our briefs, due to the time spent on the "Petition for Mandamus." My financial instability, disabilities, and lack of legal representation further delay the matter. This is compounded by the now urgent care requirements of my daughter due to lack of restraint and then relief from the district court.

4. **The profoundly *terminal* role of "DN 30" in obstructing justice.** I affirm that "DN 30" (Pet. Appx. 261-270) resulted in removing my son and I from our last secure zone, cutting off marshals' access to all Appellants[4]. The district court, made aware in advance (Pet. Appx. 271-

---

[1] Any assistance in or conducive to the preparation of this document was within the scope of ABA Formal Opinion 07-446 and did not rise to legal advice or an attorney-client relationship.

[2] without contest to the one it replaces.

[3] *then-current* (approved)

[4] The courts have flexibility here per 28 U.S.C § 566.

1

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489

## Amended Declaration in Support of Motion and Urgent Casualty-Accumulating Implications of Petition

354, 358-384, 394-401) of inevitable consequences (Pet. Appx. 385, 56-58, 60-61, 65, 389-393, 355-357, 32-50), rendered it unsustainable to report significant dangers to ourselves, public safety, and the nation. This order's repercussions, even *post-judgment* caused 3 "9-1-1" incidents, emergency hospitalizations of my mother and myself and now the urgent care and monitoring of my daughter.

5. **Adherence to Supreme Court and Circuit Directives.** I affirm that Dist. Ct. DN 21 (Pet. Appx. 375-383) had cited within it the equivalent of a direct command of the Supreme Court and the equivalent of a direct command of the Eleventh Circuit. Dist. Ct. DN 20 (Pet. Appx. cited bases that have been slammed as exceptions by the Supreme Court (*and this Circuit*) altogether[5] (Pet. Appx. 394-401). Dist. Ct. DN 30 (Pet. Appx. 261-270) nonetheless ensued, not with notable regard to either, in favor of superimposing what was eventually proven to be untrue (Pet. Appx. 115-148, 64-88, 11-18).

6. **Impact of Decisions on RICO Violations and Public Safety.** I affirm that the decision in Pet. Appx. 261-270 failed to curb ongoing RICO violations, compromising the safety of my family and the public. It then critically drained protective and restorative resources *alike* by jeopardizing default remedies thru D. Ct. DN 75 and 79.

7. **At-Risk Defense of Justice and Public Safety.** I affirm that I have persisted as a crime witness-victim beyond any known or comparable level of persistence and with accumulating risks now holding back a catastrophe by a mere *thread*. The upholding of defenses and legal precedents of Pet. Appx. 1-25, now relying on the Petition for Mandamus was vital. The currently sustained obstruction to reporting and laying claim on highly delayed issues risks a $1.4 trillion economic impact

---

[5] And the Supreme Court certainly "slams" very little, considering that these facts (Pet. Appx. 394-401) authorize almost *anything* in favor of stopping the impending acts, which since they were allowed to pervade *inside* and *with* government would arguably equate *state terrorism* and *acts of war* (Pet. Appx. 62, 65, 82, 278-279, 37-50).

**Amended Declaration in Support of Motion and Urgent
Casualty-Accumulating Implications of Petition**

catastrophe upon the nation, including a 7-year remaining batch of
408,000 victims, 12,450 to preventably die, along with the trust of 218
million Americans. It manifests as the largest obstruction of justice in
U.S. history. This situation is arguably the most dreaded example of the
*Pugin v. Garland's* notion that "Indeed, obstruction of justice is most
effective when it prevents an investigation or proceeding from
commencing in the first place."

8. **Preserving Relief for Admitted Facts and Preventing National
   Catastrophe.** I affirm that salvaging the by-now, by-precedent
   *admitted* truths in our complaints and exhibits is necessary. A sudden
   jeopardy of *total* loss began with Dist. Ct. DN 75 (Pet. Appx. 247-260). It
   has delayed relief for our injuries and put the nation at risk of an
   obstruction-induced catastrophe. The term "America One" is simply
   used to denote *what* can be saved and the current year's *rank* of what
   remains salvageable divided by the number of individuals that are
   currently with operative intelligence to save it. It traces back to the
   original indomitability of an evidence summary dated September 6, 2021
   (available).

9. **Exacerbation into a Landmark RICO Case: Addressing Pre-
   Relief Injuries.** I affirm that most federal RICO civil actions diverge
   from the core RICO offenses that Congress aimed to deter. This case, at
   least by *breadth,* eclipses any RICO *criminal* operation in U.S. history. I
   have a knowledge-bound duty to myself, my loved ones, and public
   safety to safeguard information from government mishandling, which
   could potentially squander restitution due to victims and further
   endanger *all* lives through yet more justly unnecessary legal procedures.
   Courts need no introduction to the slim hopes and delayed justice
   victims cling to, in the prolonged quests of prosecutors.

10. **Adherence to Legal Presumptions and Evidence Certainty**. I
    affirm that Plaintiffs approached the district court armed with self-
    certifying evidence to substantiate our claims. The law strongly favored
    our position regarding the extent of relief owed to us. It was the
    cumulative toll of 500 days of unrepresented suffering and neglect that

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489

**Amended Declaration in Support of Motion and Urgent
Casualty-Accumulating Implications of Petition**

conditioned us to expect the need for such evidence. Plausibility, firmly
rooted in legal principles as demonstrated in the Petition and Dist. Ct.
Doc. 89, 90, is intended to protect against dismissals, not to trigger the
court's sua sponte actions. There appeared to be confusion within the
district court regarding the exercise of *sua sponte* powers for *other* than
protective measures, especially in the *Pro Se* context and with that *type*
of complaint. Had it not been for my tortured state and my daughter
unexpectedly stopping a $1.4 trillion "flag" from hitting the ground and
sending America into irreparable catastrophe, we may have never known
if some 400 experts looking thru both complaints might be "lost" when
*trying* to find *either* a claim or plausibility in a RICO complaint that, at
the very least, separated by sequential headings and subheadings, and
averted nearly 14 of the most common criticisms of this Circuit.

11. **Dual Catastrophes: The Denial of Restraint and Dismissal,
Unleashing RICO Offenses within the District Court itself.** I
affirm that if any common citizen were to read but a few pages of either
complaint, the district court's "want" of dismissal[6] would have little
justifiable cause from which to arise. A mere reading would not simply
warrant Plaintiff and *Pro Se* presumptions, but even those of justice and
humanitarian obstructions as well. There are thus only three possible
explanations for the district court's response: 1) disbelief in the
Plaintiffs' allegations, relying instead on the opponent's narrative; 2)
neglect to read the complaints, effectively using the *opposition's*
attorneys as surrogate clerks; or 3) repeated errors and abuses of
discretion remaining uncorrectable despite strenuous efforts to clarify,
thus jeopardizing justice, livelihoods, and lives. As for the RICO pattern,
attorneys often struggle to *demonstrate* a persistent pattern, yet here
Plaintiffs and district court alike were given a "free", *live*[7] demonstration
by even *fleeing* Defendants, amid court itself[8][9].

---

[6] claimed to have been *sua sponte* (in the first instance)
[7] Dist. Ct. DN 7, 21, 25.
[8] Apparently, the only thing *more* disappointing than finding out one's
RICO complaint has fell short of rigid criteria is what awaits that minority
of Plaintiffs who manage to file *the real thing*.

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489
**Amended Declaration in Support of Motion and Urgent
Casualty-Accumulating Implications of Petition**

12. **Neglect of Legal Theory by which Daughter's Motion
proceeded thus Neglects Factual and Legal Bases requiring
Dismissal be Vacated.** I affirm that, tragically, my daughter,
already a silenced witness (from the *first* "Glenfinnan" attack),
presented a motion (Dist. Ct. DN 80) that offered compelling,
fact-based arguments and a pioneering legal approach. This
approach led to an 80-page argument being distilled into a
transparent, three-page synopsis (Pet. Appx. 11-14),
methodically categorizing each paragraph for ease of judicial
review, to prevent voluminous documentation from delaying
necessary relief or saving lives. Yet, her motion was dismissed
with casual indifference.

13. **Preferential Treatment of Adversaries' Contested Motions
over Comprehensive Initial Complaint.** I affirm that conversely,
our adversaries, whose motions were unequivocally refuted (Dist. Ct. DN
56, 59) were fully indulged. Their narratives were superimposed over
our comprehensive initial complaint.

14. **A situation akin to judicial "hostage taking" manages to trap
claimants with *admitted* facts inside of eliminatory harm.** I
affirm the district court's Orders of Concern, as outlined in the Petition
for Mandamus, caused catastrophic delays and denied legally mandated
relief, even with *admitted* facts on record. These orders have
perpetuated an *eliminatory* state beginning with Dist. Ct. DN 30 (Pet.
Appx. 261-270). The court's silent sanctioning of harm through its public
condemnations and denials without validation created multiple crises of
humanitarian obstruction to both Appellants and the public. They then
combined with orders (Pet. Appx. 247-260, 89-94) depriving relief even
as to *non-appearing Defendants*. This would escalate through yet
further orders (Pet. Appx. 101) that abused discretion, culminating,
perhaps iconically, with the circuit's own definition of abuse itself
(Petition p. 22)[10]. The Petition for Mandamus underscores an

[9] this is particularly where not taking Plaintiffs' allegations as true, which is
bad enough, now equates something on another level and scope *entirely*.
[10] Even "abuse" is mild against a "Reindeer-9" reality (Pet. Appx. 32-36)
being delivered for only the seventh time on this nation, having left no

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489

**Amended Declaration in Support of Motion and Urgent Casualty-Accumulating Implications of Petition**

emergency, urging the Circuit court to dutifully address these critical issues. With ongoing harm since Dist. Ct. DN 30, my daughter's recent health decline, and our dwindling resources, her urgency for care surpasses even my own dire situation. This cannot be the "whole" Congress intended, nor does it align with the proper handling of her timely *Pro Se* filing—one that uniquely cited an applicable post-judgment rule, unlike other *Pro Se* cases where the Circuit had ordered reconstrual despite *lacking* such citation.

15. **Catastrophic Aftermath and Unprecedented Obstruction of Justice.** I declare with eye-witnessed and evidentiarily absolute certainty that the district court's DN 30 followed by its "Orders of Concern" (Dist. Ct. DN 75, 79, and subsequent endorsed orders ending with DN 94) forced obstructions leading to fatalities, permanently disrupted reportings and legal actions crucial to justice and lives, humanitarian obstructions, blocked judicial access, restricted speech and reporting freedoms, promoted and reinforced attacks (on livelihood, security, stability, abilities, proper care, resources, and safety), followed by a disabilities-reaching-torture-incapacitation[11] where a $1.4 trillion catastrophe was narrowly averted (Dist. Ct. DN 80) from "hitting" the nation by my unsuspecting daughter, which would have otherwise left the nation with some 412,000 additional casualties (Pet. Appx. 51-88, 355-357). I and Appellants currently face the verifiably most devastating set of obstruction of justice offenses upon witnesses, evidence, testimony, or process in U.S. history, and with the same yet-avoidable casualties remaining at increasingly irreversible risk.

relevant "Hamiltonian" (precedential) promise of law or right unviolated; implicating that "Jeffersonian" (nation-authenticating) remedies, given where the record stands, may be necessary just to restore the former.
[11] between the period of Dist. Ct. DN 75 and just prior to Dist. Ct. 89, 90

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489

**Amended Declaration in Support of Motion and Urgent Casualty-Accumulating Implications of Petition**

16. **Persistence in Overwhelming Adversity and the Necessity of Acknowledging *Pro Se* Litigants.** I affirm that Appellants[12] have resolutely persisted in their struggle despite the overwhelming adversity caused by Dist. Ct. DN 30, which thus had to occur mostly silent from the court. The necessity for *Pro Se* litigants to be believed is paramount; their truths must be acknowledged, as they are herein *forced* by circumstances to be their own advocate, one of which was the abrupt loss to funds-of-right by protected acts, another of which was an attorney-barricade altogether, and the last of which was the loss of one's good credit to prevent the effective murder of nearly 15,000 Americans.

17. **Non-Classified Information and the Prudence of Open Disclosure.** I affirm that nothing volunteered herein is classified, top secret, or involves an operational state that would currently justify seal.

18. **The "Reindeer-9" Nullification of Congress and *Stare Decisis* respectively.** I affirm that I am, since September 6, 2021, up thru *currently*, and with full and complete certainty, the most vital witness to defending the integrity of and lives of those within the United States. This is due to obstructions of what I have had to *hold* in a state nearing "flag fall" of that which has always been originally *indomitable*. I and co-Appellants have been put in a *wholesomely* jeopardized (Pet. Appx. 41-42, Petition p. 23) state . We argued by repeated, unsuperseded, and often *published* precedents of this Circuit's caselaw. When we mentioned *Stare Decisis,* we are not citing some niche precedents granted "flexibility", but the two lines of "taking Plaintiffs as true" and "*Pro Se* deferences", that are perhaps more rigidly defended than anything in law.

19. **Compromise of Evidence and Judicial Disregard for *Prima Facie* Showings.** I affirm that substantial evidence relevant to the life-saving, anti-corruption, and justice-crucial aspects of our case has been

---

[12] where I speak of Appellants, I speak from that which has been directly and interactively eye-witnessed and that which is reliably known by my relation to them.

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489
**Amended Declaration in Support of Motion and Urgent
Casualty-Accumulating Implications of Petition**

compromised because of the district court not taking Plaintiffs' allegations as true and not providing *Pro Se* protectorate deferences against dismissal and disregarding repeated, delineated, and even, in one place (Pet. Appx. 365-369), fully descriptive, *Prima Facie* showings of allegations, as well as cited precedents of protectorate command (Pet. Appx. 375-382, 394-401). Such actions further caused, worsened, or sustained what lies in Pet. Appx. 31-52.

20.   **Hindrance of Relief and the Escalation of a Silently Erupting National Emergency.** I declare that actions taken by the district court have significantly hindered our ability to effectively reach Congress's promise of "all relief necessary to make whole". More grave is that by doing so it has likewise hindered our ability to address urgent justice and anti-corruption concerns. This has exacerbated a critical juncture, contributing to obstructions from timely substantiating and declaring a national emergency with severe and immediate consequences for public welfare.

21. **Tragic Consequences of Continued Obstructions of Justice.** I affirm that due to obstructions to justice worsened by barriers to our sought-after relief, there are an estimated 5 deaths and 177 injuries per day, which would be otherwise *preventable* and that disproportionately affect the elderly population. As of November 1st, 3842 elderly victims are wrongfully dead because of these continued obstructions and hindrances. These were most worsened by Dist. Ct. DN 30 and now threaten about 408,000 injuries and 12,500 deaths over the next seven years, remaining subject also to the heightened risk that current obstructions could at any time make the entire remainder irreversible.

22.   **Urgent Need for Immediate Judicial Action to Protect Lives and Legal Process.** I affirm that immediate judicial intervention via a stay (approved) or extension is not only a matter of preserving the legal process but critical to arrive upon the relief *guaranteed by law*, which remains *currently* the only feasible way to *so restore* my, my family's, and co-Appellants' lives so as to even save anyone else's. Dist. Ct. DN 30

8

11th Fed. Ct. of Appeals, Appeal Case 23-12350, Petition Case 23-13489
**Amended Declaration in Support of Motion and Urgent
Casualty-Accumulating Implications of Petition**

unfortunately removed us from all secure zones, creating further
disruptions in housing, interaction, and stability arrangements.

23.     **Unyielding Assertion of Indomitability and Unassailably
Declared Witnessing.** I affirm under penalty of perjury that my
evidence, concrete and significant, originates from the core malfeasance
that precipitated the array of atrocities that followed within the United
States. This evidence fortifies my testimony, which is insusceptible to
discreditation, set against a history of DEA and healthcare fraud. Any
document errors are unintentional and non-material. I seek counsel that
can steadfastly represent these truths (though I am likely the only one
that would readily know what few can). As "America One," by that which
is a mere product of *math* upon what is obstructedly indomitable, my
evidentiary duty surpasses all, demanding conditions that do not hinder
immediate and fair resolutions amid last-line crises.

24.     **District Court's Nullification of Congress's Objectives.** I
affirm that the District Court, despite I and co-Plaintiffs' allegations,
facts, precedents, exhibits, and offer-of-proof state which would
substantially invoke the relief and protections of law as passed by
Congress, and by contrast to such state as the district court *instead* left
Plaintiffs, not once (Dist. Ct. DN 30), but again (Dist. Ct. DN 75), and
repeatedly (Dist. Ct. DN 79, 81, and 94), despite *Pro Se* Plaintiffs' best
efforts, if not *feats* (Dist. Ct. DN 21, 80, 89, 90), to help the district court
see the obvious and correct its errors, the district court has thus
effectively made the statutes as to *False Claims Act* retaliation, federal
civil RICO laws, obstruction of justice offenses, controlled substance
offenses, Article III proximate injuries, Chapter 13 Civil Rights'
casualties by speech obstruction, the Constitution, and the *Stare Decisis*
of this Circuit and the "slammed" exceptions of the Supreme Court, as a
"whole" *self-defeating* to the *purpose* and *letter* of all of these.

