# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## Appeal No. 23-12350

Syed Ibrahim Hussain, et al. — Appellants

v.

H. James Stadelman, et al. — Appellees

**EMERGENCY MOTION FOR 28-DAY EXTENSION OF TIME TO FILE PETITION FOR PANEL REHEARING AND/OR REHEARING EN BANC**

*(Fed. R. App. P. 26(b); 11th Cir. R. 27-1(c))*

**1. Procedural Posture & Current Deadline**

The Court entered judgment on **1 July 2025** affirming dismissal of Appellants' appeal. Under Fed. R. App. P. 40(a)(1) the petition for rehearing is due **15 July 2025**. Appellants request a **28-day extension to 12 August 2025**. Eleventh Circuit Rule 27-1(c) authorizes the Clerk to grant up to 28 days for good cause without panel action (text attached as Exhibit A).

**2. Chronology Showing Good Cause**

| Date | Record Event & Source |
|---|---|
| **June 28 2023** | Appellants filed **Post-Judgment Motion to Vacate or Leave to Amend** (Doc. 89 & 90). It set out Rule 59(e)/60(b) grounds and cited *Mahone v. Ray* for district-court procedure. The district court denied by two-word endorsed order the same day, providing no reasoning. |

1

| Date | Record Event & Source |
|---|---|
| Aug 21 2023 | Appellants filed **Motion to Reconsider Denial by Two Plain Errors and Ongoing Harms upon Justice** (Doc. 92 & 93). Motion again invoked *Mahone*, identified constitutional violations (Amends. I, V, VI, VII, VIII, IX, XIV) and statutory protections (18 U.S.C. §§ 1964, 1512, 1513; 31 U.S.C. § 3730(h); ADA). The district court issued another endorsed denial the same day. |
| Sept 12 2024 | **Appellants filed their Initial Brief ("AIB") and a three-volume Appendix (539 tabs).** The AIB's opening sections—Jurisdictional Statement, Issues, Standard of Review, Summary of Argument—appear at Doc. 53-1 pp. 1-25. None of that material is considered in the panel's July 1, 2025 order. |
| Apr 18 2025 | In this Court Appellants filed **Emergency Motion for Declaratory Relief & 60-Day Stay** (Doc. 100) amid life-threatening retaliation and clerk-level obstruction that *thus never ceased*. |
| Apr 26 2025 | Appellants filed **Emergency Objection to Notice of Deficient Motion** (Doc. 102) detailing that the Clerk's "deficiency" notice itself obstructed access. |
| Jul 1 2025 | Panel issued unpublished per-curiam affirmance, labelling complaint "shotgun pleading," without addressing any of the above emergency filings. |

### 3. Good-Cause Factors under *Pioneer*

1. **Danger of prejudice**:

   - No Appellee has moved since the panel decision; most parties never appeared. A 28-day delay cannot prejudice absent or inactive defendants.

2. **Length & impact of delay**:

   - Requested extension is within the 28-day limit contemplated by Rule 27-1(c). The mandate has not yet issued.

3. **Reason for delay**:
   - The two endorsed-order denials (June 28 2023 & Aug 21 2023) left hundreds of pages of verified fact and law unaddressed. Appellants must consolidate those unrebutted records into a rehearing petition. That effort was interrupted by the same clerk-level deficiencies described in Doc. 100 and Doc. 102, which required immediate response and consumed the short 14-day rehearing window.

4. **Good faith**:
   - Appellants have filed every motion within tight deadlines despite poverty, disability, and documented retaliation (see Doc. 100 § I; Doc. 92 at 1-3). There is no dilatory motive—only the need to complete a petition that incorporates the record the district court and panel ignored.

4. Necessity of Extension

- **Record complexity**: The August 14 2023 post-judgment brief (Doc. 90) alone is 22 pages of caselaw and paragraph-by-paragraph fact analysis disproving any "shotgun" characterization.

- **Clerk-level obstruction** has twice halted appeal activity (Doc. 100 § II; Doc. 102). Additional time is required to ensure filings will not be rejected for artificial "deficiencies."
- **Constitutional stakes**: The unrebutted motions assert continuing violations of Amendments I, V, VI, VII, VIII, IX, XIV and retaliation prohibited by 31 U.S.C. § 3730(h). Denying modest additional time would convert a procedural rule into an instrument for those violations.

**5. Relief Requested**

Appellants respectfully request that the Clerk, or if necessary the Court, issue an order:

1. **Extending the rehearing deadline by 28 days, to August 12, 2025.**
2. Confirming that filings received within that period will not be rejected for non-substantive "deficiencies" without referral to a judge.

Respectfully submitted this 11th of July 2025.

_____
SYED IBRAHIM HUSSAIN
mms-renovation@outlook.com

Appellants Syed Muhammad Baqir Hussain ("Mr. Baqir") and Syeda Sara Hussain ("Ms. Sara") concur in the relief sought by this motion as per their signature below.

_____
SYED MUHAMMAD BAQIR HUSSAIN
baqrehabalt@yahoo.com


_____
SYEDA SARA HUSSAIN
Daughterofamerica12.25.21@gmail.com

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume and word-count limits of Fed. R. App. P. 27(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 880 words.

2. This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Georgia font.

/s/_____
Syed Ibrahim Hussain

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th of July 2025, a true copy of the foregoing motion and its associated exhibits was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send by e-mail a notice of docketing activity to the registered Attorney Filers listed on the attached electronic service list.

/s/_____
Syed Ibrahim Hussain

**ELECTRONIC SERVICE LIST**

Howard S. Marks
[hmarks@burr.com](mailto:hmarks@burr.com)
Burr & Forman LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-6600
Attorneys for Appellee-Defendants