I declare under penalty of perjury that all factual representations made
in the Emergency Appellants' Motion for Unopposed Stay of Appellate
Proceedings and Expedited Consideration of Petition for Writ of
Mandamus, and likewise the Petition for the Writ of Mandamus, and all of

/s/ Syed J. Hussain

**"EXHIBIT 8"**

**EXHIBIT 8: Adobe-created Summary of human rights related catastrophes, dangers, and risks rising upon Appellants and nation as per USCA11 23-13489 Doc. 8, filed February 3, 2024. These were sworn under penalty of perjury and have only worsened.**

Mandamus Petitioner Mr. Ibrahim had requested emergency relief from the court due to severe and ongoing obstructions of justice, corruption, and retaliatory acts that caused significant harm to him, his family, and co-petitioners. He described a series of catastrophic events, including:

1. **Catastrophic Risks (Red)**:
   - Over 144,000 injuries and 4,000 deaths have occurred, with an additional 390,000 lives at risk.
   - A narrowly averted $1.4 trillion catastrophe that could have resulted in 412,000 additional casualties.
   - Sustained obstructions of justice, evidence destruction, and rights violations.
2. **Accelerating Danger (Orange)**:
   - Urgent care requirements for his daughter and emergency hospitalizations for his mother and himself.
   - Ongoing RICO violations compromising the safety of his family and the public.
   - Systemic barriers hindering timely legal filings due to health and financial difficulties.
3. **Infrastructural Risks (Yellow)**:
   - Blockades to food stamps and other essential resources.
   - Judicial actions that have obstructed humanitarian aid and legal processes.
   - Sustained attacks on the integrity and value of government, law, and rights.

Mr. Ibrahim emphasized the inadequacy of the appeal process to address these urgent and irreparable harms and called for immediate court intervention to prevent further catastrophic outcomes. He requested reconsideration of the court's decision and provision of oral argument to address the compounded legal challenges and systemic failures evident in the case.

Mr. Ibrahim stands behind the sworn, testifiant truth of the above as ever true and worsening, only made distant from being proven beyond circumstantial evidence because of a district and magistrate judge in the Middle District Court of Orlando, Florida, but **where such obstructions and assailments to crime witness-victims' survival they delivered thereof are 100% direct, proximate, and incontrovertible per self-certifying, physical evidence and are not subject to debate or interpretation anywhere in the world, let alone in any court of the United States, and as per Federal Rules of Evidence 902.**

**"EXHIBIT 9"**

**(PLACHOLDER ONLY)**

"EXHIBIT 10"

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 23-12350

_____

SYED IBRAHIM HUSSAIN, ET AL,

*Plaintiffs–Appellants*,

v.

H. JAMES STADELMAN, ET AL,

*Defendants–Appellees*.

**APPELLANTS' EMERGENCY MOTION TO STAY DISMISSAL,
ACCEPT CORRECTED APPENDIX, AND RENEW TIME TO FILE
REPLY BRIEF**

Appellants Syed Ibrahim Hussain ("Mr. Ibrahim"), Syed Muhammad

Baqir Hussain ("Mr. Baqir"), and Syeda Sara Hussain ("Ms. Sara";

collectively "Appellants"), Pro Se, hereby submit this emergency motion to

stay dismissal, accept the corrected appendix, and renew the 14-day period

to file a reply brief. This motion arises from the culmination of a procedural

crisis that has now reached the point of effectively barring access to judicial review through the imposition of undefined and thus uncorrectable "deficiencies.".

## INTRODUCTION

This case represents one of the most significant and devastating instances of systemic obstruction of justice in U.S. history. Appellants are whistleblowers, crime witnesses, crime victims, and terror victims who have endured over 1,400 days of unrelenting retaliation, procedural barriers, systemic neglect, public corruption, conspirational and collaborative fraud and heists of homes, bank accounts, companies, wealth, combined with food and water blockades, persona abduction, and even the use of biochemical warfare upon family members, obstructive cruelties to disrupt family life and human dignity, resting the entire relief of all of that, and yet 13 obstructed cases made to rely on this single case and its primary Appellant for a scale of willful neglect[1] never carried out *once* by a district court, let alone 12 times upon thus ever-hostage *admitted facts*, painstakingly "won" by Appellants to whom meaningful access was cut off to justice and process. The dismissal of this appeal under 11th Cir. R. 42-

---

[1] If to deferently categorize it

1(b) was procedurally improper and substantively unjust, as **it occurred in response to timely-filed motions for excusable neglect**, (1) "Appellants' Time-Sensitive Motion to File Corrected Appendix Out-of-Time", argued under the principle of excusable neglect, **filed November 26, 2024 at 5:44am**, as well as (2) "Appellants' Time-Sensitive Motion to Out-of-Time Extend Time to File Reply Brief pursuant to Excusable Neglect" **filed November 26, 2024 at 11:05am**, both of which sought to remedy minor procedural delays[2] caused by extraordinary circumstances.

A pattern of systemic obstructions has now infected the very procedures meant to facilitate review. After expending 36 continuous hours under extreme duress to file two motions for excusable neglect on November 26, 2024 (at 5:44 AM and 11:05 AM), Appellants watched as their appeal was dismissed the same day at 3:12 PM – before their motions could even be considered. They then devoted another 84 grueling hours to prepare a comprehensive motion to set aside that dismissal, only to face a new form of procedural torment: a circular denial that refuses to identify what requires correction while simultaneously demanding correction of unidentified deficiencies.

---

[2]Correct Appendix: 6 days late, "14 days to respond to Reply Brief": 1 day late

This emergency motion arises from that culminating crisis. On December 9, 2024, the Clerk's office issued a "No Action" notice that creates an **impossible bind**: it refuses to act on motions aimed at remedying deficiencies, even while such motions clearly invoked *excusable neglect*, a *judicial* determination and while simultaneously refusing to specify what such deficiencies are. A 36-minute attempt to obtain clarifications by phone (4:33 -5:10 PM yesterday) proved futile, with staff having put Appellants on hold at 4:40 PM to seemingly figure out the cause for themselves, let Appellants dutifully waiting until 5:10 PM for a clarity that would never arrive.

## FACTUAL BACKGROUND

When Appellants first filed their Appendix, the Clerk rejected it claiming parts of documents were missing that had been fully included. Appellants called to point out the entire documents were there. They then filed another Appendix. The Clerks again erroneously claimed the same four documents were missing despite Appellants showing they were there, and then added a new demand for chronological order, despite the Appendix *also* being in chronological order. Appellants were having to accentuate the very things that the Appendix was *already*.

4

After the second such claimed deficiency, Appellants spoke with two people from the case management office who eventually confirmed the Appendix would go through and was ripe for the Judge's review. It finally did and the Judge was finally made able to rule upon the motion thus delayed in its regard and reinstated the appeal.

That normally would've ended the matter, but this then followed with the Clerk, perhaps for the first time in history, *overruling the judge* and *the Clerk's prior opinions*, to then find a *new* procedural fault in the Appendix not prior cited after having Appellants *mail* the prior approved Appendix. They thus cast out that Appendix back upon Appellants.

 Appellants have been lawlessly impoverished, tortured, tormented, robbed, dispossessed of their homes, removed of their jobs or ability to work, violated of their civil rights, constitutional rights, even human rights and dignity, robbed of their businesses, earned wealth, bank accounts, identities, the ability to testify and report in over 13 cases that, despite all being under oath, ever uncontested, in the records of this case, could not get Appellants to even timely rescue and reunite with their family member, who in plain view of the public, and district court, was forced into cancer despite even a brief "war" waged in the hopes of stopping it, while one's own home was handed to the lead RICO conspirator causing it by a district

court that was the "refuge" of the promises Congress has passed into law

(such as what would start at 31 U.S.C. § 3730(h)(1), rise to a wildfire

including nearly the whole U.S. code and Constitution until soon enough

*human rights* would become luxuries too among the "benefits" of trusting

the "strong arm of the law" for an "arm" that was hardly anywhere to be

found if not to be honored by the district court itself), not sparing persona

abduction, reprocessing of memories, and the forced, ever-preventable

causing of cancer on the same. The district court order thus effectuated acts

of *cruelty-enabled rupture* of every sphere and point of peace in a family's

life, and arguably was the most casualty-ridden, broad-spectrum set of

obstruction of justice offenses ever delivered in U.S. or even world history

(Exhibit 1). Even the *ever-unaddressed* facts and law based on what were

two pages of this Circuit's *standing* precedents at the time (Exhibit 2) got

Appellants the likes of a mere *stamp* denying it as an *endorsed order* upon

the docket much like Appellants' prior attempts to get such court to merely

reconcile its rhetoric with the *record* actually *before* it <u>instead</u>.

 However, Appellants were to be bewildered in the disillusionment of

900 days of experiencing such a district court not provide the restraining

order or preliminary injunction to fight off what was already 500 prior days

of nearly 30 RICO-relevant crimes being carried out by the private

Defendants in this case in collusion, complicity, accessory, neglect, exacerbation, or conspiracy with publicly corrupt and terrorizing entities of government that a plethora of such district court orders would thus keep to this day from being made accountable, or even *stoppable* for that matter. This, despite 1) two yet-missing attorneys from an Orlando hearing with a suddenly changed judge to which both whistleblowers were summoned to lose their own home and suffer **prior restraints on speech** simultaneously and 2) the SNAP benefits Mr. Ibrahim won an appeal for only to have his judicial officer go "missing" the next day and ever since, for which he yet **for nearly 2 years can get no one to follow her order**, and so perhaps a clerk overruling a judge in a Circuit Court of the United States was in such a climate remotely *believable*, or needed to be.

Nevertheless, Appellants tried their motion thereof in a plea that their already submitted and *prior approved* Appendix (on both fronts of judge and clerk alike) not be subjected to this newly delivered onus, but since a different judge responding to it denied it outright, Appellants yet ventured to yet, in the spirit of patriotism, family, and seeking justice and restoration alike climb yet that newly imposed "mountain" as well.

This new deficiency arrived just after Appellant Mr. Ibrahim had exhausted his equity to mail Appellants' Appendix, putting off his normally

scheduled buying of food for two days with yet-never-restored SNAP

benefits that even an *order* could not, lacking medical care, suffering a

debilitating, one-week long continuity of care attack brought about by his

insurance company, leading to a patient abandonment, while Mr. Ibrahim's

disability compensation case would soon be found to have been delayed 9

months from SSDI/SSI compensation by attorney failures he yet wouldn't

get discover until such attorney likewise abruptly abandoned him without

warning, impact assessment, or any prior meeting at all, 9 months into yet

that appeal with the Social Security administration ("SSA"), in clear

violation of several bar rules, despite that the immediately obvious one

("abrupt withdrawal") was perhaps what even such an endurantly and

systemically gaslighted citizen might yet be *believed* on, if for an *excusable*

*neglect* of 6 and 1 days, for an already accompanying corrected appendix

and but the usual 14 days to file a Reply Brief being renewed (or 1-day late

extended) despite the new catastrophes of yet-delayed reporting of

insurance crimes, patient abandonment, an SSA case, or even a just-missed

trauma assessment by yet another difficultly acquired therapist, just to now

be forced into another 36-hour ordeal, following the 84-hour and 36-hour

one yet prior, to be preparing *this* motion at nearly the cost of ever

meaningfully addressing his thus more sabotaged realities to overcome the

jeopardy created not by the adverse parties at the heart of this family's endured sufferings, but to merely overcome yet another more impossibly imposed "raising" of the bar by clerks from which even Appellants cannot get the clarity of knowing where such bar even is.

Nonetheless, in situations that would leave most in ashes or barely able to move, or speak, Appellants managed to yet fire up their family-saving, justice-longing, patriotic "flame" burning for **over 1400 days of denied and delayed justice** to persist yet <u>another 36 hours</u>, given conditions and vital reportings, let alone sabotaged *livelihood* and *justice*, that now has no sufficient care or accommodations at all, despite having timely filed[3] 2 time-sensitive motions, corrected appendix yet *even then* attached, and with arguably strong bases for excusable neglect as to thus being able to file a corrected appendix 6 days late and a 1-day late request for a 14-day extension to file their Reply Brief, even attaching the Florida Bar complaint, with appropriate redactions to respect identity and sensitivity, to yet demonstrate how such an incident had yet suddenly jeopardized one of the few relatively stable corners of an already systemically *fracturing* life. Ironically, if even the luxury of *assessing* the

---

[3] For judicial ripeness of being determined upon *excusable neglect* despite clerical determinations as to anything else.

level of trauma endured is itself delayed by such ordeals, how much more immense must be a trauma so persistent and compounding that even the one bearing it cannot hope to have the luxury of gauging its true extent.

Just hours after filing those two motions on November 26, 2024 at **5:44 am** and **11:05am** respectively, the Clerk thought **why not invoke 11th Cir. R. 42-1(b)** and just *dismiss the entire appeal* at **3:12pm for** "failure to prosecute", rendering even those moot, if to yet speak of when Appellants' right of 14 days to lay an ever-thus more traumatized mind upon an Appellee's response Brief such Appellants have not had the luxury to even *look at,* given infrastructural confusions and contingencies racing to have to account for thousands of *collateral* casualties that are thus to be affected as a result of yet the layers of cases and corrupt, and thus multiplying and unrestrained actors, for sustained injustices and crises yet awaiting something better than an imposed anarchy in their method of "interacting" with rights, evidence, sworn declarations, caselaw, exhibits, and justice, considering the cumulative 84+ hour ordeal of this motion alone had several hours spent on whether or not some high-level "QW" or "FG"[4] related breach had reached, made contact, or occurred in either

---

[4] Beyond the scope of *this* case, in so much as even this case can hope to be *properly* understood in the "noise" of the continued impediments assailing it.

financial, communicational, or intimidational communications with the judiciary branch of the United States, amid Mr. Ibrahim's ever-worsening disabilities, the associated attacks upon meaningful access to process by Appellants wondering whether sleep be left to the next life as well, while Appellants await the luxury to yet read Appellees' response brief to yet "have" the 14 days in which to reply it with yet thus more delayed accommodating of insurance-precipitated continuity-of-care attacks, patient abandonments, representation replacement, communications needing to be restored with the Social Security Administration, let alone if to hope to have "accommodations" for Mr. Ibrahim's disabilities themselves.

## ARGUMENT

Under **Fed. R. App. P. 27** and **11th Cir. R. 42-2(e)**, this Court should set aside the dismissal based on excusable neglect. The Supreme Court in ***Pioneer Investment Services*** established four factors for evaluating excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of delay and its impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Moreover, a filed corrected appendix and the same-day call that yet shows good faith to comply merit extraordinary circumstances by which even the

clerk's setting aside of dismissal is warranted by rule, but for which

jeopardy must not fall on the determination of *excusable neglect*, which 11th

Circuit case law supports is a *judicial determination*, as established in

*Pioneer* and consistently applied in cases like *Cheney v. Anchor Glass*

*Container Corp* and *Advanced Estimating System, Inc. v. Riney*.

All factors strongly favor relief here:

1. **Prejudice to Opposing Party**: The brief delays at issue (6 days for the
   Appendix, 1 day for requesting Reply Brief extension) pose minimal
   prejudice to Appellees. They suffer no substantive harm from allowing
   this appeal to proceed on its merits.

2. **Length and Impact of Delay**: The delays were minor and would not
   significantly impact judicial proceedings. The motions seeking relief
   were filed promptly - the same day as the dismissal.

3. **Reason for Delay**: Extraordinary circumstances beyond Appellants'
   control compelled these brief delays:

   o Documented medical crisis including patient abandonment and
     insurance-precipitated discontinuity of care

- Attorney's abrupt withdrawal in violation of bar rules, leaving Mr. Ibrahim without representation and delaying disability compensation by 9 months

- Severe resource deprivation affecting basic survival needs

- Systemic procedural barriers spanning over 1400 days

4. **Good Faith**: Appellants demonstrated consistent good faith through:

- Working 36+ hours straight, then 84 hours, and then another 36 hours to despite disabling levels of pain, and requiring hours even to complete basic tasks amid stuck cognitive overwhelm, paralysis, and narcolepsy, just to prepare three time-sensitive motions and yet the emergency current one at the cost-equivalent of irreversible obstruction of justice, irreparable harm, and even eliminatory levels of harm in the immensity of what not doing so would yet further cascade, foreclose, or accumulate yet more preventable casualties, injuries, losses, fraud, terror, and corruption as a result.

- Maintaining active communication with the Clerk's office

- Promptly seeking relief upon each procedural issue

- Exhausting personal resources to comply with filing requirements

The extreme circumstances Appellants faced, as detailed in their respectively mentioned motions above, whether the one reading them be Clerk or Judge, made clear that timely compliance was humanly impossible despite Herculean efforts and warrant relief from a docket-oblivious dismissal of such a critical case vital to what is to remain of the public's trust in the promises and rule of law and to Appellants' lives, let alone if to ever be timely enough to save beyond their own selves, homes, dignity, vindication, and family. The message alone of forcing compounding failures upon yet a justified resolve that the integrity of a nation's promises, whether by way of rights or laws thus jeopardized for yet the very efforts and trust of those relying on them, if to "enjoy" being forced to live like savage slaves buried by process while deserted by rights and justice, not to hope for an Arlington Cemetery, or a medal, nor for a paycheck, benefit, or warm home in recompense, but just to put back the remnant pieces that thus ever break the promise of "being made whole" (31 U.S.C. 3730(h)(1)); if such an eager "hero" is to be found, but without the stability, security, validation, or honor they can have some *comfort* of being afforded, they are welcome to take Mr. Ibrahim's place.

**Extraordinary Circumstances Warrant Relief**

Appellants have faced extraordinary and unforeseeable circumstances that directly impacted their ability to comply with procedural deadlines. These include:

1. **Severe Personal and Financial Hardships**: Appellants have endured extreme financial deprivation, medical crises, and systemic obstructions to justice. Mr. Ibrahim, in particular, has been forced to prioritize basic survival needs, such as food and medical care, over procedural compliance. These hardships were exacerbated by the abrupt withdrawal of legal representation in a related disability compensation case, further compounding the challenges faced by Appellants.

2. **Impact of Procedural Barriers on Pro Se Litigants**: As pro se litigants, Appellants lack the resources and expertise to navigate the complexities of appellate procedure. The Clerk's shifting procedural requirements and inconsistent communications have placed an undue burden on Appellants, who have nonetheless acted in good faith and with diligence.

The dismissal caused extreme prejudice to Appellants and cases that would thus be left obstructed with broad implications, while any prejudice to Appellees from a brief delay to enable a merits review of this case, or that it's impoverished and traumatized Appellants be given a renewed 14 days to

merely file a Reply Brief is minimal. The unjust dismissal of this appeal based on a hyper-technical application of rules without regard for what was placed on its docket just hours would amount to a **miscarriage of justice**.

Staying the clerk's dismissal and re-engaging the granting of relief sought by the made-moot motions on grounds of excusable neglect, whether if done by Clerk thru the 42-2(e) authorized combination of extraordinary circumstances and the ever-accompanied Corrected Appendix since that motion, and likewise with the one that followed to "set aside", having been provided thereof, or through what is the judiciary determination of excusable neglect that remains a judicial right to determine even if clerk-level relief fail to be granted, is the relief Appellants seek in this motion that is yet minimal to what would uphold the integrity of the judicial process and ensure that matters of grave public importance and implications, if not being too much to ask to look at but a filing or exhibit of Appellants as to any of their injuries of right, person, law, property, or dignity that any of them have ever sworn to or brought forth on any point in this case, then at least on the over 1400 days of **uncontestedly sworn declarations, filings, even with RICO complaints not merely *sworn* but <u>verified</u> down to promising to**

**being <u>testifiable</u>** within such verified documents, even when the initial complaint while attorneys were getting TROs for "snapping their fingers upon garbage", we had an initial complaint *promising* <u>within it</u> to produce *incontrovertible* proof, at the level of self-certifying evidence per Fed. R. of Evid. 902 that would warrant even *immediate* summary judgment for what we therein claimed, almost as if to say that even if we are *doubted* we are yet *still* right and with a truth that *cannot* be surmounted, and yet to imagine that 900 days of "hell" would be given in place of that unparalleled level of certainty.

May then the Court, Clerks as well, hopefully not ignore the *reality* of *these* pro se Appellants' arguably *valiant* struggle in the face of unimaginable adversity. A struggle for which Appellants readily invite that someone to share a *day* in what such an awkward "heroism" really is. Thus, if despite all that, this appeal not be reinstated, justice would not be denied but desecrated into a free fall likely lower than any bar for it has ever known.

## Relief is Necessary to Prevent Manifest Injustice

The stakes of this appeal extend beyond procedural compliance. Appellants are whistleblowers and victims of systemic injustices, whose ability to seek redress and protect vital national interests depends on the

favorable resolution of this case. Dismissing the appeal on procedural grounds would not serve the interests of justice but would instead perpetuate the inequities faced by Appellants.

Further, the Court has inherent authority to grant relief in the interest of justice, particularly where procedural errors and extraordinary circumstances have deprived litigants of a fair opportunity to be heard. See *Ross v. Kemp*, 785 F.2d 1467 (11th Cir. 1986), *Gonzalez v. Secretary for Dept. of Corr,* 366 F.3d 1253 (11th Cir. 2004) (recognizing the court's discretion to grant relief from procedural impediments in the interest of justice).

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court,

1) **Stay dismissal**,

2) **Reopen this appeal,**

3) **Approving Appellants' Corrected Appendix**,

4) **Renewing the 14-day period to file a Reply Brief,** and

5) **Such further relief as the Court deems just.**

**Dated:** December 7, 2024

**Respectfully Submitted,**

## EXHIBIT LIST

1. Selections from "DN 93" as to the district court's full neglect of impact, 42 U.S.C. 1983 implications, public safety implications, and legislative nullification-equivalent acts upon the legislative branch

2. Selections from "DN 91" confirming the forensic impossibility that the initial or amended complaints could be *legally* dismissed, that the Amended could be deemed a "shotgun pleading", and the backdrop of "abuse itself" (*Cluff v. Miami-Dade County*, 11th Cir. 2022) when a district court denies, without explanation, a leave to amend as proposed in a post-judgment pleading (also pp. 6-7).

3. Selections from Motion filed November 26th at 5:44am, with Corr. Appx.

4. Selections from Motion filed November 26th at 11:05am.

5. Clerk's dismissal order for "failure to prosecute".

6. Clerk's making "moot" of motions arguing *excusable neglect*.

7. Timely Motion to Set Aside Dismissal, again with Corrected Appendix.

8. Clerk's "no action" notice, citing an *unidentified* "identified above".

9. Phone call same day of notice as a result of "deadlines will not be extended".

10. Missed trauma assessment as a result of spending all night and the next day to file this due to "deadlines will not be extended".

**"EXHIBIT 11"**

**From:** Syed Hussain
**To:** uw211help@gmail.com
**Subject:** just a gift for my daughter - nothing else - not food not shelter not water not rights
**Date:** Thursday, March 20, 2025 8:28:51 AM
**Attachments:** image.peg

Hello,

I've been robbed of everything I have by damn never everyone at this point, for trying to save my father, stop fraud, stop a heist, and yes stop an eldery centric genocide and heist operation that sadly has cost America 300,000 casualties already since 2021, and I have all the evidence in the world and I know no one cares. I'm not even asking to be believed. This is my bank balance:



It's fine if I'm disgraced as a father, as a human in front of all I don't care, but just not in front of my daugher please. It's her birthday today and this is the first time, cuz she's in Orlando, I'm in Middleburg, some 3 hours away - if i can just get a gift for her like on amazon, like 20 to 50 dollars max, or if you know anyone who can help me. thanks and God bless you.

Sincerely,
Syed Hussain
904-614-6557 (call or text)

I'm this guy, but no need to believe that either. I don't even want to believed that the sky is blue if I can't be believed for $50 as to my daughter and I can show whatever proof you need and even after the proof as well of getting the gift and all that:

https://medium.com/@sanddave76/a-battle-for-justice-human-rights-and-survival-the-likes-of-mandela-in-darfur-but-on-american-0d2b62515047

3,842 Wrongfully Dead, 144,000 Injured: Most Vital Whistleblower in History Fights Mounting Corruption, Casualties, and a $1.3 Trillion Threat | by Sandra Davis - Medium
3,842 Wrongfully Dead, 144,000 Injured: Most Vital Whistleblower in History Fights Mounting Corruption, Casualties, and a $1.3 Trillion Threat
medium.com

*(occasionally disability or human rights volunteer assisted)*
*(occasionally transcribed)*

**"EXHIBIT 13"**

**Syed Hussain**

| | |
|---|---|
| **From:** | ecf_help@ca11.uscourts.gov |
| **Sent:** | Thursday, February 27, 2025 12:28 PM |
| **To:** | mms-renovation@outlook.com |
| **Subject:** | 23-12350-HH Syed Hussain, et al v. H. Stadelman, et al "Public Communication" (6:22-cv-01886-CEM-LHP) |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 02/27/2025

**Case Name:** Syed Hussain, et al v. H. Stadelman, et al
**Case Number:** 23-12350

**Docket Text:**
NOTICE to the Parties: The notice of No Action Taken [DE 96] was Issued in ERROR.

**Notice will be electronically mailed to:**

Brian Guex
Roselene Guex
Syed Ibrahim Hussain
Syed Muhammad Baqir Hussain
Syeda Sara Hussain
Howard S. Marks
Sheena A. Thakrar

## Syed Hussain

| | |
|---|---|
| **From:** | ecf_help@ca11.uscourts.gov |
| **Sent:** | Monday, March 3, 2025 3:29 PM |
| **To:** | mms-renovation@outlook.com |
| **Subject:** | 23-12350-HH Syed Hussain, et al v. H. Stadelman, et al "Court Order Filed Granted by Court Reinstate Appeal" (6:22-cv-01886-CEM-LHP) |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Completed |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 03/03/2025

| | |
|---|---|
| **Case Name:** | Syed Hussain, et al v. H. Stadelman, et al |
| **Case Number:** | 23-12350 |
| **Document(s):** | 98 |

**Docket Text:**
ORDER: The motion to reinstate filed by the Appellant(s) is hereby GRANTED. The parties have 14 days after the date of this order to file a notice with the Clerk specifying which motions mooted by the dismissal of this appeal, if any, are to be renewed. The time for filing a response to any renewed motion runs from the date the opposing party's notice is docketed. Parties seeking to renew a motion after the 14-day renewal period expires will be required to refile the motion. The motion to correct the appendix is GRANTED. Appellant(s) reply brief is due 21 days from the date of this order. [95]; [95]; [95] Reply brief due on 03/24/2025. JP and EJK (See attached order for complete text)

**Notice will be electronically mailed to:**

Clerk - Middle District of Florida, Clerk of Court
Brian Guex
Roselene Guex
Syed Ibrahim Hussain
Syed Muhammad Baqir Hussain
Syeda Sara Hussain
Howard S. Marks

2

Sheena A. Thakrar

The following document(s) are associated with this transaction:
**Document Description:** REINST-1 Notice to Counsel/Parties
**Original Filename:** /opt/ACECF/live/forms/MoniqueTaylor_2312350_10411467_REINST-1CourtOrderReinstatement_199.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=03/03/2025] [FileNumber=10411467-1]
[6dd1c3001089d5c75d5fa68441ca08be3a8ba0b5a1dd1bec40ab55d55abfc5d6ec820ab643818fb2a127
de6985c6b35670b095489ae9d4f98454c8dc26281697]]
**Recipients:**

- Clerk - Middle District of Florida, Clerk of Court
- Brian Guex
- Roselene Guex
- Syed Ibrahim Hussain
- Syed Muhammad Baqir Hussain
- Syeda Sara Hussain
- Howard S. Marks
- Sheena A. Thakrar

**Document Description:** Court Order Filed
**Original Filename:** 23-12350 - Order.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=03/03/2025] [FileNumber=10411467-0]
[85c2e8b2e3b7cd0596eea141752819f1dec45c59600e868a3238f1ae1a70b6883aecd36d8635d86c3934
2e37090bfd9bbf048b8ceedec65817e31247f5c78c88]]

## Syed Hussain

**From:** ecf_help@ca11.uscourts.gov
**Sent:** Monday, March 3, 2025 3:33 PM
**To:** mms-renovation@outlook.com
**Subject:** 23-12350-HH Syed Hussain, et al v. H. Stadelman, et al "Appendix" (6:22-cv-01886-CEM-LHP)

**Follow Up Flag:** Flag for follow up
**Flag Status:** Flagged

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 03/03/2025

| | |
|---|---|
| **Case Name:** | Syed Hussain, et al v. H. Stadelman, et al |
| **Case Number:** | 23-12350 |
| **Document(s):** | 99 |

**Docket Text:**
Appendix filed [3 VOLUMES - 2 copies] by Party Syed Ibrahim Hussain. Service date: 03/03/2025 email - Appellants Guex, Guex, Hussain, Hussain, Hussain; Attorney for Appellees: Marks, Thakrar; US mail - Attorney for Appellees: Gassler, Gunn.

**Notice will be electronically mailed to:**

Brian Guex
Roselene Guex
Syed Ibrahim Hussain
Syed Muhammad Baqir Hussain
Syeda Sara Hussain
Howard S. Marks
Sheena A. Thakrar

The following document(s) are associated with this transaction:
**Document Description:** Corrected Appendix Vol 1

**Original Filename:** 23-12350 - Corrected Appendix Vol 1.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=03/03/2025] [FileNumber=10411480-0]
[8ed289a22cafc3f9c00329049c190b16a36c956ffb7700040939c97f0fe54d90b26c87eda72b82c9865585
caff7cc65abd3e0517af61593467bfb0b111964010]]


**Document Description:** Corrected Appendix Vol 2
**Original Filename:** 23-12350 - Corrected Appendix Vol 2.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=03/03/2025] [FileNumber=10411480-1]
[3a1fb770e9483eaffb48b9b71ed1405eb0d3b98921766367d5577877d94d5ead49a831121a48bad531cd
ed76bd3a6db902f74f1dbf58c1bf278c00a5ecb94754]]


**Document Description:** Corrected Appendix Vol 3
**Original Filename:** 23-12350 - Corrected Appendix Vol 3.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=03/03/2025] [FileNumber=10411480-2]
[297052e9816ca8aa2e6604c2134e26538ad22c7bf511ae2b8c33a93f6ec226f714827c9bb1ffa5dde8c44
c6c2109e735f4d61b67e898df98b9771ce62f144534]]

**"EXHIBIT 14"**

include violations of federal obstruction-of-justice laws, along with other federal laws,

and in manner of a RICO enterprise.  Collectively this formed the Global Rights

Violating Scheme ("GRV Scheme")

25. This Court has personal jurisdiction over Prime Global because it was used by

Employer to terminate[15] Restorative Employees, in violation of 31 U.S.C. 3730(h) a

federal statute.

26. This Court has personal jurisdiction over Prime Duval as Prime Duval was used as

part of a RICO enterprise to carry out irreparable harm, in continuation of the already

federal 31 U.S.C. 3730(h), federal obstruction-of-justice offenses, and likewise in

principally attempting to harm Restorative Employees, while directly or proximally

harming Plaintiffs as a whole. Moreover, the methods use did not merely further these

offenses, but included fraudulent misrepresentation, fraud-on-the-Court, perjury, and

eventually even an unlawful real estate transaction in violation of federal law, and in

manner involving consumer fraud; all part of Prime Duval's role in its attack on

Plaintiffs' property rights, constitutional rights as to due process, 31 U.S.C. 3730(h), on

the ability for a federal court to "make whole", as well as retaliation "protections" for

protected acts, in addition to their crime witness-victim rights, inclusive of Prime

Duval's act of irreparable harm by the unlawful removal of Mr. Baqir, Ms. Sara, and

Musarrat Batool ("Ms. Batool"; their mother) from what to them was their *home* of six

years and not merely one of many properties.  Likewise Prime Duval was and is

currently involved in a federal RICO attack on Restorative Employees, unless the      Sentinel Noted
8.6.24

Court injunct or move for an Order, both violating the federal laws above and including

---

[15] By a *forcibly* constructive discharge; on a day where the *only* options remaining were to assist in violating the
*False Claims Act,* and thus be criminally liable for doing so, or to *leave.*

**Verified RICO** Complaint

Noted 8-6-24. "This is in no civilized nation
even conscionable to simply ignore?"
Photos taken. - "RV"

**Appx41**

the horrible December and January acts orchestrated principally by Mr. Sessions, thru Prime Duval, which put Mr. Ibrahim under duress of having to damage his good credit

Isolate. -"RV"  as the only means to save approximately 1O *known* crime-witness victims,  Isolate. - "RV"

approximately 300 of over 15,000 patients, the interests of justice, and the interests and faith of the public in the protections claimed to be afforded by law, to the point of having to ward off, at least two acts of terror, and with a door marshalled for two

Isolate. "RV"  weeks.

Isolate. - "RV"

27. The Court has personal jurisdiction over Prime Clay as Prime Clay assisted in the continuation of the RICO enterprise's violation of 31 U.S.C. 3730(h), first (with 5th and 14th) Amendment rights, damages sustained by means of continuing the federal controlled substance offenses, and likewise in manner of obstruction-of-justice (OOJ) offenses against crime witness-victims and judiciary process; in this case used, in classic federal RICO form (individual=>company=>property) for attacks on Restorative Employees; and in this case the most *plainly* illegal form of grand theft of real property via numerous acts of fraud; endangering my possession thereon and likewise committing a sale that cannot go through without the signature and approval of Mr. Ibrahim, along with the defrauding of the buyers in such transaction. This took place in the multi-felony grand theft and jeopardy of 3339 Deep Water Ct, Orlando, FL 32826 some time in February or March of this year with the *actual* date of sale, regardless of the *recorded* date of sale, still *unclear.*

28. This Court has personal jurisdiction over FMR because FMR was the corporate-individual utilized in violating the *Controlled Substance Act,* a set of federal laws governing the distribution, production, and storage for distribution. Mr. Ibrahim and Mr.

**Verified RICO Complaint**

**14**

67. This incident required Mr. Ibrahim to produce *prima facie* evidence sufficient to establish him as *veritas insuperabilis* ("truth insurmountable") or be otherwise condemned.

> Necessary actions like these would lead Mr. Ibrahim to inadvertently becoming the most *nation-vital* form of whistleblower that exists.

68. Plaintiffs, by doing so, managed to discover that they, and 2 other individuals, are thus witness-victims, with witness to about 650, and victim to up to 200, counts of controlled substance offenses occurring by, or under, the orders or supervision of Employer.

69. They likewise learn of the additional rights and Chapter 73 protections they are thus afforded and have asserted them, when necessary, with Mr. Sessions being the only attorney of Defendants as of yet who has been persistent in flaunting them, as the facts below will show, by the irreparable harm now, and yet otherwise, still threatened.

70. Plaintiffs send cease-and-desist letter cited to laws. It asks Defendants desist from approaching, changing the status quo of, or trying to sell the homes in which we live.

71. Attorney Mr. Sessions sends a notice to leave my home in 30 days, violating about 3 laws.

72. Being that Mr. Sessions was perhaps not informed of the prior letter, a new letter is sent to him. This letter puts him on direct notice that Employer used him to commit violations of law, which likewise void the notice. He is also asked to get the previous letter from Employer that he might become familiar.

73. On October 13, 2021, via a third attorney, Employer files a retaliatory eviction against the mother of Mr. Ibrahim's children, at 2401 Island Club Way, Orlando, FL 32822. She files response that would sufficiently attach *mens rhea* of felonies,

**Verified RICO Complaint**

26

**Appx54**

143.   Each Employer engaged in a pattern of predicate acts and racketeering

activities affecting interstate and foreign commerce, as defined in the RICO

statutes, 18 U.S.C.

§ 1961(1)(5), and as stated in this complaint.

144.   Defendants' predicate acts consisting of the racketeering activities, in so much

as involving all of them, continued without interruption from November 17, 2021, or

earlier, and involved multiple predicate acts that gravely affected interstate and foreign

commerce, as by the 1) federal stature of the laws violated or threatened, 2) rights,

protections, and remedies the federal laws otherwise afford or invoke, or 3) as

described in this complaint.

145.   Each Employer directly and indirectly played direct and indirect roles in

obstructing justice by their actions that would knowingly hamper or threaten Plaintiffs'

ability to exercise their rights and duties in reporting, preventing, healing and

reversing the mounting illegal harms and injuries, both thru 1) the judiciary or

executive departments for doing so, whether federal or state, and 2) via the applicable

third parties.

146.   Each Employer named in this action is a person within the meaning of 18 U.S.C.

§ 1961(3).

147.   Each Employer by their words or actions, showed agreement to

participate, directly and indirectly, in the affairs of the enterprise through the

perpetration of multiple predicate acts.         It is meant to say each
                                                  *Defendant.*

148.   Each Employer acted within the scope of the enterprise.

149.   Defendants combined to form an association-in-fact enterprise under RICO for

the common purpose of engaging in a course of conduct that harmed Plaintiffs,

**Verified RICO Complaint**

40

**Appx68**

8.8.24 Emergency Note - "Time is too short & appeal must file. I'm just going to live-SOS off of the pages as I find them & get as many organization ETA's as I can. God bless this daughter though. What they must be thinking having lost so much while walking *towards* their government, I can't even imagine. I'll just list differentials and mention no suspects. I need "Vinson" (DC) ASAP.. - "RV" (with HVT)

Became too much to isolate, just gonna mark S.O.S. in upward direction from a start point with a holder differential, because there are far too many possible crimes here. - "RV"

implications thereof; regardless that in the interim a *presumption* of malice and

retaliation shall rest on any action taken against Plaintiffs, if in any way appearing to

be due to this complaint, for which this Court will make declarations of presumption

and contempt for the immunity and protections of all rights and interests of the

crime-witness victims and protected employees herein as well as the similarly

affected of the public when for the claims herein and that following any such

suspicion of public corruption, U.S. Marshalls and military protections will be

afforded as necessary within a 5-mile radius, including that of the courthouse, due to

the prior courthouse attacks in two counties and one federal, likewise that the Court

declare such entities of harm part of the RICO enterprise declared herein and

declare their aggravated acts in violation of court order to be part of the GRV

scheme and likewise shall be declared an act of terror recommending life

imprisonment of all entities and enablers of those involved and with the Court

declaring Plaintiffs as the living government of Florida and the United States, as

required per the law in situations where rule of law is absent or presumed corrupt or

subject to abuses of power, until the rule of law can be restored, and with such

Declaration encouraging the awarding of medals of honor, merit, and recognition for

any that further the protections of the rights of Plaintiffs and the related crime

witness-victims in this regard and with all Defendants to be placed under immediate

lockdown by the U.S. Marshalls, National Guard, or military personnel to protect OIG

HHS sensitive materials as to victims, for the restoration of victims, and as to the

public, and the restoration of the public, until the rule of law is restored and non-

corrupt or non-malfeasant agents of the federal and state government can arrive and

**Verified RICO Complaint**

S.O.S. upward Geneva-147,
18 U.S.C. 2441 Risks & Elements Present

8-6-24 Black Flag Note - "I am at a loss as to what on earth the district court was reading. This document has arguably more actives, endured, and impending than Nuremberg...which RICO complaint did the Dist. Ct. receive? a comic book? We have to get this in tho; if he doesn't get an SM or reps soon ,we may have an *infrastructure* issue. - "RV"

## VERIFICATION

I, Syeda Sara Hussain, declare as follows:

1. I was thought to be "eliminated" by the *second* definition of witness elimination under the law, in the illegal Christmas attacks that now have the ███████████████ ████████████████████████████████████ ████████████████████ The laws on paper simply did not and *do not* match the actions of ███████████████████ nearly *at all*.

2. I have been illegally kicked from two homes in which I have tried to find solace over some six years, and thru no fault of my own, but by the mere frauds of an attorney, and the equivalent of a ████████; the most horrendous display of (the lack of) law in American history.

3. I am a Plaintiff in the present case, a U.S. citizen, and a Florida resident.

4. Though I am ██████ I cannot appreciate enough the love and support that finally showed up even after enduring 7,684 felonies in broad daylight and in *plain view* of the State of Florida and the United States over the course of some 18 months on approximately 313 victims of the public from almost *every single* type of officer, and nearly *eve,y* judiciary human; honorable certainly but human nonetheless.

5. My knowledge of the above is limited to those instances and counts for which I was witness or victim or both. Ironically I am victim to nearly *a//* the counts above without much knowledge as to *why* in regards to many of them, if not for guidance by my dad. To this day, he entertains ████████████████████████████ as to what he and this family has been throu h. or they'd likely make him ████████████. I can't imagine the strength it takes of him to bear all that alone, though nonetheless for his family, but in such way that he has to bear humiliation and gas-lighting while doing so. I honestly don't think I would ever that kind of strength. I don't think there's enough medals in all the world for what builds a human to that level of Godliness in the face of everything but.

6. I verify under penalty of perjury that which is of my knowledge and interaction and most of all as to how this has affected the Plaintiffs involved.

Executed on October 11, 2022.

/s/   *Syeda S. Hussain*
—————————————————
Syeda Sara Hussain

8.6.24 Note - Premptively protective redactions. God save America. God bless this girl. - "RV"

S.O.S. upward Geneva-147,
18 U.S.C. 2441 Risks & Elements Present

## VERIFICATION

**Verified RICO Complaint**

93

All S.O.S. markers upward are 8.6.24-RV



Document Requisitely reports on State-of-Emergency to Public Health by the **continued deaths** of elderly patients created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the irreparable injury** to be prevented, nor even for the *federal* reasons involved from *either*. Believing Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**) is supported by over 20 cases and the unanimous case law of the Circuit.

**Continued from "Notice of Pendency of Other Actions", page 1**

These are in addition to those listed there, as follows:

1. pre-RICO attempt to file FCA retaliation case for damages, under 3:22-cv-24 on 1-7-22 was merged with 3:21-cv-1140 on 1-12-22 since wasn't closed; this resulted in an un-summonable mismatch of material resolved by our 7-11-22 voluntary dismissal (granted w/o prejudice 7-13-22) in favor of proceeding with clarity, with preference solely to material not needing seal, and where the RICO events were mounting in plain form,

   a. and had managed to in the interim carry out far worse and irreparable injuries, though easier to prove as a result, predominantly in the Orlando area, upon a greater number of properties, also always sworn terms of employment (and uncontested; defaulting in our favor even in the instant) and victims,

   b. with the attorney **Jerry Sessions thus carrying out negligent manslaughter on about 14 elderly patients as a result**; current chaotic state of the Glenfinnan showdown attached solely for this; we have little means to quickly notify the OIG-HHS and are doubtful the Court does either; but **these elderly people will die** due to failure of obtaining TRO, much to the credit of Mr. Sessions, but later causes of action, even before this Court, <u>do not bring lives back</u>. In any case, due to Appellate Mandate, if the Court is to *sua sponte* issue stay on *their* behalf, it now is wise that it issue on both the 1st DCA and the county court under risk of imminent, irreparable injury, for the reasons it was actually asked (not an eviction), adding whichever "federal inquiry into a potential public health incident of imminent irreparable injury" it may find more favorable, though we have no doubt as to the 11th Circuit on our own, but given the Court stay that, it's easy to have the time to show that from case law.

Isolate. - "RV"                                                                                    Isolate. - "RV"

This was a *sworn* "Black *and* Red Flag"============> "Am I blind? Is America blind? Maybe I'm blind. **TI, Interpol, SJC, ICC**? Either I need a vision test or my work just got *a lot* harder than '07-446' and 'sporadically defend'"- "RV"

   c. , and moreover Mr. Sessions and ▮▮▮▮ <u>finally</u> causing <u>cancer</u> on my father, who is also the grandfather of Mr. Baqir and Ms. Sara, and with collaboration in the harm of 1 ▮▮▮▮ at the DOH also responsible for the deaths of several of the approximately 500-1000 (pool 1[1]), 1000-4000 (pool 2[2]), 200 thousand (pool 3[3])

   d. with the cancer (to rise in tort on Florida *separately*), and the 1 rogue DEA agent of ▮▮▮▮" (to rise as FTCA tort on the United States

Isolate. - "RV"                                                                                    Isolate. - "RV"

---

[1] In reach of ▮▮▮▮ at illegal location

[2] In reach of ▮▮▮▮ full administrating history and by lesser provable percentage of effect

[3] Statewide effect of inappropriate administration of the exogenous substance; while the effect is *real*, it can be individualized as at this level, it is statistical, without the resources for action

Post-Note 8.5.24 - The Original Forensic Meta of the Isolate sworn by A1 was confirmed 8.5.24 10:58pm EST. It landed in the most original form of the above in an electronic filing before the Middle District Court of Florida in 6:22-CV-1886-CEM-LHP using the Pacer system. Multiple photos were taken. Such filing first occurred on **November 17, 2022**. The title of "EMERGENCY" was noted on the docket. Jointly vital is the isolate on Appx149 and Appx150. I guess he doesn't need to worry about "proof" now. He direct-accusatory swore a black flag cruelty an immediate family member,an immune, actionable human right of which he is ___. - "RV"

07-446 Pre-emptive A1-Protective Redactions. A1 may become "*World One*" at this point. - "RV"

**Appx144**

Document Requisitely reports on ==State-of-Emergency to Public Health== by the **==continued deaths==** ==of elderly patients== created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the ==irreparable injury== to be ==prevented==**, nor even ==for the== *federal* ==reasons== involved from *either*. Believing ==Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**==) is supported by over 20 cases and the unanimous case law of the Circuit.

*separately*), and of course rising here (COA in Complaint; Elderly Abuse; Mr. Sessions);

e. with the immediate of "b.", given TRO was not secured (though we hope to have the opportunity, however much unlikely, to *in emergency*, by Rule 54(b) show, in just hours, that it both was misunderstood as being *based* on an "eviction" as opposed to irreparable injury and broad catastrophic harm to many parties and part of an already established pattern and in no instance even asked the Court to overturn the eviction, which is already judged at all levels of state; it is the *displacement* of us from our home, which we used the 11th Circuit guideline of prima facie basis to show would be granted us *anyway*, by way of ==federal original jurisdiction of 31 U.S.C. 3730(h) alone==; fighting off this displacement without the TRO (a most definitely losing battle; but *very* draining) is why not only this submission is being made under hopefully excusable delay, with perhaps a motion to follow for that as well, but also  why things like returning services to the Court for default are delayed, and yet ==several elderly patients will most certainly die== by just this new crime Mr. Sessions has created, with time lost, energies redirected, and items displaced in bringing even that matter to enough light to, at this point almost *impossibly*, save them. That Courts should trust their Plaintiffs, when not contested by fact or sworn assertion, should have needed no introduction, and in this process of introducing, without a TRO even to wait until hearing, on an inapplicable (as the Court will hopefully soon even see, if we are not already removed) *Younger* abstention on a *non-isolated* issue, but one falling square into the very pattern of increasingly aggravated federal violations resulting not only in irreparable injury to Plaintiffs, but worse to the case that can likewise hardly be put together, if Plaintiffs do not even have the security of the home they are in now, while the last two homes were taken and even sold in manner that Plaintiffs could much easier and plainly prove violates law, as the involved Defendants have long since stopped being subtle. Moreover our home is an ==uncontested term of employment== intended to be protected by countless efforts by Congress, which 31 U.S.C. 3730(h) make *plain*, ==plain enough to buy 14 days to save some lives at least.== *ouch...where am I? - "RV"*

f. ==One's home certainly ranks among the most cherished property interests that due process protects, and the uninterrupted enjoyment of its comforts and security is undoubtedly a significant private interest==. Grayden v. Rhodes, 345 F.3d 1225, 1233 (11th Cir. 2003)

Document Requisitely reports on State-of-Emergency to Public Health by the **continued deaths** of elderly patients created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the irreparable injury** to be prevented, nor even for the *federal* reasons involved from *either*. Believing Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**) is supported by over 20 cases and the unanimous case law of the Circuit.

g. Aside from the issue of damages, irreparable injury is suffered when one is wrongfully ejected from his home. Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774, 789 (11th Cir. 1984)

h. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing (see initial motion for TRO) is sufficient notwithstanding the contrary presentation by the moving party. S Davis Int'l v. Yemen, Republic of, 218 F.3d 1292, 1303 (11th Cir. 2000)

i. The Supreme Court created exceptions to Younger abstention when "(1) there is evidence of state proceedings **motivated by bad faith** (retaliation by a **private individual** using law license to commit **fraudulent concealment**; **COA in Complaint**), (2) irreparable injury would occur, or (3) **there is no adequate alternative** state forum where the constitutional issues can be raised." Id. at 1263 n. 6 (citing Younger, 401 U.S. at 53-54, 91 S.Ct. 746). Hudson v. Hubbard, 358 F. App'x 116, 118 (11th Cir. 2009)

**j.** The Younger abstention doctrine, however, is **not applied** if (1) there is evidence that the state proceedings were motivated by bad faith or harassment, (2) abstention would cause irreparable injury, or (3) there is no adequate alternative state forum where the plaintiff can raise the constitutional issues. See Younger, 401 U.S. at 45, 53-54, 91 S. Ct. at 751, 754-55; Hughes v. Att'y Gen. of Florida, 377 F.3d 1258, 1263 n.6 **(11th Cir. 2004).** Lagi v. Morris, No. 16-11834, **at 2 (11th Cir. Jan. 31, 2017).**

k. Younger abstention is only appropriate, however, when the federal constitutional claims at issue can be raised by the federal plaintiff in an ongoing state court proceeding. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (holding that Younger applies "**so long as in the course of [the state] proceedings the federal plaintiff would have a full and fair opportunity** to litigate his constitutional claim"); see also Juidice, 430 U.S. at 337, 97 S.Ct. at 1218. In the instant case, Cheffer **has no remedy in state court except to subject herself** to a criminal contempt citation (which she probably could not resist on the ground that the underlying injunction is unconstitutional, see In re Novak, 932 F.2d 1397, 1401-02 (**11th Cir. 1991**)). Cheffer v. McGregor, 6 F.3d 705, **709** (**11th Cir. 1993**)

l. The Supreme Court has made clear that the abstention doctrine is **not triggered in a civil context unless** the federal injunction requested would

Document Requisitely reports on State-of-Emergency to Public Health by the **continued deaths** of elderly patients created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the irreparable injury** to be prevented, nor even for the *federal* reasons involved from *either*. Believing Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**) is supported by over 20 cases and the unanimous case law of the Circuit.

create an " undue interference with state proceedings." NOPSI, 491 U.S. at 359, 109 S.Ct. 2506 (emphasis added). The Younger doctrine, like the Rooker-Feldman doctrine, is "**an extraordinary and narrow exception** to the duty of a district court to adjudicate **a controversy properly before it**." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959)). Accordingly, a district court should not lightly shirk its "**virtually unflagging obligation to exercise the jurisdiction given [to it]**." Id. at 818, 96 S.Ct. 1236. In addition, the Supreme Court has instructed that Younger only applies where the state proceeding at issue involves "orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . it has never been suggested that Younger requires abstention in deference to a state judicial proceeding reviewing legislative or executive action (*execution* of writ; where the judicial function of judgment is already completed)." NOPSI, 491 U.S. at 368, 109 S.Ct. 2506 (emphasis added); Wexler v. Lepore, 385 F.3d 1336, 1338-39 (11th Cir. 2004) (holding **that a pending state civil action does not require the federal court to abstain "unless the requested federal relief would result in meticulous and burdensome federal over-sight of state court or court-like functions").**

m. While the state has an important interest in matters concerning real property within its borders, the Supreme Court has made clear that Younger does not extend to all parallel state and federal proceeding involving an important state interest. See id. at 593. Thus, the parallel state case is not "of the sort entitled to Younger treatment." Id. at 592 (ellipsis and internal quotation marks omitted). Barone v. Wells Fargo Bank, N.A., No. 16-16079, **at 8-10** (11th Cir. Sep. 21, 2017)

n. The purpose of a temporary restraining order, like a preliminary injunction, is to **protect against irreparable injury and preserve the status quo** until the district court **renders a meaningful decision on the merits**. Canal Auth. of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). Schiavo ex Rel. Schindler v. Schiavo, 403 F.3d 1223, 1231 (11th Cir. 2005)

o. In Klay v. United Healthgroup, Inc., 376 F.3d 1092 (11th Cir. 2004), the Eleventh Circuit explained that, in applying the All Writs Act to "pending proceedings, a court may enjoin almost any conduct 'which, left unchecked, would have... the practical effect of diminishing the court's power to bring the litigation to a natural conclusion.

Document Requisitely reports on State-of-Emergency to Public Health by the **continued deaths** of elderly patients created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the irreparable injury** to be prevented, nor even for the *federal* reasons involved from *either*. Believing Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**) is supported by over 20 cases and the unanimous case law of the Circuit.

**2.** <u>**Further cases pending or related as follows (all retaliatory):**</u>

    **a.** Clay County, disguised as eviction case, 2021CC001647, started by a fraudulent concealment (a COA for this address in the Complaint); the history of the retaliation and the lives at risk as to that is perhaps best served by a potentially futile, but necessary post-judgment motion in that Court (attached), since Appellate Mandate has already been issued to it (and of course, as usual, there was *no* due process in this case; this is in fact the only case *currently* upheld in Florida where rights to property were seized without *any* due process; there was not even one hearing as to judgment, and no Florida law was at any time mentioned for doing so), went to appeal in 1DCA 21-3909, where it was just per curium affirmed, and returned mandate to the county, also not in manner of any law or regard to the affirmative defenses provided.

    b. 2021-CC-013592-O , Orange County Court action taken against another term of employment immediately prior to Mr. Sessions taking lead of the RICO conspiracy; the attorney in this one withdrew following the 4-page *mens rhea* attaching answer of Ms. Batool, assisted by Mr. Baqir and myself, which served the equivalent of a standing order (attached via the Glen attachment). Likewise, following that all attorneys and realtors in Florida decided to withdraw assisting in what they could now see were crimes. Then 9 days later, Mr. Sessions initiates *knowing* retaliation and federal obstruction of justice crimes by initiating an attack on 2 terms of employment, including the one from which all attorneys and realtors withdrew, via 2021-CC-015381-O and even on the chief witness-victim's home therein mentioned (by way of the Clay County case above), and already protected by the contractual clause invoked in the Mother Document (which Mr. Sessions made unpresentable, in that the Court relying on his assertions while we had sufficiently shown cause for hearing, issued judgment without hearing in

Document Requisitely reports on State-of-Emergency to Public Health by the **continued deaths** of elderly patients created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the irreparable injury** to be prevented, nor even for the *federal* reasons involved from *either*. Believing Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**) is supported by over 20 cases and the unanimous case law of the Circuit.



the time that we were awaiting the hearing date, coercing me into having to destroy my good credit to save the lives that would be lost as to what was being prepared for the DEA, OIG-HHS, DOH, and otherwise). In the 2nd one on the same home in Orlando, he perjured and committed fraud in such manner at onset of hearing, and on a suddenly changed judge, so as to silence me and Mr. Baqir from process, and likewise as Ms. Batool's requested witnesses, and likewise even obstructed Ms. Batool's attorney, by making several plainly fraudulent and false claims in opening upon the Court; thankfully the evidence is so strong I may Rule 50 this because I even have the official transcript; it became an appeal stuck in the 5th DCA, 22-0410.

Isolate. - "RV"

Isolate. - "RV"

As the above involves assertions that denial of TRO is creating loss of life as to elderly patients, I swear under penalty of perjury that the above assertions are true and correct to the best of my knowledge and ability and that because all my time and energy for weeks will be displaced, along with that of my children, in the event of irreparable injury that under no law, cause, state or federal bears any legality whatsoever, and wherein if my assertions are true as in Complaint and Motion for TRO, there is no cause or law under which to deny, and nonetheless even the lowest remedy that has ever been provided under such assertions exceeds the value of the house, that I no longer accept personal liability for any elderly patients, approximately 15 additional, that will end up being killed as a result of this unstopped act initiated by Jerry Ladelle Sessions II, in the 2 weeks he spent evading the summons of this Court, and for which was at all times sufficed by the prima facie showing in the motion for TRO and the citations there to the Complaint as warranting preliminary injunction, which was to be appropriately motioned for, if not for the nearly 100 percent interruption of my and 2 other Plaintiffs' attentions that have become center stage due to this completely unlawful, if having been believed at all in our complaint, and

Isolate. - "RV"

Isolate. - "RV"

Sentinel. Noted ("RV")
**8-4-24**

Note 8.6.24 - Oath here vital to making Appx144 actionable or reportable by Special Master. - "RV"

Document Requisitely reports on State-of-Emergency to Public Health by the **continued deaths** of elderly patients created by inappropriate denial of TRO on misunderstanding some kind of "eviction" or constitutional claim, none of which was in motion or even pattern shown in RICO complaint, as to **the irreparable injury** to be prevented, nor even for the *federal* reasons involved from *either*. Believing Plaintiffs' **federally**-relevant assertions (the **only ones it gave this Court**) is supported by over 20 cases and the unanimous case law of the Circuit.

completely jurisdictional and ripe to this Court under the multiple laws, allegations, and theories provided, and per 11th Circuit, with even the Statement of Facts being divided by its federal attachments as many RICO complaints do not bother to do.

Isolate. - "RV"

/s/ *Syed I. Hussain*

SYED IBRAHIM HUSSAIN

Isolate. - "RV"

Isolate. - "RV"



Isolate. - "RV"

8.6.24 Note - Signature above vital to work of responding, stabilizing, and securing Special Master. - "RV"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Orlando Division

SYED IBRAHIM HUSSAIN, SYED
MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN, BRIAN
GUEX, and ROSELENE GUEX,

         Plaintiffs,                Civil No. 6:22-cv-1886-CEM-LHP

                                  **2-hour Emergency**

     v.                         **Motion for TRO did not warrant *Younger***
                                  **since the facts of Complaint *command***

                         **Act hereby extinguishes Verified**
                         **Witnesses to the *permanent* loss of lives of**
                         **the Public**

H.JAMES STADELMAN, INTERVAL
TITLE SERVICES, INC., JONATHAN
BLOOM, KHALID MUNEER, JUPITER
PROPERTIES, INC., JERRY LADELLE
SESSIONS, II, PRIME INTERNATIONAL
PROPERTIES, LLC, PRIME
INTERNATIONAL PROPERTIES DUVAL,
LLC, PRIME INTERNATIONAL
PROPERTIES CLAY, LLC, FAMILY
MEDICINE AND REHAB, INC., SYED
SAJID HUSSAIN,

         Defendants.

_____)

## EMERGENCY EX-PARTE MOTION TO RECONSIDER DENIAL OF
## TEMPORARY RESTRAINING ORDER (TRO) AND EFFECTIVE STAY

      The emergency nature is an *imminent* irreparable injury of losing one's

home ("Exhibit 6", Writ of Possession Issued November 15, 2022 in Clay County

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

SYED IBRAHIM HUSSAIN, SYED
MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN, BRIAN
GUEX, and ROSELENE GUEX,

          Plaintiffs,                   Civil No. 6:22-cv-1886-CEM-LHP

                                     **2-hour Emergency**

     v.                            **Act Extinguishes Verified Witnesses***

H.JAMES STADELMAN, INTERVAL
TITLE SERVICES, INC., JONATHAN
BLOOM, KHALID MUNEER, JUPITER
PROPERTIES, INC., JERRY LADELLE
SESSIONS, II, PRIME INTERNATIONAL
PROPERTIES, LLC, PRIME
INTERNATIONAL PROPERTIES DUVAL,
LLC, PRIME INTERNATIONAL
PROPERTIES CLAY, LLC, FAMILY
MEDICINE AND REHAB, INC., SYED
SAJID HUSSAIN,

          Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR RECONSIDERATION**

     Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs Syed Ibrahim

Hussain ("Mr. Ibrahim"), Syed Muhammad Baqir Hussain ("Mr. Baqir"), and

Syeda Sara Hussain ("Ms. Sara") join *pro se* to respectfully move for

reconsideration of this Court's order dated November 9, 2022 (Doc. 8), denying

Plaintiffs' Emergency Motion (to the effect of a TRO, Stay, and Marshal Service;

as to numerous factors and situations found relevant to a *Younger* abstention. As the Court correctly notes, *Younger* abstention *did* apply to the facts in *that* case.

In Plaintiffs' opening memorandum, however, Plaintiffs specifically addressed why their claims are sufficient to the requested relief, citing to facts and sworn allegations in their Complaint, which are to be taken as true. "The Court must consider the allegations of the complaint to be true." *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). Pls' Mem. at 6-11, 13-14. "In *Younger,* the Supreme Court laid down three exceptions to the abstention doctrine enunciated therein. Abstention is not warranted if (1) there is evidence of state proceedings motivated by bad faith (Complaint Pghs 2-3, 17, 26, 77, 86-87, 159, 166, 233-234 , 238-239, 245, 249, 264, 274, 285, 290, 303; Counts 21, 30-50), (2) the state law being challenged is patently unconstitutional, or (3) there is no adequate alternative state forum[1] where the constitutional issues can be raised. *Younger,* 401 U.S. at 45, 53-54, 91 S.Ct. at 751, 755. *See For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1215 (11th Cir. 2002). Further, "The *Younger* abstention doctrine, however, is not applied if (1) there is evidence that the state proceedings were motivated by bad faith or harassment (Complaint Pghs 2-3, 17, 26, 77, 86-87, 159,

---

[1] Many of the just-prior references from the Complaint emphasize this well, from an ongoing pattern of foreclosed rights, particularly as to free speech and due process, with harm reaching even *beyond* the Court, to victims that could no longer be saved; to testimonies that could no longer be made, and with a justifiably dwindling "faith" in the letter of whistleblower and crime witness-victim "protections", and thus resting for remedy upon *this* Court; since if such protections are not to exist at the state *or* federal level, where do they exist at all?

*Intervention of US Marshals requested upon granting   **Appx157**

apply this to the allegations before the Court, and taking them as true, then Plaintiffs likewise have no remedy in state court but to subject themselves to being thrown from all their homes and likewise, if also to be taken as true, while violating the 38 cites to federal law in the Complaint, in addition to free speech and due process, and however many would have been saved by the testimony of Mr. Ibrahim, which if the Court of last, but yet likewise *original*, resort is not willing to save *him* by his contribution to the sworn allegations and facts in the Complaint, he is not likely to hope that even this Court give him the ability to save anyone else by the same, and thus, such individuals of the public *too* become the casualties of the same actions of harm, in this case which would thus result in *irreparable injury* for far more reasons of public interest than Plaintiffs' loss of a home.

Moreover, the involved issues were not merely a spontaneous effort to bring up constitutional claims, but by multiple bases involve *federally ripe* causes of action (Complaint, Pghs 9-12, 24-27; when then applied to the Counts). Further, they were part of many acts that in a justifiably "lengthy" (Order at 2.), but *relevant* pattern (Complaint Pghs 2-3, 17, 26, 77, 86-87, 159, 166, 233-234 , 238-239, 245, 249, 264, 274, 285, 290, 303; Counts 21, 30-50), were part of a scheme

5

(Pghs 24-34, 75-76) leave little room to the *otherwise* justified presumption that, other than *this* Court, *any* adequate relief existed[2].

Such acts, *to be regarded as true*, fell square into nearly 39 citations to federal statute; snuffing constitutional rights, rights to property, livelihood, and even the safety and health of the public. Many were tied to retaliations starting *initially* in a manner prohibited by 31 U.S.C. 3730 (h) as by the second form of what constitutes a protected act; "efforts to,. Not only does the title (page 1 of Complaint) bear to that fact, but Plaintiffs go on the thus understandably "lengthy" (Order at 2.) quest of making the chronology of those facts clear (Complaint, Pghs 24-27, 86-87; Count 1), even separating them by when each federally relevant, or original, cause therein began to apply (Pghs 35-87). 16 months of continuous affronts to federal law, even *after* the filing of the Complaint, if to likewise the allegations in Plaintiffs' original memorandum are to *also* be believed as true, since they likewise further describe, and with the fact that unjust enrichment (Count 51) may very well fulfill civil and criminal acts and motives of extinguishing all forms of relief, since Plaintiffs had not merely survived everything in the Complaint before the Court and being nearly impoverished (Pls.

---

[2] As there was no sign of the applicable Defendants (the 3 needing restraint) desisting at all, even after such relief was foreclosed by them, as per the Complaint. The *instant* action's accelerated development by the evasive and subversive actions taken by Mr. Sessions (noted in Pls. Mem. 5-7) upon finding out about the Complaint and its summons is much like what was cited in the Complaint itself (Paragraph 10); alleging that an *aggravated* form of threat, to be taken as true, exists upon the rule of law itself.

6

Mem.) from doing so. Worse, the equity and properties being used for doing are those produced by Plaintiffs (Pls. Mem.), under several protected modes of understanding, the most protected of which was represented by the properties being employment terms in and of themselves ("Statement of Facts", Complaint) upon which Plaintiffs are entitled to all relief. Likewise, and as in such motion he bears that the Court can hardly hope to later make "whole" (31 U.S.C. § 3730(h)(1)) that which is irreparable injury. Thus, given the catastrophic alternatives of witness extinguishment, even as to the health and welfare of the public (Complaint, first 20 pages, including a Count for injuries from endangering public safety) being concerned, we suggest that anything short of the Court granting such relief, if even to a further evidenced[3] relief of its doubts to occur by a hearing in 14 days that since the Court is to regard Plaintiffs allegations and assertions as true, in the current stage and context of this case, it would be a manifest error and injustice not to do so wherein 14 days of such trust that the allegations in fact are true should more than merit against 16 months of the multiple harms (and still thus threatening) to Plaintiffs and the public. Moreover, Plaintiffs established that, if their allegations are to be regarded true, all methods of thus determining relief *nonetheless* at minimum provide for the entire property

---

[3] Given evidence yet to be submitted involves hundreds of pages of *ongoing* whistleblowing and retaliations over the course of 16 months

*Intervention of US Marshals requested upon granting   **Appx161**

value of the house, which likewise *is* of merit, since it bears the context of "home" only to Plaintiffs; thus, if Plaintiffs are to be regarded as true, Defendants were under all theories of relief to lose the *value* of the home, as in what it means to them[4] *anyway*, let alone that the injuries suffered, if again to take the Plaintiffs as true are well over 250 times such value, if not now even moreso if the three Defendants are allowed to carry out this action *in the midst of this Court*.

Thus, we ask the Court, in reconsideration, grant Temporary Restraining Order on the three Defendants, in emergency, as to the behavior cited in the original memorandum, and appropriate stay, as to the jurisdictional statutes cited in Plaintiffs' original motion or as otherwise as cited within the first 10 pages of their Complaint. Moreover that, by necessity, *if granted*, notice be by phone or text to Mr. Ibrahim at █████████, with the backup of █████████, and the third backup being to Mr. Baqir at █████████.

Respectfully submitted, and *in earnest*,

/s/ *Syed I. Hussain*
SYED IBRAHIM HUSSAIN
(no reliable address[5])
mms-renovation@outlook.com
████████
████████

/s/ *Syed M. B. Hussain*
SYED  MUHAMMAD BAQIR HUSSAIN
(no reliable address)
baqrehabalt@yahoo.com
████████

---

[4] With it to *them* being merely a property; though much moreso, if as alleged to extinguish Mr. Ibrahim and Mr. Baqir's testimony in saving the public, which could not be more reasonably linked, if 85 pages of testimony directly related to violations of both constitution and federal law cannot save their last home, not even for the trust of 14 days to develop whatever in the doubts of Court would need developing.
[5] At time of memorandum

8

*Intervention of US Marshals requested upon granting*   **Appx162**

/s/ *Syeda S. Hussain*
SYEDA SARA HUSSAIN
1456 Via Sangro Place
Winter Park, FL 32792

███████████████

## CERTIFICATE OF SERVICE

I hereby certify that after final order resolving motion, I shall serve the applicable documents per Local Rule 6.01(c) on Jerry Ladelle Sessions II at atty.sessions@gmail.com , Prime International Properties Duval, LLC, and Syed Sajid Hussain at their e-mail addresses on file with the Court or otherwise by mail to:

Prime International Properties Duval, LLC
7685-1 103rd St.
Jacksonville, FL 32210

Syed Sajid Hussain
7685-1 103rd St.
Jacksonville, FL 32210

/s/ *Syed I. Hussain*
Syed Ibrahim Hussain

## CERTIFICATE OF EXTINGUISHMENT[6]

We, SYED IBRAHIM HUSSAIN, and SYED MUHAMMAD BAQIR HUSSAIN hereby certify, swearing under penalty of perjury, and swearing under any and all standards of a Witness and Whistleblower, that the irreparable injuries that culminate with the *instant one* have made it so that we can have no hope of testifying in matters of importance to public health, DEA, OIG, SAMHSA, DOH, or otherwise and which we swear, also under penalty of perjury, would have saved countless lives, but at minimum 200, from certain fatality by the individual named herein and the other collaborating individual that I need not name, since all hope of promised protections are lost, and thus that who and only-who might testify for such individuals being saved is hereby for all such purposes *extinguished.* In last efforts of merit, slightly outside of rules, some communications thereof that can quickly be pieced together are added at the end of this document.

/s/ *Syed I. Hussain*
Syed Ibrahim Hussain

/s/ *Syed M. B. Hussain*
Syed Muhammad Baqir Hussain

---

[6] Extinguishment requires the U.S. Marshals to insure a last instance of irreparable injury *not be carried out*; in this case, the dutiful as in for executing are the Clay County Sheriffs Office

*Intervention of US Marshals requested upon granting*   **Appx163**

**"EXHIBIT 15"**

---

**ORDER OF DECLARATORY RELIEF SOUGHT**

Upon consideration of the motion filed by Appellants SYED IBRAHIM HUSSAIN, SYED MUHAMMAD BAQIR HUSSAIN, and SYED IBRAHIM HUSSAIN, in 23-12350, in the Eleventh Federal Circuit Court of Appeals, and the arguments and evidence presented therein, it is hereby:

**ORDERED, ADJUDGED, AND DECREED as follows:**

1. **A declaration is issued acknowledging that clerk-level obstructions and procedural misconduct from August 2024 through March 2025 operated as a de facto nullification of Appellants' access to judicial process, constituting a denial of due process and protected speech, and was further aggravated by unlawful prior restraints, thereby harming Appellants' standing, survival, and legal integrity.**

2. **A declaration is issued upon the express condition that the sworn implications submitted by Appellants—uncontested and procedurally valid—shall, unless lawfully controverted, be presumed true for the purposes of establishing the consequences arising from the misconduct outlined above.**

3. **A declaration is issued acknowledging that the misconduct described above obstructed Appellants' access to judicial process, and further endangered public safety by foreclosing Appellants' ability to pursue and preserve sworn claims, which—although not yet adjudicated—bear directly on matters of broader legal and national consequence. The consequences of this obstruction extend beyond the harms immediately suffered by Appellants, to the unreached implications of claims which remain procedurally sidelined despite their uncontested submission.**

4. **A declaration is issued affirming that no inference, enforcement, or reputational injury shall arise from delays, defaults, or omissions traceable to the misconduct detailed above, and that no adverse action may be sustained against Appellants' person, property, credibility, or protected rights where such action derives from the misconduct herein described, directly or indirectly.**

5. **Appellants reserve the right to inventory and pursue other forms of legal or equitable relief through lawful channels. This declaration serves as judicial recognition of injury and as a necessary measure to preserve the evidentiary**

and constitutional integrity of matters obstructed from adjudication before harm could be averted.

6. Any further act of retaliation, suppression, or reputational harm occurring after this Order may constitute obstruction of justice, violation of the First Amendment, violation of disability rights and protections afforded by the Americans with Disabilities Act, and may bear cause of further injunction by this Court for interfering with its abilities to fairly adjudicate the matters set before it and preserve the integrity of judicial proceedings.

---

**Conclusion and Final Approval**

This **Order** shall remain in effect as a formal acknowledgment of the procedural failures outlined herein and will serve to protect Appellants from further harm or retaliation as described in their corresponding emergency motion for declaratory relief in USCA11 23-12350; related cases USCA11 23-13489 and 6:22-cv-1886 (Middle District of Florida).

**SO ORDERED**,
**[Signature of Judge]**
**[Date]**

**"EXHIBIT 16"**

<u>APPELLANTS' APPENDIX – TABLE OF CONTENTS</u>

<u>Docket/Tab #</u>

FTCA Supplement  - early DEA Corruption begins delivering *$16 million* in injuries.............................................................................. A-1

*Mens Rhea* Notice of OOJ/Retaliation hits Orange County Court.............A-7

12-17-21 onward *Lis Pendens* "Deep Water" Home..................................A-12

12-22-21 onward *Lis Pendens* "Island Club" Home..................................A-13

County approves joinder & summons for requested witnesses & assailed Defendants prior to a landmark fraud[1]...........................................A-14

Highlighted portions of Orange County hearing transcript......................A-16

5-Plaintiff Sworn & Verified Initial RICO Complaint...............................A-29

Emergency Motion for TRO to stop *filing-alerted* RICO Act in Progress.............................................................................................A-113

*Same-day* Denial of 17-pg Substantiated[2] Mot. for TRO........................A-130

Motion to Dismiss Initial Complaint by Mr. Bloom...............................A-134

Circuit-Cited Emergency Sentinel Notice of RICO Terror Act...............A-143

Congressionally-assisted Emergency Motion to Reconsider Nation-Vital Witness-Eliminations posed by "DN 8".........................................A-151

Marshals confirm Status-effective Witness-elimination of Two Last Witnesses vital to Nation ...............................................................A-165

---

[1] Currently the sole hearing in history with textbook fraud upon the court, overnight judge change, two *yet-missing* attorneys, prior restraints on speech, & downstream-sequential-attorney-barricade by perjured motion reframe

[2] Arguably most substantiated in history, down to prepared orders themselves.

<u>Docket/Tab #</u>

Motion to Dismiss Initial Complaint by Interval and
      Stadelman ("S&I")........................................................................A-166

The *catastrophic* "DN-30"[3] - Dismissal with "Leave[4]"...........................A-179

PCA despite Process Siege, Fraud, Prior Restraint, & Attorney
      Barricade......................................................................................A-189

Plaintiffs' Amended RICO Complaint with Exhibit List..........................A-191

Plaintiffs' *Application[5]* to Clerk for *Entry* of Defaults...........................A-268

S&I's Motion to Dismiss Amended Complaint......................................A-279

Mr. Bloom's Motion to Dismiss Amended Complaint............................A-291

Plaintiffs' Response Opposing S&I's Motion to Dismiss........................A-305

Plaintiffs' Response Opposing Mr. Bloom's Motion to Dismiss............A-324

Notice of Circumstances Obstructing Justice & Public
      Endangerment...............................................................................A-339

Magistrate's Disabling Report and Recommendation............................A-357

Initial Objections to Magistrate's Report – Multi-disability incapacitation
thwarts A1-Attempted ("Mr. Ibrahim")'s 2nd series[6]...............................A-371

---

[3] 14 encasements worldwide as what not to do if *pro se* arrive with both criminals and corrupt agents in pursuit.

[4] If not to "leave" the earth, by a sudden halt to *all necessitated injunctions*.

[5] Notably *not* motion and solely for *clerical* registering of failure-to-appear.

[6] The enormity of attempt to keep "America One" functional due to the level of infrastructural alarm if he has to be reported "down" was a *sight to behold*. An A1 just coming out of recovery in Daytona Beach following another terror attack on his life, stemming from "DN 30", managed to survive that just to open a mailbox to be "taken out" by some pieces of paper that may have just as well *deleted* everything Plaintiffs ever filed, and with 3 days left to respond. The same mailbox would inform him that a Florida judge had finally ordered Florida to restore all outstanding food stamps & end its food blockade, only to *go missing* the next day (and *ever since*). The only thing missing was perhaps a letter that Hitler had risen again and he was no longer in "America" despite also *being* "America". But there would be no need, as his already accumulated disabilities, with shock and trauma were well

Docket/Tab #

Order of Dismissal...................................................................................A-386

Memo of Sara's Semi-Urgent Motion to Vacate & to ADA/OOJ-assess dad
(423, 424)...........................................................................................A-392

Ms. Sara's Torture Confirmation Supplement as to her Father.............A-427

Notice of Appeal...................................................................................A-430

Supplemental Notice of Appeal...........................................................A-435

Plaintiffs' Collective Motion to Vacate Dismissal w/ Leave to Amend as
        Proposed *Proceeding with Circuit Guidance*[7]..............................A-439

*Endorsed Order* denying DN "89" neglects pre-emptive cite(s) of 1st page &
memorandum, likewise involving a tangential "abuse".........................A-464

Plaintiffs' Motion to Reconsider Denial by two Plain Errors & Ongoing
        Harms upon Justice....................................................................A-465

*Same-day* Unexplained Denial claims ruled "*on merits*", equating 7th-ever
R9[8] attack on Congress and the viability of law itself............................A-482

District Court Docket Report.................................................................A-483

A1 Affirms Ms. Sara's 7-13-23 Attempted R9 Notice to be of Valid
        Intel............................................................................................A-493

A1's Amended Emergency Declarations w/ Ltd. 07-446
        Assistance (see A-539 for converted cites[9])..............................A-495

---

on their way into "ending him" already, and a daughter busy trying to recover, work, and study would suddenly have to become the "Statue of Liberty" herself.

[7] On its *first* page.

[8] Legislative nullification

[9] From those referencing Pet. Appx. or Pet.

<u>Docket/Tab #</u>

Ongoing *existential* violations & cruelties graded yellow-orange-red, that
      have *forced* Appellants to forego connections to save lives, if to even
      now save *their own*......................................................................A-505

Retired Journalist attempts to piece together sworn aspects of
      unprecedented crisis, perhaps better than the *besieged*..............A-528

A summation of what Terroristically Corrupt Whistleblower Retaliation
      look like..........................................................................................A-533

Resource-Limited Status-Interruption Summary as to Petition for
      Mandamus (23-13489)..................................................................A-534

Herein-Appendix References & Material for Personally-Known & Sworn
      Declarations (Appx. 495)...............................................................A-539

**"EXHIBIT 17"**

## List of Exhibits — numbered as on left, pages in parentheses

1. Island Club Warranty Deed (78-79)
2. Musarrat Batool's "model" response creates a federally-certifiable *mens rhea* attachment on any attorney or realtor that might *then* proceed. (80-84)
3. Final withdrawal of Congressionally barred actions by Employer, Prime Global, Prime Clay, and Prime Duval, prior to Mr. Session's campaign of constructive anarchy[1] against the preservation of 136 human lives[2] (85)
4. The "red" document, which due to a local agent gone "rogue"[3], created a conflict between the national and local DEA. Persistent obstructions by Mr. Sessions created an environmental state of anarchy from which it could no longer be rectified by Restorative Employees *alone*. (86-91)
5. Deep Water Warranty Deed (92-94)
6. Unchallenged Deep Water *Lis Pendens* status and content at time of *market-priced* sale. (95)
7. Unchallenged Island Club *Lis Pendens* status and content at time of *market-priced* sale. (96-101)
8. Original certified and express letter to Employer informing of retaliatory protections as under the law, as well as citing the Global Retaliation Clause of the fall-back[4] contract. (102-103)
9. Lease upon property by way of protected benefit prior to achieving retirement goals. (104-110)
10. Notice to Mr. Sessions of unlawful acts in sending notice upon *mens rea* of the underlying matters. (111-113)

---

[1] Constructive as in "resembling law". Anarchy as in unrelatable to any cited or known law in any and all instances and by any and all parties.

[2] As of January 3, 2023, with an additional 6,400 unknown human lives nationally, growing at approximately 17% annually. In all, approximately 200,000 human lives will be lost due to key-witness extinguishment (the Glenfinnan incident unrestrained by the Court of "refuge" in civil/criminal and "asylum" in immigration, when for the voiding of judgments not cited to law or derived by hearing, if derived in anarchy of process towards invoked federal protections that without, *resolutely* and *irreversibly* endanger the public; thus sustaining a Congressionally or Executively certifiable Anarchy not based in the execution of law or the preservation of right, but most certainly and irreparably killing, disabling, and otherwise irreparably harming the public at large, the least of which is the public's faith in the Rule of Law and the Promise of Congressionally Legislated Protections).

[3] The subject of an FTCA claim yet to be made, not surprisingly *also* delayed by the imposed environment of anarchy, which Mr. Sessions orchestrated.

[4] The contract was the initial managing of the asset, at its own level, instead of as part of how Employer's entire estate would be handled on completion of the goals.

11. **Musarrat Batool's 2nd** response showing that Mr. Sessions is proceeding in a *knowing* and aggravated manner of violating non-negotiable protections and rights under federal law and the Constitution, and likewise thus endangering *participatory* process towards the de-endangerment of the public. **(114-116)**

12. Unconditionally[5] Affirmative Response to retaliatory Glenfinnan attack by Mr. Sessions. **(117-126)**

13. The out-of-jurisdiction emergency motion expressing the duress created in protecting the public by a petition for bankruptcy, given the setup by fraud, contractual breach, and unlawful obstruction of justice and retaliation created by Mr. Sessions[6], from which in place of a hearing representing minimal process as to the affirmative claims, a judgment of eviction ensues cited to no law or basis, and neither supported or cited to the summary and pre-summary Florida laws for eviction, which could not apply since a motion for rent determination and request for jury trial were already present in the response as contingencies barring such bases, even though such bases were never used. **(127-144)**

14. **Fallout upon Mr. Ibrahim's 3155 Wavering Lane** resulting from identity theft and failure to report non-payment[7], worst of all having to be undertaken in indigency, after the extinguishing Glenfinnan attack, food stamps, a lack of health insurance, and a repeatedly crashing computer for an amended motion for which a replacement could not be timely afforded. **(145-160)**

15. Certified or express letter correspondence as to Deep Water, upon thus knowing Employer, Prime Clay, and Prime Global, as well as upon Mr. Muneer and thus also Jupiter. **(161-165)**

16. (The number 16 skipped for uniformity with complaint.)

17. A prior *Lis Pendens* upon the Glenfinnan Home. **(166)**

18. (Exhibit 18 skipped for uniformity.)

19. Cease-and-desist letter to Employer and other relevant entities as to the three protected properties, with later notice in the "COR's"

---

[5] With the exception of being conditional to adjudication and that the sequence of events support *but-for* causation.

[6] Likewise one of his first *plainly* RICO acts.

[7] Though for Congressional purposes, the payment is mandatory by the company, as no change can ensue, since everything before adjudication must remain as though the employee is still employed (31 U.S.C. § 3730(h)).

(courts of[8] retaliation) that such expiries had become indefinite due to the obstructions from judiciary process that occurred. (167-168)

20.　　　Official transcript of hearing in which Mr. Sessions opened with multiple frauds upon the Court, in further unlawful advantage of a therein switched judge attempting to become familiar with the case, immediately resulting in material attacks upon speech, process, and the right *of access* to one's counsel[9] for *all* parties therein. Court Reporter Certification on *its* page 30. (169-209)

21.　　　The Orange County COR's *own* joinder along with the header changed *by the Court* as per the also included immediately prior filing, which *did not* take it upon themselves to do so. Included here is that it is even in the document ***for* hearing**[10]. (210-212)

22.　　　Motion regarding issues with counsel, instead of the *plain* fraud offered by Mr. Sessions in mischaracterizing it as something else; a motion that even by any properly afforded measure of *process* was not his to introduce, much like the other pending one as to improper venue. (213-215)

23.　　　The other pending motion as to improper venue before Mr. **Sessions' frauds compromise the material integrity of a hearing in the** Orange County COR. (216-218)

24.　　　Certified and express correspondence, out-of-court, and specific to the Island Club home. (219)

---

[8] Used for

[9] As the 2 contracted counsel likewise were set to defend Musarrat Batool ("Ms. Batool") as well, at such hearing; the subject matter of one of the two motions before the Court, which Mr. Sessions' free hand at multiple perjuries had thus fraudulently misrepresented.

[10] Making incontrovertible that Mr. Sessions' frauds at the onset of hearing were plain.

**"EXHIBIT 18"**

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request 20-Day Medical Recuperation Before Court Update.**

**Post-Terror Emergent and Contingent Declarations of Appellant Syed Ibrahim Hussain ("Mr. Ibrahim")**

I, Syed Ibrahim Hussain, declare as follows:

1.  I am the Appellant or Petitioner, respectively, in the above-titled actions and I have personal knowledge of the matters stated herein.

2.  On February 11, 2024, at 12:22am, a *predominantly unreportable*[1], yet ***successful* terror attack was carried out on the United States of America**, thru its attack on myself. It was the 18th such attempt relating out of the underlying direct and collaterally obstructed issues relating to this case and particularly as to the individual thus, by a corruption-resistant classification of nation-vitality of a witness-whistleblower, represented by the title of (can-save)(salvageable rank-current year) of "America One", as of November 6, 2021, which is as to myself.

3.  **These declarations are as to having just been severely injured and disabled** in a predominantly unreportable, but successful terror attack (Terrorism Attempt #18 relating to this case)[2] having just taken place **on the United States of America** by attacking me as a proxy-target *to that end*: **physically injuring, and further disabling the most vital Petitioner/Appellant to the cases above**, and the currently most vital witness to the continued existence, security, identity, and integrity of this nation, 390,000 yet not wrongfully injured or *dead* lives, and the remaining trust to be had by 119 million citizens,

---

[1] In the backdrop of "DN 30" and ensuing court orders, securing a commanding injunction stands as the imperative solution. Its undeniable factual basis necessitates action under multiple legal provisions, ensuring the safety of 390,000 and trust of an additional 119 million, while upholding national integrity and security."

[2] No marshals were present as providable by 28 U.S.C. § 566. Reporting beyond this court is ill-advised due to vulnerabilities from "DN 30" of the district court, necessitating a commanding injunction at 2339 Glenfinnan Drive, Orange Park, FL 32073, with Syed Ibrahim Hussain as uninterrupted occupant. Such relief, though rare, is essential to counter dangers created by "DN 30", and is supported *already* by facts, laws, and exhibits. Petitioners aim to amend Mandamus relief to include this, but if unable due to my death or incapacity, the Court should *sua sponte* add it.

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request 20-Day Medical Recuperation Before Court Update.**

which would in jeopardizing thus reach 219 million total, and to all that stands to be affected *downstream* of the reliefs requested or relevant to the federal district case for which the cases in the header exist.

4. Due to the eliminatory state created and *worse*, sustained, by an approximately 1,000-day combination of private criminality, public officials, state courts, and even the federal district court that thus has made it the current Court's purview, **all potentially "assistive" authorities should be presumed corrupt, harmful, nonfeasant, malfeasant, conspirational, colluding, or recklessly negligent**, in this environment created predominantly by the scar on history referred to as "DN 30" by the district court in the Middle District of Florida, case 6:22-cv-1886-CEM-LHP.

5. Sandra Davis, a self-sacrificial journalist in New York, and her trainees are authorized to protect national integrity, bearing all liabilities on me, as affirmed under penalty of perjury. Accustomed to bearing the trust and burdens of millions and the elderly, my physical toll includes potential surgery and wheelchair use. If such journalists fall while upholding free press, they deserve Arlington honors. All liabilities of disseminations rest on my oath as tied to declarations or motions in cases 23-13489 or 23-12350, or any sworn Appendix content in 23-13489, including A-32 to A-50's detailing of attacks on Congress, law, and rights, with Supreme Court cautions, which met a district court response at minimum fulfilling "abuse" as per an 11th Circuit precedent in the Petition for Mandamus and qualifying as allegeable civil rights violations resulting in casualties.

6. My potential partial paralysis's extent or duration is uncertain. While arranging for a wheelchair and walker, I aim to preserve justice for myself, my family, 390,000 lives, and the trust of 119 million others, hoping the Petition for Mandamus will adopt a necessary remedy. This should include not just its current terms but also a rare commanding injunction mandated by a Circuit Court, and for case 23-12350, a stay of appellate proceedings to address and grant the writ of Mandamus.

7. Justice's continuation necessitates a commanding injunction, uniquely specified due to my current limitations, hoping for future capability to formally request it. This injunction is crucial, diverging from standard

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request**
**20-Day Medical Recuperation Before Court Update.**

denial grounds, carrying out immediate evacuation from 2339 Glenfinnan Drive, Orange Park, FL, and my full ownership to ensure uninterrupted residence for critical operations affecting justice, lives, and a vulnerable national third. This action is compelled by detailed legal discourse in Pet. Appx. 362 to 372, unmatched in the 11th Circuit for supporting False Claims Act retaliation claims, among other legal breaches. The district court's obstruction underscores the injunction's urgency, underpinned by legal principles, acknowledged facts, and precedents, essential for national integrity, security, public safety, and survival. Lacking opposition, as no contest concerns this street address, and supported by the Petition for Mandamus' legal admissions, **this injunction stands legally unchallengeable.**

8. I've had to get this out, in its current state to both courts given timings that could catastrophize justice and the need for time to account for this matter. Of course, if there are greater matters in caselaw, which I'd love to one day find, than **attacks on the United States resulting in the near-death of a filer whose human rights are already the subject of three United Nations alarms**, and all sworn under penalty of perjury, I will have to for now trust that regardless of what the Court believes my eventual brief will sufficiently provide or not, that this is hopefully more than enough cause to suspend or buy time to further inform on matters pertinent to the weight affirmed to the reliefs involved, unless the only "good cause" to be hoped for is to be filed by my grave.

9. I am with due diligence **arranging for the surgeons and doctors to put me as much back together as possible**, not knowing even what that's going to be at this point, and expect to by due diligence, appropriately apprise the Court in that regard. At least as far as for the Petition for Mandamus being initially denied on the basis that appeal offers adequate remedy should hopefully be put to rest *yet further* by this highly unexpected near-death catastrophe.

10.   No authorities at any level should attempt to supersede or separate me from "Reyna" unless their badge or signed authority supersedes hers, which is quite close to impossible. She was trained nearly into creation

by anti-corruption contingencies[3] by the last bipartisan-trusted and acknowledged hero of Sen. John McCain, so whoever needs to know what that means, will already know what that means. And whoever doesn't, is unfortunately without authority to know. Not even I have the liberty to reveal further in her regard without committing a felony. This should be understandable regardless that her presence can only be sporadic and insufficient. It is a sad day when the *last line* of defending this country have to instead find out what this country has managed to do to me, my family, its promises of law and right, and to the tune of 144,000 confirmed injuries, over 4,000 confirmed dead, and with 390,000 lives and the trust of another 119 million (*on top of* the unaggregated ABA estimate of 100 million; thus *219 million total*) in the balance.

11. I express gratitude towards Defendants who appeared in court instead of attempting to harm me, in the likes of what happened just 30 hours ago, and for all we know, might still *permanize* "flag fall" if not for the commanding injunction needed. The incident is indisputably due to "DN 30" by the district court, which followed an already perilous journey to its doors, only possible on the third attempt, after enduring over 500 days of relentless obstruction of justice offenses and other violations by both public and private entities, including state courts misused by blatant frauds, excluding the two judges who nearly lost their lives trying to save "America One" from a cancer-causing heist through illegal attacks on my father by elements of the DEA, a licensed attorney, Florida's Department of Health, among others. The current situation is so dire that the United Nations had to intervene to restore water access, and a food blockade continues. Despite these challenges, I nearly would honor Defendants who appeared, if not for the pressing injuries, lost homes, and poverty caused by these events. This situation underscores the necessity of a commanding injunction as the only hope for justice, given the historic level of obstruction and the 18th attempted terror attack on the vital witness to far too many lives and interests, supported by no less than a *record* amount of evidence and legal precedent, now in a state where standing and walking is nearly impossible for me,

---

[3] If in "full jeopardy" of the nation's principles and its citizens as a whole

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request 20-Day Medical Recuperation Before Court Update.**

highlighting the increasingly critical state of human rights and justice at stake.

12. Evaluations of my post-terror conditions supersede the timeframes likely to be provided to *salvage* **the vitally urgent and now *increased* remedies necessitated in 23-13489**, requiring the Court to trust my sworn words, which hardly fall upon an *empty* record[4]. In fact, not having shown up within the timeframe to oppose only rightfully and *directly* suited to justice makes even their opposition *statutorily* empty. Examples of timeframes for a sample of entities that might shed light or that might be *thought to* only to instead be quite harmful follow here with entity, corruption risk (CR), estimated delay (ED), & expected resources (ER) specified where applicable.

1. **Very Low Corruption Risk Entities:** ACLU (Very low CR, 100 days ED), *Reyna-cleared* Doctors/Surgeons/PT/Assistive Equipment (Low CR, 20 days ED), Amnesty International (Low to Impossible CR, 70 days ED), Government Accountability Project (GAP) (Low to None CR, 45-120 days ED), Human Rights Watch, Intl. Rehab Council - Torture Victims, Posner Center of Justice for Pro Se (Low to None CR, 30-250 days ED), Southern Poverty Law Center, Transparency International, FCLU (Low CR, 30-240 days ED), Collective ER: Low to Considerable.

2. **Low to Mid Corruption Risk Entities:** ABA, Bureau for Humanitarian Assistance, Center for Constitutional Rights, AARP, Florida Bar (Low to Medium CR, 50-300 days ED), DOJ, H. Comm. on Homeland Security, Senate Judiciary Committees (Segmental Low to High CR, 45-450 days ED), GAO, H. Oversight & Reform Comm. (Medium to High CR, no readily relevant ED),

3. **Mid to High Corruption Risk Entities:** DHS (High CR, injunction-dependent ED), FBI (Moderate to High CR, injunction-dependent ED)

4. **Very High to Lethal Corruption Risk Entities:**
   a. **U.S. DEA,** CR: **Very High,** ED: Red Alert **Corruption 10/10**
   b. **Local Police,** CR: **Very High,** ED: **Cannot supersede**/overwhelm/alert **state corruption** which is 10/10
   c. **FL DCF,** CR: Lethal Corruptive Entity (LCE; **Active Terror)**

---

[4] If *just* the Petitioner's Appendix be any indication.

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request 20-Day Medical Recuperation Before Court Update.**

    d. **FL DOH,** CR: Maximal Corruptive Entity (MCE; **Acts of Anti-Human Cruelty)**

    e. **Fed. Distr. Ct., MD of FL,** CR: Of what can be openly stated: Impervious to its Record, committed an **act of recognized abuse** per an 11th Circuit case, carried out and sustained orders resulting in **the most catastrophic set of OOJ offenses in U.S. history.**

    f. State Courts, CR: MCE's and not-of-original-jurisdiction.

    g. **State of Florida,** CR: MCE; **In Active Acts Equating Secession**, human-shielding judges were left without power to assist. **Judiciary officer ordering Florida to open food access gone "missing".** MCE-Unemployment benefits, MCE-FL DCF **elderly genocide (Class 6 International)**, MCE- FL DCF obstructing SNAP, MCE - FL DOH **elderly genocide[5] (Class 6 International)**; Refused even Texas from entering to assist "America One". Refused attorneys from entering to assist "America One". Sustained **a recorded attorney barricade and pre-speech censure** in an Orange County hearing, the 2 most blatant constitutional violations in U.S. history, even bearing upon human rights.

13. A minimum of 20 days' rest for my injuries in which I will not be able to apprise the Court may be necessary. Such apprisal would simply start with my state, my abilities, and perhaps the time needed to properly contribute to these proceedings. Whatever the Court can do given either what is already on its docket or *sua sponte* to this end is appreciated.

14. No representation was afforded to make this document, however whatever assistance was provided by the volunteer efforts of "America-7" (DC), "America-19" (S.Ct.), "Reyna" (Specially Armed[6] Entity/FL), "Vidro"(Volunteer/DC), or "Rainshow"(Volunteer/VA) are appreciated.

15. This document was just now interrupted by a final order to myself, both professional and otherwise, that I am to "prioritize my health and safety above all else and **cannot afford to lose more blood or delay**

---

[5] **Along with the DEA and extending yet further into *all 49 other states*.**

[6] But *sporadic*.

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request
20-Day Medical Recuperation Before Court Update.**

**medical care** on account of trying to apprise the Court. May I
encourage that despite the risks that within the next couple days, I may
pass away and thus a guaranteed 390,000 others become casualties,
may every citizen, rich, poor, powerful, or otherwise, always strive to
embody the maximum dedication possible to preserve that which
America truly, by no less than its promised laws and rights, embodies,
not solely that it can do so for them, but likewise for others. **I can only
hope that by the time I am able to avail the courts again,
hopefully within the next 10 days, they have not entirely closed
the book on humanity and justice, for me simply bearing the
"crime" of being** *obligately*[7] **Pro-Se.**"

**I declare, under penalty of perjury**, that the *entirety* of what is in this
document is the truest description of the alleged circumstances. I invite
perjury, libel, and false reporting penalties if one doubts a single fact. The
18th terror attempt has now succeeded not solely on my daughter as before,
but now on me, **putting the remaining 390,000 lives at eminent
risk** of becoming *casualties*; a remainder **threatening the equivalent of
a $1.3 trillion attack on this nation**. I lack a law license, but defend
truth, justice, family, human lives, and this nation at nearly all costs. I was
injured into not being able to afford attorneys and my ability to convey for
justice or even public or individual safety was, in a horribly still-sustained
finality of injury, jeopardized by none other than a federal district court.
I've been barricaded from the 2 attorneys I could afford and censured of the
very speech that would have *with material certainty* saved us a home, on a
transcript costing a third of my then-available assets. The district court has
yet to address *anything* among what Petitioners/Appellants have at any
time[8] pointed out or wherein they have oppositionally responded. Thus,
and barricaded even from out-of-state attorneys, I plea that if
unchallenged, I be taken *as true*. If I had but *one* attorney, organization, or
badge beside me on any point I've sworn in the last thousand days, I would

---

[7] By injuries to this effect and by an elaborately orchestrated heist rupturing
a family, nearly killing my aging father, and reprocessing him beyond the
window of intervention. This case contains levels of heinous and torturous
crimes and implements not seen in U.S. or world history, except perhaps in
the Holocaust, Darfur, or the plights of Nelson Mandela.

[8] And there were *many* such times.

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request 20-Day Medical Recuperation Before Court Update.**

today be arguing to decline being offered the nation itself, rather than returning to a single secure home, among three for which even the most lucrative public reward would be unable to find any law under which they might have been taken. Not surprisingly, no Florida court ever managed to find one either. Ironically, despite what 1) *The False Claims Act*, 2) *ten* attorney guidelines, 3) laws against fraud, false records, and perjury, 4) the whole of *any* RICO statute, and 5) the *entirety of* Title 18, Chapter 73, and all of its state counterparts *prohibit*, even *Florida* law 1) prohibits county courts from ruling on real property where a claim to title, based in law or contract, is asserted, 2) even what *Florida* holds as "affirmative defenses" *remained* unopposed, void of both hearing or jury trial, and 3) even the *processes* required by *Florida* law were never provided, so what to speak of what a reward poster, no matter how lucrative, if not before every judge, lawyer, professor, or student in *existence* would ever produce. Thus, abuse and misconduct would have been bad enough, but these indefensible and anarchical acts bear no resemblance to civilization and are well on their way to ending whatever civilization does *provably* exist.

Executed on February 12, 2024; in northeast Florida, while bleeding, unable to stand or walk, and on my way to surgeons, doctors, and physical therapists.

If there is a *sua sponte* inclination to ever be borne given what this instrument declares, then may life have not so embittered or embattled them, that they may be "hero" enough to conserve what I've been *forced* into conserving for the last 1,100 days of my life, while enduring almost every form of injury, loss, or torturous or cruel, *yet-ongoing*[9], act against my family or myself that no citizen or human should or likely will ever have to endure, not even for those[10] whose evils are yet further multiplied, buried, endorsed and empowered in the interim, by what the district court committed that has thus retained perhaps the brightest "green light" they could have ever hoped for or have even ever had, and without ever needing to show up either.

Executed on February 12, 2024, in northeast Florida.

---

[9] And perhaps with no *living* reunion to occur from it either.
[10] Including public officials whose cases have yet been *obstructed* from even arising.

**Terror Attack Declaration in Cases 23-12350, 23-13489. Request 20-Day Medical Recuperation Before Court Update.**

/s/ *Syed I. Hussain*

Syed Ibrahim Hussain
"America One"

**"EXHIBIT 19"**

## JURISDICTIONAL STATEMENT

This is an appeal originating from the final judgment of the United States District Court for the Middle District of Florida, entered on June 16, 2023 and upon its pre-contributive judgments on November 9, 2022 and on November 22, 2022, along with its post-contributive judgments on June 28, 2023, August 15, 2023, and August 21, 2023. The district court had jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the case involved claims arising under federal law, specifically under the *False Claims Act* and related statutes.

The active Appellants in this case are:

1. **Syed Ibrahim Hussain** - The primary whistleblower, who, while employed, engaged in protected activities under the *False Claims Act* by refusing to approve leases that would have violated the Act via the *Anti-Kickback Statute*.

2. **Syed Muhammad Baqir Hussain** - Another employee who was present and also refused to approve the unlawful leases, thereby engaging in protected activities under the *False Claims Act*.

3. **Syeda Sara Hussain** - Affected by nearly equivalent unlawful retaliation as her father and brother, making her a party of equivalent right under *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011).

Additionally, all Appellants above are direct victims and crime witnesses to the majority of the RICO-related crimes that arose from the retaliation of the protected acts above.

The Eleventh Circuit Court of Appeals has jurisdiction over this appeal under 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over appeals from all final decisions of the district courts of the United States.

The first notice of appeal was timely filed on July 17, 2023 in compliance with Rule 4(a) of the Federal Rules of Appellate Procedure, which sets forth the time limits for filing a notice of appeal. A supplemental notice of appeal was timely filed on July 28, 2023 in compliance with Rule 4(a) of the Federal Rules of Appellate Procedure.

# STATEMENT OF THE ISSUES

1. Whether the district court erred in its dismissals by failing to consider Appellants' legal and factual arguments, procedural case law, and allegations justified to be deemed *admitted*.

2. Whether the district court, in overlooking the record, denied due process and exacerbated the obstruction of justice, while causing RICO acts and human cruelties to continue, endangering Appellants, public safety, and national integrity.

3. Whether the district court failed to provide timely relief for RICO-related claims and False Claims Act protections.

4. Whether the district court perpetuated a catastrophic denial of justice, thru effectuated elimination, jeopardizing rights, and disregarding Congressional intent for timely adjudication and relief.

5. Whether the district court erred in refusing to deny the Motion to Dismiss by Defendants H. Stadelman and Interval Title Services, Inc., despite detailed factual and legal basis demonstrating the motion's lack of merit.

6. Whether the district court dismissed Appellants' verified RICO complaints in disregard of a RICO act on Appellants' "Island Club"

home, involving severe violations of their First, Fifth, and Fourteenth Amendment rights.

7.  Whether the district court allowed a series of illegal transfers of homes to perpetuate an eliminatory state upon Appellants, even with non-appearing Defendants (Appx.  268) and with fully refuted opponents' claims otherwise, justifying this Circuit's prompt action to prevent irredeemable rupture from justice, function, and right.

8.  Whether the district court jeopardized timely mechanisms to preserve the "whole" guaranteed by 31 U.S.C. § 3730(h)(1), regardless of parties. Thus, this Court should order all emergency relief needed to restore Appellants. Moreover, that Special Master and sufficient, Appellant-cleared counsel alleviate obstructions to vital cases, reportings and restoration, along with any assistance necessary to address what threat to lives, public safety, and national security is yet salvageable.

## STATEMENT OF THE CASE

### I.    STATEMENT OF FACTS

This case represents a fallout of systemic corruption, retaliation, and injustice. At its core are Appellants, made to be victims and advocates alike, against vast criminality and colluding government, involving healthcare fraud, drug crimes, real estate fraud, public safety, and a robbing assault upon a family's dynamics.

In June 2021, Mr. Ibrahim and Mr. Baqir refused to participate in illegal schemes that would violate the *False Claims Act* and *Controlled Substances Act*. They faced ruthless retaliation escalating beyond organized crime. It synergized with public corruption. Appellants were subjected to wrongful termination, abuse of process, real estate fraud, grand theft, acts of incapacitating torture, food blockades, anti-witness crimes, deprivation of rights, identity theft, evidence destruction, and witness extinguishment. These reached being exacerbated by the district court itself, starting with it endorsing a RICO act in plain view, by granting Appellants' last home to the fleeing lead RICO conspirator.

A long-standing, pre-existing obstruction to dependent cases and reports was responded to by a rupture of justice by the district court. This delayed and complicated Appellants' needed relief. It thus also obstructed

3

the related justice, humanitarian, and corruption issues involved. These factors undermine the trust that a district court can fulfill Congress's intent.

Mr. Ibrahim bore originally indomitable evidence as to an empowered core corruption cascade (Appx 493, 494) bearing a cruel and broad impact. Finally bearing hope of a respite from 500 days of obstruction, a district court's order causes an effective witness-eliminatory halt (Appx 161-165, 342, 348-349), worse than even prior obstructions and with such obstruction thus about to reach over 1,050 days.

Laws thus could not "protect" employees Mr. Ibrahim and Mr. Baqir's ability to be made "whole" (31 U.S.C. § 3730(h)(1)). Appellants had to endure 1,138 days of relentless, *silent* retaliation, void of process and law. It involved continuous cruelty and daily suspense on our personal and family lives.

It created disabilities Mr. Ibrahim would have to against near-impossibility *suppress*. So severe, in fact, even this appeal to which he is vital, even if just to the hope of saving *his own family's lives*, must yet fall late upon a Court that we can only hope will understand, without attorneys or the money for expert witnesses to speak for them, the eliminatory perils we unexpectedly had to overcome for the extraordinary feat of even completing it at all.

Every possible relief of this Court is helpful and necessary. However, it cannot bring back the moments that Appellants have lost together as a family, either to attacks, disabilities, and torments or to filings needing to be made in traumatized cognition, scattered documents, mounting disabilities, and yet-displaced from our homes, jobs, and family stability.

Mr. Ibrahim's last episode of being made "whole" in the "world" the district court created (via "DN 30", Appx. 179) involved him having to endure the near-murder of his son Mr. Baqir, the second "protected" whistleblower (Appx. 46[1]) just a couple months ago, in a corrupt act involving two Seminole County police officers. This is despite a still-disobeyed order of a next-day *gone-missing* Florida judge ordering to restore what would now be two years of food stamps.

The District Court's "DN 30" was issued at a time when justice, stability, and restoration for Appellants was at its most critical and *ready* point. This was supported by the available facts, law, and evidence (Appx 29, 113, 143, 151, 165). Appellants were fully capable of addressing and resolving problems and dangers presented by a prompt response (Appx37 FN 10, Appx 73 FN 38, Appx 96 FN 39, Appx 97 FN 41).

---

[1] W-2's are producible as to Mr. Baqir; IRS reports and records as to Mr. Ibrahim would much prove his employment similarly.

The court's order traded *that* level of promised readiness, for a 600-day *insult to* 87 pages (Appx. 29) of RICO-relevant *injury*. It would thus unleash upon Appellants silently unaccountable crimes, cruelty, corruption, disability, and poverty. Even the Circuit-"sacred" (Appx 539) post-judgment leave to amend as proposed would receive a denial without explanation, *twice* (Appx. 464, 482).

Our initial complaint conveyed retaliations as complexly injurious as the very RICO Congress could ever "hope" to see it used for[2]. The Circuit will already know that is not common. That initial complaint, despite not being written by God or F. Lee Bailey, so as to perhaps have been *believed*, despite the fancier promises of law (Appx. 444-445, 452-461), perhaps like the one for "all relief necessary to make whole" (31 U.S.C. § 3730(h)(1)), that Appellants hope to see in time for their next life[3] perhaps*,* if not rushed there first like the late Joshua Dean ("Hope 94"), John Barnett ("Hope 13"), or the posthumous "Citizen 12" that is Senior Airman Ashli Babbit, for whoever "America One" may be and fallible indeed, he will not fail to notice that a narrative can be used daily to make villains of people, but not a single

---

[2] Unless there's a *post-humous* version they had in mind.
[3] Or perhaps all-too-urgently for their cancer-riddled, elderly relative they thus have not been able to save as a result (Appx.), which has just "re-exploded" into God knows what for this heavily armed French woman, who is not at liberty to do much but be "tangential" and "sporadic".

day to remember a fallen life, that Appellants still managed by such complaint to avoid repeating 14 of the already most commonly criticized mistakes of *attorney-filed* RICO Complaints in this Circuit.

The district court's "wants" are still unclear. It having looked at either Complaint in its 313 jurisdictional days to do so would have been a *good start*. Even after the Amended Complaint was filed, we were expected to surpass what courts commonly accepted of *attorneys* (Appx 458) and also even what *this* court accepted of them (Appx 460), in stark contrast to *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) as in #7 of Appx-455. Worse, given what happened to both complaints, were we to draft a RICO complaint worthy to be the template of law schools[4], we'd have to still hope that some remnant of it appear in an opponent's filing, so that the court might take notice of at least the worst of it[5].

Appellants, from the onset, sought justice according to law. They faced retaliatory measures for refusing to engage in healthcare fraud (Appx. 48-59). When combined with corruption (Appx. 1, 14, 16, 37, 39-40, 52-53, 143-150, 493), this jeopardized hundreds of thousands of elderly American lives, their caretakers, and families. We won't entertain the delusion of

---

[4] If ours ironically is not becoming that *already*.

[5] And thus in the worst light, if to speak of "inference" (Appx 454)

hoping to amid *this* (Appx. 348-349) level of obstruction *prove* what's *at stake*, if we have yet to be trusted on the truth of what is immediately apparent.

Unlawful retaliation ended up synergizing with corruption. These were in the Florida DOH and DEA, for torts not yet even able to rise. Appellants were facing attacks from criminals, rogue agents, and corrupt officials. An occasional brave robe would try to stop attacks on our "Island Club" home. Another was trying to *human shield* us from DEA terror about to carry out a cruelty heist with Mr. Sessions to tear apart a father and son, along with from his grandchildren; likewise all they worked to, *quite honestly*[6], build. This was followed by what Mr. Ibrahim could then know was EG (elderly genocide) Sections 1-7[7] commencing with haste on a first block of 1,338 elderly American citizens. A *mens rhea* filing in a county court by the mother of Appellants Mr. Baqir and Ms. Sara (Appx. 7) alerts the state that jeopardy of their ability to stay in their *status quo* homes is *de facto* a felony obstruction-of-justice event, which led to brief stand-down orders. Mr. Ibrahim worked to assemble a team (Appx 345-346) to intervene and rescue Mr. Ibrahim's father[8] within a crucial window of

---

[6] If not by discovering those stealing from such businesses likewise.
[7] Tragically destroyed by "DN 30".
[8] Since the DEA had violated their own advertised policy in not doing so.

8

rehabilitation. All realtors stood down. All attorneys stood down...except one ("Mr. Sessions"). An agent "MC" of the local DEA then and "AB" at the FL DOH, all involved in a rising-overdoses, persona-abduction heist, were joined in by Mr. Sessions, cutting off timely intervention, forcing cancer on Mr. Ibrahim's dad, followed by memory reprocessing. This led to an escalation that two years from now will be in *books* as the only "war" to happen in Florida since the Battle of Olustee; the "Glenfinnan War" (Appx. 344-347). This one however would be between integrity and corruption. Corruption would make a horrible mistake that day, when the main brunt of the initial attack landed upon Mr. Ibrahim's daughter, Appellant Ms. Sara *instead*.

The district court meant to be the "court of refuge" instead gave Appellants a "refuge" (Appx 130, 179) that would obstruct all measure of justice, security, stability, evidence, reporting, testimony, rights, disability accommodations, and the ability to stop elderly genocide, notwithstanding witness suppression and evidence *destruction*. Thankfully, Appellants' *core claims* remained valid, immediately provable, and indisputable. The court had witnessed *unrepresented* Appellants file *this* (Appx. 113), with proposed orders and precedential colloquy, with even a congressionally

assisted filing in tow (Appx. 151), and 87 pages of sworn, verified and *endured* RICO injuries[9].

Despite that, it couldn't allow 14 days of trust for a hearing at which nonetheless <u>near-indigent</u>[10] *pro se* <u>Plaintiffs</u> were ready to face however many attorneys that parties enriched by fraud, theft, and cruelty could buy. Appellants were confident that despite opposition at the hearing, which was *yet another one* they never got, they would prove the necessity of the TRO. Moreso, for yet also-then-necessary injunctions (Appx. 82-88) just to preserve the *ability* to be made "whole". The necessity would become clear when many RICO Defendants never appeared at all (Appx. 268).

It's notable that someone who's saved countless lives to have summed up Appellants' ordeal by reference to an occasionally used Title VII test of whether one would be "dissuaded," as in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). We repeat it here solely because we feel that it best captures how some so-broadly endurant cruelties exist for some that make "wondering" about whether unlawful retaliation or a plausible claim *exists* a luxury of far better days than those we are *currently*

---

[9] Which if too long to read, let alone DN 7, 20, 21, and 25 were considerably shorter, imagine how much harder to *bear*.

[10] If to speak of "faith in law", Mr. Ibrahim had spent nearly 70% of his remaining funds simply on the transcript (Appx. 16) and *three process servers* needed as to Mr. Sessions *alone*.

in. Though we offer it from ourselves, we welcome its credit be taken back if ever such woman is able:

"Why worry for the benchmark of 'Dissuade', for I have yet to find the citizen that if you tell them, hey, want to be a whistleblower? This is how 'protected' you're gonna be. Ready? First, we'll abduct and drug up your father to the point of cancer and reprocessing, leading to the first war in Florida in 160 years, while stealing everything he, you, and the rest of your family has built and worked for, down to your identities, homes, and bank accounts, then we'll make it so you'll walk into court and not be heard. You'll never have an attorney because we robbed you of the funds to hire one and while you hope for justice, we'll hit you with a triple-felony-attack _while you're in the Jacksonville federal courthouse_ (Appx 53), then one by one we'll attack every sphere of your life and family, make every agent and court suddenly mute to every evidence you can show, every law you can cite, and every word you can say; in one court we'll barricade you from two attorneys you happen to afford and have them disappear much like a judiciary officer the day after they order Florida to restore your food stamps, which you'll thus also never see. Then, we'll have a judge order you silent prior to a word (Appx. 16), while you're both the assailed defendant and approved witness called to the hearing (Appx. 14). Then, when you spend one-third of your net worth so a certified transcript of that hearing will show those violations plain as day in a later RICO complaint in a federal court, a court you only barely enter safely on your _third try_, when a civil rights volunteer agrees to protect you for a brief moment from elimination. Then, in case you get the idea you've entered a court that might give you some justice, it won't even look at your or the 4 other filers' RICO complaint at all, nor bother taking anything as true. After all that, the question of 'plausibility' of a claim would readily equate the plausibility that any promise of right or law in this great nation, yet _exists_; and if such an ordeal, for **over 1,000 days** is both 'prize' and 'protection' of what it is to be a whistleblower, then why play with a low bar like 'dissuade' but rather raise it in

11

favor of every potential opponent and boldly ask the *entirety* of the American public...***any takers?***"

Evidence crucial to life-saving, anti-corruption, and justice[11], though not so much as to our *instant* claims, were vastly destroyed by the order of a district court (Appx. 348).

Despite the sensitivity of what Appellants needed to work on, the district court thrust Appellants into the "spotlight", out of every secure zone and into a full rupture from trustable law (Appx. 29, 113, 143, 151, 165, 339). This was an immense jeopardy of what it means to protect crime witnesses or whistleblowers. When the crimes are *nation-vital* (1, 7, 29, 113, 143, 151, 339, 465, 493, 495[12], 528, 534), only worse.

This case is a referendum on the justice system's capacity to uphold the rule of law against powerful wrongdoers. The outcome will determine whether those who risk everything to expose wrongdoing can find vindication or be crushed by the very institutions meant to protect them.

## II.    STANDARD OF REVIEW

The Eleventh Circuit reviews *de novo* a district court's dismissal for failure to state a claim. *Castillo v. Allegro Resort Mktg*., 603 F. App'x. 913,

---

[11] *Thirteen* then-ongoing criminal investigations, vital torts and vital reportings to protect the public, not even able to have their cases yet *open*
[12] May the Court please print **Appx. 539 as an in-hand key** to the provisions of **Appx. 495**.

**"EXHIBIT 20"**

Exhibit 20 – Sample Circuit-Level Preservation Order

**[PROPOSED] ORDER DIRECTING RECORD PRESERVATION**

Upon consideration of Appellants' Emergency Motion for Declaratory and Injunctive Relief, and pursuant to this Court's inherent authority to protect the integrity of the judicial process and ensure the availability of material evidence in ongoing or anticipated litigation, it is hereby:

**ORDERED** that the Office of the Clerk of the Eleventh Circuit Court of Appeals shall preserve, without alteration, deletion, or destruction, any and all materials, communications, digital records, and metadata associated with the handling of Case No. 23-12350, including but not limited to:

1. All internal communications, logs, notes, or staff emails referencing this appeal between **August 1, 2024 and the date of this Order**;

2. All notice transmissions, deficiency determinations, or rejection memos associated with Appellants' filings, including but not limited to filings on **August 12, 2024**, **November 26, 2024**, and **December 10, 2024**;

3. System log data related to PACER receipt, docket activity, transmission status, or administrative overrides;

4. Escalation requests, call logs, or internal instructions related to the **Vinson-Dane Motion** or Appellants' corrected Appendix submitted on **November 26, 2024**;

5. All records documenting how or why the appeal was dismissed on **December 10, 2024**, and reinstated on **March 3, 2025**.

This Order shall apply to **electronic, paper, and archived formats**, and is intended to preserve the evidentiary trail related to the procedural blockade alleged in Appellants' filings.

Failure to preserve may result in further relief, including sanctions or inferences as permitted under *Chambers v. NASCO*, 501 U.S. 32 (1991), and *Flury v. Daimler Chrysler*, 427 F.3d 939 (11th Cir. 2005).

SO ORDERED.

Dated: _____

_____
**Judge of the United States Court of Appeals**
**Eleventh Circuit**